MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar #66849
EDIE WALTERS, ESQ., CA Bar #262730
D. CLARKE SUGAR, ESQ., CA Bar #251681
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

Attorneys for Clement C. and Ann Marie Carinalli, Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>CLEMENT C. and ANN MARIE CARINALLI,<br><br>Debtors<br><br>S.S.Ns: XXXX-XX-8623 and<br>XXXX-XX-5690 | Case No. 09-12986<br><br>Under Chapter 11<br><br>Date: October 30, 2009<br>Time: 10:00 a.m.<br>Place: U.S. Bankruptcy Court<br>99 South "E" Street<br>Santa Rosa, California<br>Judge: Hon. Alan Jaroslovsky |

## DEBTORS' APPLICATION TO EMPLOY MEYERS LAW GROUP, P.C. AS COUNSEL

The application of CLEMENT C. CARINALLI and ANN MARIE CARINALLI, as debtors and debtors-in-possession herein (the "Debtors"), respectfully represent as follows:

1. On September 14, 2009 (the "Petition Date"), three petitioning creditors (the "Petitioning Creditors") filed an involuntary chapter 7 petition against the Debtors. Pursuant to a stipulation between the Debtors and the Petitioning Creditors, this Court entered an *Order for Relief in Chapter 11* (the "Order for Relief") on September 29, 2009 (the "Relief Date"), granting the involuntary petition in chapter 11 only, and providing that the Debtors shall be debtors-in-possession and remain in possession of their property and estate.

2. The Debtors have retained the law firm of Meyers Law Group, P.C. (the "Meyers Firm") to provide bankruptcy advice and assist in the bankruptcy process, subject to approval pursuant to Sections 327 *et seq.* of the Bankruptcy Code.

3. Therefore, the Debtors hereby apply for an order authorizing their employment of the

1

Meyers Firm as their general bankruptcy counsel in this chapter 11 case. The Meyers Firm has considerable experience in bankruptcy matters and is well-qualified to represent the Debtors in the within chapter 11 case.

4. Merle C. Meyers is the principal of the Meyers Firm and has agreed to be primarily responsible for the firm's representation of the Debtors in this chapter 11 case. Mr. Meyers has more than 30 years of experience representing trustees, debtors-in-possession and creditors' committees in chapter 11 cases. The Meyers Firm will also assign other attorneys of the firm to the case as necessary.

5. The Meyers Firm has agreed to be compensated on a time-spent basis, based upon its usual and customary hourly rates and fees. The Meyers Firm presently charges $550.00 per hour for Mr. Meyers' services, and $350.00 to $385.00 per hour for its current associates' services. Those rates are typically reviewed and adjusted at the beginning of each calendar year.

6. The Debtors first engaged the Meyers Firm as their bankruptcy counsel in June 2009, pursuant to an engagement letter dated June 16, 2009 (the "Engagement Letter"), a copy of which is attached to the declaration of Merle C. Meyers filed concurrently herewith as **Exhibit "A**." Pursuant to the terms of the Engagement Letter, the Debtors have made the following payments to the Meyers Firm, all in establishing, replenishing or increasing the retainer account maintained by the Meyers Firm on the Debtors' behalf:

    A.    On June 19, 2009, the amount of $50,000.00;

    B.    On July 24, 2009, the amount of $3,660.00;

    C.    On September 1, 2009, the amount of $5,555.00; and

    D.    On September 15, 2009, the amount of $250,000.00.

7. Prior to the entry of the Order for Relief, the Meyers Firm provided to the Debtors periodic statements of amount owed for accrued fees and expenses, and the Meyers Firm charged those amounts owed against the retainer account balance. As a result of such charges and the Debtors' payments, as of the Relief Date, the net balance of the retainer account maintained by the Meyers Firm pursuant to the Engagement Letter was $225,451.39 (the "Retainer Balance").

8. The Meyers Firm proposes to continue to charge its fees and costs against the Retainer

2
DEBTORS' APPLICATION TO EMPLOY MEYERS LAW GROUP PC
240127/20044
Case: 09-12986    Doc# 33    Filed: 10/09/09    Entered: 10/09/09 16:30:57    Page 2 of 14

LAW OFFICES
**MEYERS LAW GROUP, P.C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

Balance, and to seek payment of any remaining amount owed from the Debtors' estate. All payments from the Retainer Balance will be subject to subsequent approval by the Bankruptcy Court, and all payments from the Debtors' estate, beyond the Retainer Balance, will be made only upon further Bankruptcy Court order approving such payments on an interim or final basis.

