MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar #66849
EDIE WALTERS, ESQ., CA Bar #262730
D. CLARKE SUGAR, ESQ., CA Bar #251681
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

Attorneys for Clement C. and Ann Marie Carinalli, Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>CLEMENT C. and ANN MARIE CARINALLI,<br><br>Debtors<br><br>S.S.Ns: XXXX-XX-8623 and<br>XXXX-XX-5690 | Case No. 09-12986<br><br>Under Chapter 11 |

## DEBTORS' APPLICATION TO EMPLOY ARTHUR S. ITO & ASSOCIATES LLC

The application of CLEMENT C. CARINALLI and ANN MARIE CARINALLI, as debtors and debtors-in-possession herein (the "Debtors"), respectfully represent as follows:

1. On September 14, 2009 (the "Petition Date"), three petitioning creditors (the "Petitioning Creditor") filed an involuntary chapter 7 petition against the Debtors (the "Petition Date"). Pursuant to a stipulation between the Debtors and the Petitioning Creditors, this Court entered an *Order for Relief in Chapter 11* (the "Order for Relief") on September 29, 2009 (the "Relief Date"), granting the involuntary petition in chapter 11 only, and providing that the Debtors shall be debtors-in-possession and remain in possession of their property and estate.

2. The Debtors have retained Arthur S. Ito & Associates LLC ("ASI") to consolidate and provide quality control over financial accounting records and to assist in the bankruptcy process, subject to approval pursuant to Section 327 *et seq.* of the Bankruptcy Code.

3. Therefore, the Debtors hereby apply for an order authorizing their employment of ASI

1

as professional consultants in this chapter 11 case. Arthur S. Ito ("Mr. Ito"), the principal of ASI, is a member of the American Institute of Certified Public Accountants. Mr. Ito has considerable experience in providing financial and taxation advice, particularly relating to insolvency, and is well qualified to advise the Debtors on these issues in the within chapter 11 case.

4. Mr. Ito, as the principal of ASI, has agreed to be primarily responsible for the firm's consultation with the Debtors in this chapter 11 case. Mr. Ito has more than 28 years of experience providing accounting, taxation, valuation, auditing, insolvency, and business restructuring services.

5. ASI has agreed to be compensated on a time-spent basis, based upon its customary hourly rates and fees structure. Mr. Ito currently charges $250.00 per hour for his services, plus reimbursement for out of pocket expenses. From time to time, ASI also associates with independent contractors to assist with projects. For the purposes of assisting the Debtors with this matter, ASI has associated with two independent contractors: Richard Sondgroth whose customary billing rate is $85.00 per hour; and Joan Bell whose customary billing rate is $60.00 per hour. ASI typically reviews its own rates and fees and those of the contractors that it retains on a project by project basis.

6. The Debtors first engaged ASI to provide financial and tax consulting services on July 8, 2009, pursuant to a job arrangement letter, a copy of which is attached to the declaration of Arthur S. Ito (the "Ito Declaration") filed contemporaneously herewith as **Exhibit "A"**. Pursuant to the job arrangement letter, from July 8, 2009 through September 29, 2009, the Debtors periodically issued payments to ASI totaling $164,475.00 for the purposes of establishing, replenishing, or increasing the retainer account to be maintained by ASI on the Debtors' behalf.

7. Prior to the entry of the Order for Relief, ASI provided to the Debtors periodic statements of amounts and increased the retainer account in connection with the increased scope of the engagement. ASI has charged those amounts owed against the retainer account balance. As a result of such charges and the Debtors' payments, as of the Relief Date, the net balance of the retainer account maintained by ASI pursuant to the job arrangement letter was $96,600.00 (the "Retainer Balance").

8. ASI proposes to continue to charge its fees and costs against the Retainer Balance, and to seek payment of any remaining amount owed from the Debtors' estate. All payments from the

2

Retainer Balance will be subject to subsequent approval by the Bankruptcy Court, and all payments from the Debtors' estate, beyond the Retainer Balance, will be made only upon further Bankruptcy Court order approving such payment on an interim or final basis.

