MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar #66849
EDIE WALTERS, ESQ., CA Bar #262730
D. CLARKE SUGAR, ESQ., CA Bar #251681
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

Attorneys for Clement C. and Ann Marie Carinalli, Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>CLEMENT C. and ANN MARIE CARINALLI,<br><br>               Debtors<br><br>S.S.Ns: XXXX-XX-8623 and<br>         XXXX-XX-5690 | Case No. 09-12986<br><br>Under Chapter 11<br><br>Date:    October 30, 2009<br>Time:   10:00 a.m.<br>Place:   U.S. Bankruptcy Court<br>            99 South "E" Street<br>            Santa Rosa, California<br>Judge:  The Honorable Alan Jaroslovsky |

## **DEBTORS' APPLICATION TO EMPLOY REAL ESTATE BROKERS**

The applicants CLEMENT C. CARINALLI and ANN MARIE CARINALLI, the debtors and debtors-in-possession herein (the "Debtors"), by and through their undersigned counsel, file this application (the "Application") respectfully seeking the entry of an order pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to retain and employ certain real estate brokers (the "Brokers"), during the pendency of this chapter 11 case upon the terms and conditions summarized herein, and as further set forth in the respective listing agreements (the "Agreements"), attached as exhibits to the Brokers' declarations (collectively, the "Brokers' Declarations"), filed and served contemporaneously herewith and in support hereof.

### **I.    JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter concerns the administration of the bankruptcy estate herein, and accordingly, this is a core

1

DEBTORS' APPLICATION TO EMPLOY REAL ESTATE BROKERS
20044/24147

proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2)(A) and (O), among other applicable provisions. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The relief sought herein is requested pursuant to the provisions of Sections 327 and 325 of the Bankruptcy Code.

## II. BACKGROUND

The record of the Bankruptcy Court, together with the Brokers' Declarations and the Declaration of Clement C. Carinalli (the "Carinalli Declaration"), all filed concurrently herewith, establish the following pertinent facts:

1. On September 14, 2009 (the "Petition Date"), three creditors (collectively, the "Petitioners") filed an involuntary petition (the "Petition") against the Mr. Carinalli, seeking commencement of a case under chapter 7 of the Bankruptcy Code.

2. Immediately upon receipt of the Petition, the Debtors, through counsel, contacted the Petitioners and proposed to stipulate to entry of an order for relief under chapter 11 of the Bankruptcy Code, and accordingly, pursuant to stipulation, on September 29, 2009, the Bankruptcy Court entered an *Order for Relief in Chapter 11* (the "Order for Relief"). The Order for Relief provided that both of the Debtors became joint debtors-in-possession under chapter 11 of the Bankruptcy Code.

3. The Debtors remain in possession of their estate and continue to operate and manage their business affairs. It is the Debtors' intent to propose a plan of reorganization for the treatment and disposition of all property and obligations within their estate.

4. The Debtors' estate contains numerous real property assets, interests in operating and real estate entities and other assets with substantial value that the Debtors intend to realize for the benefit of their secured and unsecured creditors, both during the chapter 11 process and through their reorganization plan.

5. Prior to the Petition Date, the Debtors were in the process of retaining brokers in an effort to liquidate certain parcels of real property for the benefit of the Debtors' estate.

## III. APPLICATION

6. By this Application, the Debtors seek to employ and retain the Brokers, as identified herein, for the purpose of liquidating certain assets in this chapter 11 case. Accordingly, the Debtors

respectfully request entry of an order pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code authorizing the Debtors to employ and retain the Brokers as professionals to perform the services described below for the benefit of the Debtors' estate.

7. The Brokers will be employed to sell certain parcels of the Debtors' real property, as set forth below. Each of the Brokers has been retained to sell specific pieces of property in different geographical areas, which include Santa Rosa, California; Clearlake Oaks, California; Clearlake, California; Vallejo, California; and Kelseyville, California.

