MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar #66849
EDIE WALTERS, ESQ., CA Bar #262730
D. CLARKE SUGAR, ESQ., CA Bar #251681
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

Attorneys for Clement C. and Ann Marie Carinalli, Debtors

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SANTA ROSA DIVISION

In re

CLEMENT C. and ANN MARIE CARINALLI,

Debtors

S.S.Ns: XXXX-XX-8623 and
XXXX-XX-5690

Case No. 09-12986

Under Chapter 11

Date: October 30, 2009
Time: 10:00 a.m.
Place: U.S. Bankruptcy Court
99 South "E" Street
Santa Rosa, California
Judge: The Honorable Alan Jaroslo

## DECLARATION OF JASON ALLEN IN SUPPORT OF DEBTORS' APPLICATION TO EMPLOY REAL ESTATE BROKERS

I, JASON ALLEN, declare:

**Background**

1. I am currently employed as a real estate agent with Bancap Self Storage Group, Inc. ("Bancap"), and have been working as a sales professional in the real estate industry for many years, from which I have developed a particular expertise in facilitating the purchase and sale of real property.

2. I am over the age of 18 years and have personal knowledge of each of the facts stated herein, except as may be otherwise stated below, and would testify thereto if called upon to do so in a court of law.

DECLARATION OF JASON ALLEN IN SUPPORT OF
DEBTORS' APPLICATION TO EMPLOY REAL ESTATE BROKERS
20044/24159

1

### Services to be Rendered

3. I was recently retained, subject to Bankruptcy Court approval, to represent the Debtors as a real estate listing agent regarding a property owned by the Debtors which they intend to sell. The scope of my representation is summarized in the *Exclusive Authorization To Sell* (the "Agreement"), a copy of which is attached hereto as **Exhibit "A,"** and the accompanying *Addendum To Exclusive Authorization To Sell* (the "Addendum"), a copy of which is attached hereto as **Exhibit "B,"** both pertaining to real property commonly known as 1320 Lemon Street, Vallejo, California.

4. Pursuant to the terms and conditions of the Agreement and Addendum, my compensation for providing professional sales services for the above-identified property, following Court approval, will be 5% of the purchase price. This compensation structure is reasonable, standard, and in accordance with real estate industry practices.

5. The Addendum sets forth additional terms and conditions regarding my engagement to provide professional sales services to the Debtors within the context of this bankruptcy proceeding.

### Other Professional Relationships

6. To the best of my knowledge, information, and belief, neither Bancap nor I are creditors or insiders of the Debtor. Moreover, neither Bancap nor I hold any prepetition claims against the Debtors.

7. To the best of my knowledge, information, and belief, neither Bancap nor I represent or hold any interest which is adverse to the Debtors or the bankruptcy estate with respect to the matters on which we are to be employed.

8. To the best of my knowledge, information, and belief, except as set forth above, neither Bancap nor I have any connections with the Debtors, creditors, or any other party in interests, their respective attorneys and accountants, or the United States trustee or any employee of the office of the United States trustee.

9. Based on my experience and expertise in the real estate industry, I am well qualified to represent the Debtors in connection with the matters set forth herein and as such my retention is in the Debtors' best interests, the best interest of the bankruptcy estate, and the Debtors' creditors.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on October 8, 2009, at San Carlos, California.

*JASON ALLEN*

# Exhibit A

## EXCLUSIVE AUTHORIZATION TO SELL

OWNER hereby grants to BANCAP SELF STORAGE GROUP, INC. ("BROKER") the exclusive right to sell the subject property for a period commencing **September 9th, 2009**, and ending at midnight on **January 7th** 20 **10**. The subject property is in the City of **Vallejo**, County of **Solano**, State of California, located at **1320 Lemon Street APN: 0059-180-220**, and further described as **Five Star Storage**

The price shall be **Four Million Seven Hundred Thousand** ($ **4,700,000** ) Dollars, to be paid as follows: **Cash or Cash to New Loan**.

Unless otherwise mutually agreed between Owner and Purchaser, the time limit for closing may be for a period not to exceed ninety (90) days and any offer may contain normal and customary contingencies such as approval of title report, environmental assessment, operating statements and existing leases.

In consideration of this EXCLUSIVE AUTHORIZATION TO SELL ("Authorization") and Broker's agreement to diligently pursue the procurement of a purchaser for the subject property, Owner agrees to pay Broker a sale commission in an amount equal to **Five percent (5%) of total consideration**.