9. The Meyers Firm will bill in one-tenth (1/10) hour increments and shall otherwise comply with the Court's applicable rules and guidelines.

10. Among other things, the Debtors will require legal services to be rendered by the Meyers Firm in this case in the following areas, including, but not limited to:

    a. review and advice with respect to pending legal disputes;

    b. advice and consultation, and if appropriate, document preparation and negotiation, with respect to a plan of reorganization or other disposition of the case herein;

    c. review and analysis, and if appropriate preparation of formal objections, with respect to claims asserted against the estate herein;

    d. preparation and filing of motions and applications as needed during the course of the chapter 11 case; and

    e. such other matters that exist or may arise in the course of the administration of this chapter 11 case.

11. The Debtors have made diligent inquiry into the connection of said attorneys, and to the best of its knowledge, the Meyers Firm has no connection with the Debtors, the Debtors' known creditors, any other parties-in-interest, their respective attorneys and accountants, the Office of the United States Trustee, or any person employed in the office of the United States Trustee, except for the following: The Meyers Firm has disclosed that it previously represented an entity known as Walden Park Associates, LLC ("Walden"), beginning in October 2008 and ending earlier in 2009. Prior to February 2009, the Debtors herein were creditors of Walden, in the approximate amount of $5.5 million, and in February 2009, in a transaction in which the Meyers Firm was not involved, Walden and the Debtors agreed to convert that debt into equity ownership of Walden. As a result of that agreement, an entity known as Sonoma Walden 2009, LLC ("Sonoma"), in which the Debtors have a partial or entire ownership interest, is now a 59.140% member of Walden.

3

12. The Meyers Firm's representation of Walden ceased prior to the Relief Date, and at no time did the Meyers Firm ever provide any advice or representation to Walden or its principal, Mr. Doyle Heaton, with respect to Sonoma, the Debtors, or the debt-to-equity conversion described above. To the extent that any aspect of Sonoma or Walden become an issue in the Debtors' case, the Meyers Firm will recuse itself from any involvement. Walden has waived any actual or potential conflict that could arise from the Meyers Firm's prior representation of Walden. As such, the Debtors and the Meyers Firm do not believe that the firm's previous representation of Walden presents a conflict of interest or connection that would bar the firm's representation of the Debtors in this chapter 11 case.

13. Further, none of the Meyers Firm's attorneys hold or represent any interest adverse to the Debtors or to the estate in the matters upon which said attorneys are to be engaged for the Debtors, and the Meyers Firm is a disinterested person as defined in 11 U.S.C. § 101(14) and 11 U.S.C. § 327(a).

WHEREFORE, the Debtors respectfully request an order approving and authorizing the Debtors' retention of the firm of Meyers Law Group, P.C. as its counsel in this chapter 11 case upon the terms set forth above.

DATED: October 6, 2009

       /s/ Clement C. Carinalli
       CLEMENT C. CARINALLI

       /s/ Ann Marie Carinalli
       ANN MARIE CARINALLI

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

# Exhibit A

MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar #66849
EDIE WALTERS, ESQ., CA Bar #262730
D. CLARKE SUGAR, ESQ., CA Bar #251681
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

Attorneys for Clement C. and Ann Marie Carinalli, Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>CLEMENT C. and ANN MARIE CARINALLI,<br><br>       Debtors<br><br>S.S.Ns: XXXX-XX-8623 and<br>     XXXX-XX-5690 | Case No. 09-12986<br><br>Under Chapter 11<br><br>Date: October 30, 2009<br>Time: 10:00 a.m.<br>Place: U.S. Bankruptcy Court<br>    99 South "E" Street<br>    Santa Rosa, California<br>Judge: Hon. Alan Jaroslovsky |

## DECLARATION OF MERLE C. MEYERS IN SUPPORT OF DEBTORS' APPLICATION TO EMPLOY MEYERS LAW GROUP, P.C.

I, Merle C. Meyers, declare:

1. I am an attorney licensed to practice law in all the courts of the State of California, and am the principal member of law firm of Meyers Law Group, P.C. (the "Meyers Firm"). In such capacity, I am personally familiar with each of the facts stated herein, to which I could competently testify if called upon to do so in a court of law.