9. ASI will bill in 1/10 hour increments and shall otherwise comply with the Court's applicable rules and guidelines.

10. Among other things, the Debtors will require consulting services to be rendered by ASI in this case in the following areas, including, but not limited to:

    a. Providing taxation and accounting advice relating to this chapter 11 bankruptcy proceeding;

    b. Consolidating and providing quality control over the Debtors' financial accounting records;

    c. Facilitating the timely delivery of required documents during this chapter 11 bankruptcy proceeding; including assisting with Debtors' schedules, Debtors' Statement of Financial Affairs, and other reporting requirements;

    d. Interaction with the United State Trustee's analysts and providing requested information;

    e. Assisting the Debtors' with preparing their disclosure statement and plan of reorganization; and

    f. Such other matters that exist or may arise in the course of the administration of this chapter 11 case.

11. The Debtors have made diligent inquiry into the connection of ASI, and to the best of their knowledge, ASI has no connection with the Debtors, the Debtors' known creditors, any other parties-in-interest, their respective attorneys and accountants, the Office of the United States Trustee, or any person employed in the office of the United States Trustee, except for the following:

    a. ASI has disclosed that it previously performed accounting and taxation services for Doyle D. Heaton ("Mr. Heaton"), principal of Walden Park Associates, LLC ("Walden"), beginning in July 6, 2009 and ending in September 29, 2009. Prior to February 2009, the Debtors herein were creditors of Walden in the approximate amount of $5.5 million,

3

and in February 2009, in a transaction in which ASI was not involved, Walden and the Debtors agreed to convert that debt into equity ownership of Walden. As a result of that agreement, an entity known as Sonoma Walden 2009, LLC ("Sonoma"), in which the Debtors have a partial or entire ownership interest, is now a 59.140% member of Walden. ASI's association with Mr. Heaton ceased, and at no time did ASI ever provide any advice or representation to Walden or Mr. Doyle, with respect to Sonoma, the Debtors, or the debt-to-equity conversion described above.

  b. ASI has disclosed that it previously performed some consulting services for Savings Bank of Mendocino County ("Savings") unrelated to the Debtor, beginning in January 23, 2009 and continuing. ASI continues to have an associate contracted on this engagement for property management unrelated to the Debtor and is not involved with the Savings' credit relationship with the Debtor. At no time did ASI ever provide any advice or representation to Savings, with respect to the Debtors.

12. Further, ASI does not hold or represent any interest adverse to the Debtors or to the estate in the matter upon which ASI is to be engaged by the Debtors, and ASI is a disinterested person as defined in 11 U.S.C. § 101(14) and 11 U.S.C. § 327(a).

WHEREFORE, the Debtors respectfully request an order approving and authorizing the Debtors' retention of ASI as financial and taxation consultant in this chapter 11 case upon the terms set forth above.

DATED: October 8, 2009

          /s/ Clement C. Carinalli
          CLEMENT C. CARINALLI

          /s/ Ann Marie Carinalli
          ANN MARIE CARINALLI

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

# Exhibit A

MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar #66849
EDIE WALTERS, ESQ., CA Bar #262730
D. CLARKE SUGAR, ESQ., CA Bar #251681
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

Attorneys for Clement C. and Ann Marie Carinalli, Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br>CLEMENT C. and ANN MARIE CARINALLI,<br>Debtors<br>S.S.Ns: XXXX-XX-8623 and XXXX-XX-5690 | Case No. 09-12986<br>Under Chapter 11<br>Date: October 30, 2009<br>Time: 10:00 a.m.<br>Place: U.S. Bankruptcy Court<br>99 South "E" Street<br>Santa Rosa, California<br>Judge: Hon. Alan Jaroslovsky |

### DECLARATION OF ARTHUR S. ITO IN SUPPORT OF DEBTORS' APPLICATION TO EMPLOY ARTHUR S. ITO & ASSOCIATES LLC

I, ARTHUR S. ITO, declare:

1. I am a Certified Public Accountant, and am the principal member of Arthur S. Ito. & Associates LLC (the "ASI"). In such capacity, I am personally familiar with each of the facts stated herein, to which I could competently testify if called upon to do so in a court of law.