8. The following chart depicts the real estate broker, the agent, the property, and the compensation structure for each of the Agreements:

| Broker | Agent | Property | Compensation |
|---|---|---|---|
| NAI BT Commercial | Paul Schwartz | 444 Tenth Street, Santa Rosa, California | See Schedule of Commission attached as Exhibit "A" to the declaration of Paul Schwartz (the "Schwartz Declaration") |
| Keegan & Coppin Company, Inc. | Danny Jones | 1452 Mendocino Avenue, Santa Rosa, California | 5% of the purchase price |
| Shore Line Realty, Inc. | Bobby Dutcher | 18467, 19073, 19297 East Highway 20, Clearlake Oaks, California | 6% of the purchase price |
| Shore Line Realty, Inc. | Bobby Dutcher | 12760, 12780, 2501 Sulphur Bank Drive, Clearlake, California; and 12700, 12710, 12740, 12990 San Joaquin Avenue, Clearlake, California. | 6% of the purchase price |
| Bertolone Realty | Cary Bertolone | 895 Yuba, Santa Rosa, California | 6% of the purchase price |
| Bertolone Realty | Cary Bertolone | 915 Yuba, Santa Rosa, California | 6% of the purchase price |
| Bertolone Realty | Cary Bertolone | 925 Yuba, Santa Rosa, California | 6% of the purchase price |
| Bertolone Realty | Cary Bertolone | 923 Los Alamos Road, Santa Rosa, California | 6% of the purchase price |
| Bertolone Realty | Cary Bertolone | 881 Los Alamos Road, Santa Rosa, California | 6% of the purchase price |
| Bertolone Realty | Cary Bertolone | 7383 Shiloh Ridge, Santa Rosa, California | 5.5% of the purchase price |
| Bancap Self Storage | Jason Allen | 1320 Lemon Street, | 5% of the purchase price |

| Group, Inc. | | Vallejo, California | |
| Sotheby's International Realty | Linda Thompson | 1745 Westlake Drive, Kelseyville, California | 5% of the purchase price |

9. As set forth in more detail in the accompanying Brokers' Declarations, some of the Brokers have provided similar services to the Debtors in the past. However, none of the Brokers believe that there exists any conflict that would prevent them from adequately representing the interests of the Debtors' estate.

10. To the best of the Debtors knowledge, information, and belief, the Brokers have no connection with the Debtors, their creditors, or any other parties in interest or their respective attorneys except for as set forth in the Brokers' Declarations.

11. To the best of the Debtors' knowledge, information, and belief, none of the Brokers or their affiliates is a creditor or insider of the Debtors except as set forth in the Brokers' Declarations.

12. To the best of the Debtors' knowledge, information and belief, the Brokers do not represent or hold any interest which is adverse to the Debtors' or their estate with respect to the matters on which the Brokers are to be employed.

13. The Debtors find the Brokers to be well-qualified to represent them in connection with the real estate sales described herein, and regard the retention of Brokers as necessary and in the best interests of the Debtors, their estate, and their creditors.

14. The Brokers will be compensated for their services rendered in connection with this case in accordance with, the terms and conditions set forth in the Agreements, the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court.As set forth in each of the Agreements, the Brokers have agreed to charge the Debtors the customary contingency percentage amount upon the sale of the property. These rates, as set forth in the Agreements, are reasonable and standard according to real estate industry practices.

## IV. **CONCLUSION**

WHEREFORE, the Debtors respectfully submit that the best interests of the creditors and all parties-in-interest are served by employing the Brokers as sales professional to liquidate certain assets of the Debtors' estate, and request that the Court approve the application and order the following:

1. That the Debtors are authorized to retain and employ the Brokers on the terms and

4

DEBTORS' APPLICATION TO EMPLOY REAL ESTATE BROKERS

Case: 09-12986   Doc# 38   Filed: 10/09/09   Entered: 10/09/09 17:27:06   Page 4 of 5

1  conditions summarized herein and set forth in the Agreements; and

2      2.    For such further relief as this Court deems just and proper.

3  DATED: October 9, 2009

                          MEYERS LAW GROUP, P.C.

                          By:   /s/ Merle C. Meyers
                               Merle C. Meyers, Esq.
                               Attorneys for Clement C. and Ann Marie Carinalli