Owner shall pay the commission to Broker if: a) the subject property is sold or otherwise conveyed whether through Broker, or by Owner, or through anyone else prior to the expiration of this Authorization or any extension thereof; or b) a satisfactory purchaser is procured or introduced by Broker, or by Owner, or by or through anyone else who is ready, willing and able to purchase the subject property on the terms above stated or other terms acceptable to Owner prior to the expiration of the Authorization or any extension thereof; or c) Owner removes the subject property from the market, renders the subject property unmarketable by Owner's voluntary act, or contributes or conveys said property or any interest therein to a partnership or joint venture prior to said expiration or extension; or (d) within *ninety (90) days after the expiration of this Authorization or any extension thereof, the subject property is sold, exchanged, or otherwise conveyed to any person or entity with whom Broker has negotiated or to whom Broker has submitted the property in an effort to effect a sale and whose name, or representative's name, appears on any list of such persons or entities which Broker shall have mailed to Owner at the address stated below at any time within fourteen (14) days immediately following such expiration; provided, however, if Broker has submitted a written offer or letter of intent to purchase, then it shall not be necessary to include the Offeror's name on said list.

Owner agrees to cooperate with Broker in effecting the sale of the property and to immediately refer to Broker all inquiries of any party interested in the property. All negotiations are to be through Broker. Broker is authorized to accept a deposit from any prospective purchaser. Broker shall cooperate with other brokers. Broker is further authorized to advertise the property and shall have the exclusive right to place a sign on the property but shall not do so unless specifically instructed by

Page 1 of 2

Owner. It is understood that it is illegal for either Owner or Broker to refuse to display, sell or lease to any person because of race, color, religion, national origin, sex, marital status or physical disability.

Owner warrants that he is the owner of record of the property and/or has full legal authority to execute this Authorization. Owner agrees to indemnify and hold Broker harmless from any liabilities, costs, damages and/or expenses, including without limitation attorney's fees, arising from or connected with any incorrect information supplied by Owner to Broker or to Purchaser or to prospective purchasers, or any information which Owner fails to supply to Broker or to Purchaser or to prospective purchasers, or any incorrect representation of Owner related to this Authorization and/or to a sale of the subject property. Owner acknowledges receipt of a copy of this Authorization, which Owner has read, fully understands, and has executed.

No amendments or alterations in the terms hereof or withdrawal of this Authorization shall be valid or binding unless made in writing and signed by both Owner and an officer of Broker, and Owner and Broker agree that there are no statements, representations, inducements, or promises made or relied upon by one or the other, except as expressly stated herein. In the event of any controversy related to, concerning or arising out of this EXCLUSIVE AUTHORIZATION TO SELL or any facts based upon or involving same, the prevailing party, whether in court or by way of out-of-court settlement, shall be entitled to recover from the non-prevailing party or parties such prevailing party's attorney's fees, court costs, expert witness fees and/or other expenses relating to such controversy.

OWNER:
Five Star Investment Co. a Joint Venture
Address: 1324 Lemon Street
Vallejo, CA
Tel.: 707-642-7809  FAX: 707-252-1608

Signed:_____ Date:_____
Title: Member

Signed: /s/ _____ Date: 9/9/2009
Title: Member

Signed: /s/ _____ Date: 9/9/09
Title: Member

BROKER:
BANCAP SELF STORAGE GROUP, INC.
30021 Tomas Street, Suite 245
Rancho Santa Margarita, CA 92688
(949) 888-5355 / FAX (949) 203-6105
Jason Allen - Agent
Agent's Direct Telephone: (650) 508-1585
JAllen@BancapSelfStorage.com

Signed: /s/ _____ Date: 9-9-09
Title: Agent

*This will not apply to James Ledwith.

Page 2 of 2

Sep 10 09 07:13p    Vern Upson    509-457-0118    p.3

Case: 09-12986   Doc# 38-2   Filed: 10/09/09   Entered: 10/09/09 17:27:06   Page 6 of 11

Owner. It is understood that it is illegal for either Owner or Broker to refuse to display, sell or lease to any person because of race, color, religion, national origin, sex, marital status or physical disability.

Owner warrants that he is the owner of record of the property and/or has full legal authority to execute this Authorization. Owner agrees to indemnify and hold Broker harmless from any liabilities, costs, damages and/or expenses, including without limitation attorney's fees, arising from or connected with any incorrect information supplied by Owner to Broker or to Purchaser or to prospective purchasers, or any information which Owner fails to supply to Broker or to Purchaser or to prospective purchasers, or any incorrect representation of Owner related to this Authorization and/or to a sale of the subject property. Owner acknowledges receipt of a copy of this Authorization, which Owner has read, fully understands, and has executed.

No amendments or alterations in the terms hereof or withdrawal of this Authorization shall be valid or binding unless made in writing and signed by both Owner and an officer of Broker, and Owner and Broker agree that there are no statements, representations, inducements, or promises made or relied upon by one or the other, except as expressly stated herein. In the event of any controversy related to, concerning or arising out of this EXCLUSIVE AUTHORIZATION TO SELL or any facts based upon or involving same, the prevailing party, whether in court or by way of out-of-court settlement, shall be entitled to recover from the non-prevailing party or parties such prevailing party's attorney's fees, court costs, expert witness fees and/or other expenses relating to such controversy.