2. On September 14, 2009 (the "Petition Date"), three petitioning creditors (the "Petitioning Creditors") filed an involuntary chapter 7 petition against the Debtors. Pursuant to a stipulation between the Debtors and the Petitioning Creditors, this Court entered an Order for Relief in Chapter 11 (the "Order for Relief") on September 29, 2009 (the "Relief Date"), granting the involuntary petition in chapter 11 only, and providing that the Debtors shall be debtors in possession and remain in possession of their property and estate.

3. The Debtors have retained the Meyers Firm to provide bankruptcy advice and assist in the bankruptcy process, subject to approval pursuant to Sections 327 et seq. of the Bankruptcy Code.

4. Therefore, the Debtors hereby apply for an order authorizing their employment of the Meyers Firm as their general bankruptcy counsel in this chapter 11 case. The Meyers Firm has considerable experience in bankruptcy matters and is well-qualified to represent the Debtors in the within chapter 11 case.

5. As the principal of the Meyers Firm, I have agreed to be primarily responsible for the firm's representation of the Debtors in this chapter 11 case. I have more than 30 years of experience representing trustees, debtors-in-possession and creditors' committees in chapter 11 cases. I will also assign other attorneys of the firm to the case as necessary.

6. The Meyers Firm has agreed to be compensated on a time-spent basis, based upon its usual and customary hourly rates and fees. The Meyers Firm presently charges $550.00 per hour for my services, and $350.00 to $385.00 per hour for its current associates' services. Those rates are typically reviewed and adjusted at the beginning of each calendar year.

7. The Debtors first engaged the Meyers Firm as their bankruptcy counsel in June 2009, pursuant to an engagement letter dated June 16, 2009 (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit "A."** Pursuant to the terms of the Engagement Letter, the Debtors have made the following payments to the Meyers Firm, all in establishing, replenishing or increasing the retainer account maintained by the Meyers Firm on the Debtors' behalf:

    a. On June 19, 2009, the amount of $50,000.00;

    b. On July 24, 2009, the amount of $3,660.00;

    c. On September 1, 2009, the amount of $5,555.00; and

    d. On September 15, 2009, the amount of $250,000.00.

8. Prior to the entry of the Order for Relief, the Meyers Firm provided to the Debtors periodic statements of amount owed for accrued fees and expenses, and the Meyers Firm charged those amounts owed against the retainer account balance. As a result of such charges and the Debtors' payments, as of the Relief Date, the net balance of the retainer account maintained by the Meyers Firm pursuant to the Engagement Letter was $225,451.39 (the "Retainer Balance").

2

DECLARATION OF MERLE C. MEYERS IN SUPPORT OF
DEBTORS' APPLICATION TO EMPLOY MEYERS LAW GROUP, P.C.
20044/24103

Case: 09-12986   Doc# 33   Filed: 10/09/09   Entered: 10/09/09 16:30:57   Page 7 of 14

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

9. The Meyers Firm proposes to continue to charge its fees and costs against the Retainer Balance, and to seek payment of any remaining amount owed from the Debtors' estate. All payments from the Retainer Balance will be subject to subsequent approval by the Bankruptcy Court, and all payments from the Debtors' estate, beyond the Retainer Balance, will be made only upon further Bankruptcy Court order approving such payments on an interim or final basis.

10. The Meyers Firm will bill in one-tenth (1/10) hour increments and shall otherwise comply with the Court's applicable rules and guidelines.

11. Among other things, the Debtors will require legal services to be rendered by the Meyers Firm in this case in the following areas, including, but not limited to:

    a. review and advice with respect to pending legal disputes;

    b. advice and consultation, and if appropriate, document preparation and negotiation, with respect to a plan of reorganization or other disposition of the case herein;

    c. review and analysis, and if appropriate preparation of formal objections, with respect to claims asserted against the estate herein;

    d. preparation and filing of motions and applications as needed during the course of the chapter 11 case; and

    d. such other matters that exist or may arise in the course of the administration of this chapter 11 case.