2. On September 14, 2009 (the "Petition Date"), three petitioning creditors (the "Petitioning Creditor") filed an involuntary chapter 7 petition against the Debtors (the "Petition Date"). Pursuant to a stipulation between the Debtors and the Petitioning Creditors, this Court entered an *Order for Relief in Chapter 11* (the "Order for Relief") on September 29, 2009 (the "Relief Date"), granting the involuntary petition in chapter 11 only, and providing that the Debtors shall be debtors-in-possession and remain in possession of their property and estate.

1

3. The Debtors have retained ASI to consolidate and provide quality control over financial accounting records and to assist in the bankruptcy process, subject to approval pursuant to Section 327 *et seq.* of the Bankruptcy Code.

4. I am a member of the American Institute of Certified Public Accountants. I have considerable experience in providing financial and taxation advice, particularly relating to insolvency, and I am well qualified to advise the Debtors on these issues in the within chapter 11 case.

5. As the principal of ASI, I have agreed to be primarily responsible for my firm's consultation with the Debtors in this chapter 11 case. I have more than 28 years of experience providing accounting, taxation, valuation, auditing, insolvency, and business restructuring services.

6. ASI has agreed to be compensated on a time-spent basis, based upon its customary hourly rates and fees structure. I currently charge $250.00 per hour for my services, plus reimbursement for my out of pocket expenses. From time to time, my firm also associates with independent contractors to assist with projects. For the purposes of assisting the Debtors with this matter, ASI has associated with two independent contractors: Richard Sondgroth whose customary billing rate is $85.00 per hour; and Joan Bell whose customary billing rate is $60.00 per hour. ASI typically reviews its own rates and fees and those of the contractors that it retains on a project by project basis.

7. The Debtors first engaged my firm to provide financial and tax consulting services on July 8, 2009, pursuant to a job arrangement letter, a copy of which is attached hereto as **Exhibit "A"**. Pursuant to the job arrangement letter, from July 8, 2009 through September 29, 2009, the Debtors periodically issued payments to my firm totaling $164,475.00 for the purposes of establishing, replenishing, or increasing the retainer account to be maintained by ASI on the Debtors' behalf.

8. Prior to the entry of the Order for Relief, my firm provided to the Debtors periodic statements of amounts and increased the retainer account in connection with the increased scope of the engagement. ASI has charged those amounts owed against the retainer account balance. As a result of such charges and the Debtors' payments, as of the Relief Date, the net balance of the retainer

2

DECLARATION OF ARTHUR S. ITO IN SUPPORT OF DEBTORS'
APPLICATION TO EMPLOY ARTHUR S. ITO & ASSOCIATES LLC
20044/24164

Case: 09-12986   Doc# 35   Filed: 10/09/09   Entered: 10/09/09 16:38:34   Page 7 of 11

account maintained by ASI pursuant to the job arrangement letter was $96,600.00 (the "Retainer Balance").

9. My firm proposes to continue to charge its fees and costs against the Retainer Balance, and to seek payment of any remaining amount owed from the Debtors' estate. All payments from the Retainer Balance will be subject to subsequent approval by the Bankruptcy Court, and all payments from the Debtors' estate, beyond the Retainer Balance, will be made only upon further Bankruptcy Court order approving such payment on an interim or final basis.

10. My firm will bill in 1/10 hour increments and shall otherwise comply with the Court's applicable rules and guidelines.

11. Among other things, the Debtors will require consulting services to be rendered by my firm in this case in the following areas, including, but not limited to:

   a. Providing taxation and accounting advice relating to this chapter 11 bankruptcy proceeding;

   b. Consolidating and providing quality control over the Debtors' financial accounting records;

   c. Facilitating the timely delivery of required documents during this chapter 11 bankruptcy proceeding; including assisting with Debtors' schedules, Debtors' Statement of Financial Affairs, and other reporting requirements;

   d. Interaction with the United State Trustee's analysts and providing requested information;

   e. Assisting the Debtors' with preparing their disclosure statement and plan of reorganization; and

   f. Such other matters that exist or may arise in the course of the administration of this chapter 11 case.