OWNER:
**Five Star Investment Co, a Joint Venture**
Address: **1324 Lemon Street**
          **Vallejo, CA**
Tel.: **707-642-7809**   FAX: **707-252-1608**

Signed: _____ Date: _____
Title: **Member**

Signed: _____ Date: 9/5/09
Title: **Member**

Signed: _____ Date: 9/9/09
Title: **Member**

BROKER:
BANCAP SELF STORAGE GROUP, INC.
30021 Tomas Street, Suite 245
Rancho Santa Margarita, CA 92688
(949) 888-5355 / FAX (949) 203-6105
Jason Allen - Agent
Agent's Direct Telephone: (650) 508-1585
JAllen@BancapSelfStorage.com

Signed: _____ Date: 7-7-09
Title: **Agent**

*"This will not apply to James Ledwith.

Page 2 of 2

Case: 09-12986    Doc# 38-2     Filed: 10/09/09     Entered: 10/09/09 17:27:06     Page 7 of 11

# Exhibit B

**Bankruptcy Estate of Clement C. and Ann Marie Carinalli (Debtors-in-Possession) – Case No. 09-12986**

## ADDENDUM TO EXCLUSIVE AUTHORIZATION TO SELL

The undersigned parties (the "Parties"), having entered into the *Exclusive Authorization To Sell* (the "Agreement") on or about October __, 2009, pertaining to the following property:

- 1320 Lemon Street, Vallejo, California (the "Property")

hereby stipulate to the following additional provisions:

1. If any provision of this Addendum conflicts with the terms of the Agreement, the terms of this Addendum shall prevail over the Agreement.

2. Jason Allen and Bancap Self Storage Group, Inc. ("Broker"), hereby stipulate that the Agreement is being entered into with the Chapter 11 Bankruptcy Estate (the "Estate") of Clement C. and Ann Marie Carinalli (the "Debtors") (Bankruptcy Case No. 09-12986); and that nothing in the Agreement creates any personal liability with respect to the Debtors, or their successor or assigns.

3. Any provision in the Agreement that refers to the seller shall hereby be deemed to refer to the Estate.

4. The Agreement and any compensation is also subject to the approval of the United States Bankruptcy Court, for the Northern District of California, Santa Rosa Division (the "Bankruptcy Court.").

5. The Bankruptcy Court shall retain jurisdiction over this Agreement and any disputes that may arise.

6. Any sale is subject to Bankruptcy Court approval, and any sale may be subject to overbids and an auction at the hearing on any proposed sale ("Sale Hearing").

7. If during the course of the listing period, an offer is submitted by Broker which is accepted by the Debtors, or their successor or assigns, but the required noticing and subsequent approval by the Bankruptcy Court occurs after the expiration of the Agreement, the Agreement will be considered in full force with respect to the offer submitted even if court approval occurs after the expiration of the Agreement.

8. If, during the course of a Sale Hearing, whether during the listing period or as described in No. 6 above, an overbid is received by the Debtors, or their successors or assigns, and approved by the Bankruptcy Court, the Agreement with Broker will be considered in full force and Broker will be entitled to the commission set forth in the Agreement. However, if a successful overbidder is represented by another broker, then the commission may be shared by the buyers' broker and Broker, as will be more fully set forth in the agreed procedures governing the sale (the "Sale Hearing Order") approved by the Bankruptcy Court. The Sale Hearing Order shall further state the procedures for submitting a bid, overbidding and payment, etc.

9. Broker understands and agrees to advise in writing all prospective buyers that:

    a. The Debtors, or their successors or assigns, are selling the Property on behalf of an estate currently in bankruptcy and may or may not have personal knowledge of the condition or history of the Property. In addition, the Debtors are making no representations directly or indirectly with respect to the condition or history of the Property;

    b. The purchase of the Property will be on the basis of a buyer's own investigation of (1) the physical condition of the Property, to include but not limited to subsurface conditions thereof and (2) the operative or proposed governmental laws and regulation affecting or applicable to the Property;

    c. A buyer will acquire the Property in an "AS IS" condition and that any information relied on in purchasing the Property should be as a result of the buyer's own due-diligence.

    d. Through the conclusion of the Sale Hearing, Broker may solicit, negotiate, submit, and recommend for approval, competing offers to purchase.

12. Broker shall advise the seller on values, leasing, liquidation and other issues pertaining to the Property.

13. Notwithstanding the expiration date of the Agreement, the Agreement shall nonetheless continue in full force and effect until terminated by either the Estate or the Broker giving either party at least 30 days written notice of such termination.

DATED: 10-8-09

Jason Allen
Bancap Self Storage Group, Inc.
Real Estate Broker

DATED: 10/8/09

Managing Broker    CARL E. Towhey

DATED: 10/8/09

Bankruptcy Estate of
Clement C. and Ann Marie Carinalli

By _____
Clement C. Carinalli

ADDENDUM TO EXCLUSIVE AUTHORIZATION TO SELL
20044/24160

3