12. To the best of its knowledge, the Meyers Firm has no connection with the Debtors, the Debtors' known creditors, any other parties-in-interest, their respective attorneys and accountants, the Office of the United States Trustee, or any person employed in the office of the United States Trustee, except for the following: The Meyers Firm has disclosed that it previously represented an entity known as Walden Park Associates, LLC ("Walden"), beginning in October 2008 and ending earlier in 2009. Prior to February 2009, the Debtors herein were creditors of Walden, in the approximate amount of $5.5 million, and in February 2009, in a transaction in which the Meyers Firm was not involved, Walden and the Debtors agreed to convert that debt into equity ownership of Walden. As a result of that agreement, an entity known as Sonoma Walden 2009, LLC ("Sonoma"),

3

DECLARATION OF MERLE C. MEYERS IN SUPPORT OF
DEBTORS' APPLICATION TO EMPLOY MEYERS LAW GROUP, P.C.
20044/24103

in which the Debtors have a partial or entire ownership interest, is now a 59.140% member of Walden.

13. The Meyers Firm's representation of Walden ceased prior to the Relief Date, and at no time did the Meyers Firm ever provide any advice or representation to Walden or its principal, Mr. Doyle Heaton, with respect to Sonoma, the Debtors, or the debt-to-equity conversion described above. To the extent that any aspect of Sonoma or Walden becomes an issue in the Debtors' case, the Meyers Firm will recuse itself from any involvement. Walden has waived any actual or potential conflict that could arise from the Meyers Firm's prior representation of Walden. As such, the Debtors and the Meyers Firm do not believe that the firm's previous representation of Walden presents a conflict of interest or connection that would bar the firm's representation of the Debtors in this chapter 11 case.

14. Further, none of the Meyers Firm's attorneys hold or represent any interest adverse to the Debtors or to the estate in the matters upon which said attorneys are to be engaged for the Debtors, and the Meyers Firm is a disinterested person as defined in 11 U.S.C. § 101(14) and 11 U.S.C. § 327(a).

15. Finally, the Meyers Firm has no agreement with any other entity to share any compensation received by the Meyers Firm in connection with the case.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on October 7, 2009 at San Francisco, California.

/s/ Merle C. Meyers
MERLE C. MEYERS, ESQ.

# Exhibit A

# Meyers Law Group

44 Montgomery Street, Suite 1010, San Francisco, California 94104 Tel (415) 362-7500 Fax (415) 362-7515

mmeyers@mlg-pc.com

June 16, 2009

**BY HAND DELIVERY AT MEYERS LAW GROUP, P.C. OFFICE**

Clement C. Carinalli
520 Mendocino Ave #250
Santa Rosa, CA 95401

Re:     Firm Engagement

Dear Mr. Carinalli:

The purpose of this letter is to confirm our agreement that our firm will provide advice and legal services to you (the "Client"), with respect to your ongoing discussions with lenders and other parties in interest, with a view toward resolving pending insolvency issues without the necessity of judicial intervention. Our services will not include the preparation or filing of any Court papers, including without limitation a bankruptcy petition absent the Client satisfying the conditions set out below with respect to an increased retainer requirement and other modifications of engagement terms.

Subject to the terms of the next paragraph, our agreement to represent the Client is conditioned, among other things, upon the Client's agreement, as indicated by your signature, to provide to our firm an initial retainer in the amount of $50,000.00, against which fees and expenses will be applied; the Client's replenishment of the retainer balance to the amount of $50,000.00 promptly upon receipt of our periodic (monthly or more frequently) billings indicating application of accrued fees and costs. The Client hereby grants to our firm a security interest in all retainer funds we receive, and all claims, distributions and proceeds thereof that may accrue to the Client in the above-referenced matter, to secure payment of our fees and costs. At the conclusion of our engagement, any unused portion of the retainer shall be returned to the Client upon termination of our firm's engagement and representation.

We have also agreed that in the event that a chapter 11 filing is required for the Client, our firm will undertake representation of the Client in that chapter 11 case if we are able to agree

Clement C. Carinalli
June 16, 2009
Page 2

at that time upon the terms and expectations of the chapter 11 process. Among other conditions precedent to our firm's representation of the Client in a chapter 11 case will be that the foregoing retainer balance be increased to the amount of $225,000.00 as of the date of filing of the chapter 11 petition. In addition, it is understood and agreed that our firm will represent the Client in the chapter 11 case only if both our firm and the Client, each in its or his sole discretion, agrees to such engagement at that time.