12. The Debtors have made diligent inquiry into the connection of ASI, and to the best of their knowledge, ASI has no connection with the Debtors, the Debtors' known creditors, any other parties-in-interest, their respective attorneys and accountants, the Office of the United States Trustee, or any person employed in the office of the United States Trustee, except for the following:

3

DECLARATION OF ARTHUR S. ITO IN SUPPORT OF DEBTORS'
APPLICATION TO EMPLOY ARTHUR S. ITO & ASSOCIATES LLC
20044/24164

a. I have disclosed that ASI previously performed accounting and taxation services for Doyle D. Heaton ("Mr. Heaton"), principal of Walden Park Associates, LLC ("Walden"), beginning in July 6, 2009 and ending in September 29, 2009. Prior to February 2009, the Debtors herein were creditors of Walden in the approximate amount of $5.5 million, and in February 2009, in a transaction in which ASI was not involved, Walden and the Debtors agreed to convert that debt into equity ownership of Walden. As a result of that agreement, an entity known as Sonoma Walden 2009, LLC ("Sonoma"), in which the Debtors have a partial or entire ownership interest, is now a 59.140% member of Walden. ASI's association with Mr. Heaton ceased, and at no time did my firm ever provide any advice or representation to Walden or Mr. Doyle, with respect to Sonoma, the Debtors, or the debt-to-equity conversion described above.

b. I have disclosed that ASI previously performed some consulting services for Savings Bank of Mendocino County ("Savings") unrelated to the Debtor, beginning in January 23, 2009 and continuing. My firm continues to have an associate contracted on this engagement for property management unrelated to the Debtor and is not involved with the Savings' credit relationship with the Debtor. At no time did my firm ever provide any advice or representation to Savings, with respect to the Debtors.

13. Further, my firm does not hold or represent any interest adverse to the Debtors or to the estate in the matter upon which it is to be engaged by the Debtors, and my firm is a disinterested person as defined in 11 U.S.C. § 101(14) and 11 U.S.C. § 327(a).

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on October 8, 2009 at Santa Rosa, California.

/s/ Arthur S. Ito
ARTHUR S. ITO

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

4

DECLARATION OF ARTHUR S. ITO IN SUPPORT OF DEBTORS'
APPLICATION TO EMPLOY ARTHUR S. ITO & ASSOCIATES LLC
20044/24164

# Exhibit A

# Arthur S Ito & Associates LLC

7485 Rush River Dr. #710-318; Sacramento, CA 95831

July 8, 2009

ENGAGEMENT LETTER

Mr. Clement Carinalli
520 Mendocino Ave Ste 250
Santa Rosa, CA 95401-5257

Dear Clem:

Thank you for this opportunity to provide professional services. I recognize this is a challenging time, and I hope, based on our discussions today, you see that I will deliver value. This letter is to propose terms and objectives of this engagement and the nature of the services I will provide.

**Fees and expenses:**
May I propose the following: $250/hour, plus out of pocket expenses capped at 2% of total fees for supplies and routine travel expenses.

Project 1. Introduction and creditor meeting attendance. No charge.

Project 2: Assessment of scope and delivery of Liquidation Schedules
- Suggested collateral pool methodology position paper.
- Preparation of liquidation plan schedules into drill down detail.
- Meeting with Trustee and meetings with Steven to discuss approach.
- Reformat of schedules delivered to date and redraft to liquidation plan templates. Presentation to Carinalli management of the templates and two revisions based on Client provision of additional data.

Fees estimated: At 40 hours or $10,000 in professional fees. A retainer of $2,500 will be applied to your final invoice.

In the event that I anticipate a significant increase in scope, you will be informed, before I commence work, and it is your choice as to whether you wish for me to continue. A project increase may require an increase in retainer, and will be discussed with you prior to the commencement of work.

**Thank you:**
I take pride in my work and consider my Clients are business partners. Please contact me with any questions that you may have.

Very truly yours,

Arthur S. Ito

ACCEPTED AND AGREED:

By: Clem Carinalli          Date: 7/8/09