Our firm's services are billed on an hourly basis, based upon hourly rates in effect at the time of payment. My present rate is $550.00 per hour. Michele Thompson's hourly rate is $360.00. All rates are subject to change periodically as the overall rates of the firm are adjusted. If other attorneys in the firm perform services in this matter, those services will be billed at such attorneys' hourly rates in effect at the time of payment.

We will also bill the Client for whatever costs are expended in the case, including without limitation, filing fees, court reporters' fees, travel expenses, telephone and telecopy charges, messenger fees, computer research charges, photocopying, extraordinary clerical services and mailing costs. Our firm will bill the Client on a periodic basis for services rendered and disbursements made.

Payment of the retainer amounts and of statements received from our firm may be made by wire transfer to our firm's retainer account, if desired, with the following wire instructions:

1) Specify the following routing number: 121000248

2) Specify the following account name: Meyers Law Group, P.C.

3) Specify the following Retainer Account No: 2118825146

4) Specify the following bank and address:

> Wells Fargo Bank
> One Montgomery Street
> San Francisco, CA 94104
> Telephone: (415) 396-7152

This will also serve to confirm that we have not agreed, and the Client has not requested us, to represent the Client in any matter other than that which is described above. In particular, our expertise does not extend to matters involving taxation, intellectual property law, securities law, environmental matters, labor issues, real estate law, the laws of states other than California, criminal law or other matters requiring other specialized expertise, and we therefore have not agreed to provide any advice or services with respect to such matters.

Please bear in mind that the Client is entitled to discharge our firm at any time, for any reason, and that our firm may withdraw as the Client's counsel either with the Client's consent or

for good cause. Among the circumstances that would constitute good cause would be the Client's refusal to cooperate with our firm or to follow our firm's advice on a material matter, or any other material factor or circumstance which would render our firm's continuing representation of the Client unlawful, conflicted or unethical, or which would render the attorney-client relationship irreparably damaged. One of the conditions to our firm's representation of the Client is that the Client and the firm shall agree to sign any documents reasonably necessary in order to effectuate or complete the firm's discharge or withdrawal in the above-described circumstances.

Further, this will confirm our firm shall be permitted to withdraw as counsel for the Client if in our view conflicts of interest, potential or actual, prevent our firm's full and capable representation the Client. The Client is responsible for payment of all fees and expenses owing to our firm in this engagement.

Please also understand that our firm does not provide opinion letters to its clients or to others who might wish to rely on such letters, except in very unusual circumstances and then only upon further written agreement which provides for compensation commensurate with the special risks attendant to the furnishing of such opinions.

In the event that monthly statements are not satisfied as described above within 20 days of issuance, and unless other arrangements are agreed upon between the Client and our firm, all outstanding amounts will accrue interest at the rate of 12 percent per annum. In addition, in the event that our firm is required to commence legal process with respect to the enforcement or interpretation of any aspect of this engagement, the prevailing party will be entitled to recover reasonable attorneys' fees and costs, as awarded by a court of competent jurisdiction. Jurisdiction over any such dispute shall be within the State of California, and the laws of California shall govern.

Also, please be advised that this letter, and the Client's acceptance of the terms set forth in this letter, as indicated by the signature on behalf of the Client below, will constitute a written fee agreement between the Client and our firm, as contemplated by Section 6148 of the California Business and Professions Code. In accordance therewith, we will presume that the Client has agreed to all of the provisions set forth in the letter upon your execution of this letter, as indicated herein below. This constitutes the entire understanding and agreement between our firm and the Client, which cannot be modified except upon further written agreement signed by each party. Also, as required by the California Business and Professions Code, we hereby inform the Client that our firm carries professional liability insurance.

Clement C. Carinalli
June 16, 2009
Page 4

Naturally, you should feel free to call me if you have any questions regarding the foregoing. Otherwise, I would appreciate your executing the letter as indicated herein below and returning the signed letter to our office, together with the initial retainer amount described above, as soon as possible.

Sincerely,

MEYERS LAW GROUP, P.C.

By: /s/ Merle C. Meyers
Merle C. Meyers, Esq.

**************

The foregoing is accepted and agreed to by the undersigned.

DATED: June 16, 2009

By: /s/ Clement C. Carinalli
Clement C. Carinalli