MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar #66849
EDIE WALTERS, ESQ., CA Bar #262730
D. CLARKE SUGAR, ESQ., CA Bar #251681
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

Attorneys for Clement C. and Ann Marie Carinalli, Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

In re

CLEMENT C. and ANN MARIE CARINALLI,

Debtors

S.S.Ns: XXXX-XX-8623 and
XXXX-XX-5690

Case No. 09-12986

Under Chapter 11

Date:   October 30, 2009
Time:   10:00 a.m.
Place:  U.S. Bankruptcy Court
        99 South "E" Street
        Santa Rosa, California
Judge:  The Honorable Alan Jaroslo

### DECLARATION OF DANNY JONES IN SUPPORT OF DEBTORS' APPLICATION TO EMPLOY REAL ESTATE BROKERS

I, DANNY JONES, declare:

**Background**

1. I am currently employed as a real estate agent with Keegan & Coppin Company, Inc. ("Keegan"), and have been working as a sales professional in the real estate industry for many years, from which I have developed a particular expertise in facilitating the purchase and sale of real property.

2. I am over the age of 18 years and have personal knowledge of each of the facts stated herein, except as may be otherwise stated below, and would testify thereto if called upon to do so in a court of law.

DECLARATION OF DANNY JONES IN SUPPORT OF
DEBTORS' APPLICATION TO EMPLOY REAL ESTATE BROKERS
200M/24153

1

### Services to be Rendered

3. I was recently retained, subject to Bankruptcy Court approval, to represent the Debtors as a real estate listing agent regarding a property owned by the Debtors which they intend to sell. The scope of my representation is summarized in the *Exclusive Sales Agreement* (the "Agreement"), a copy of which is attached hereto as Exhibit "A," and the accompanying *Addendum To The Exclusive Sales Agreement* (the "Addendum"), a copy of which is attached hereto as Exhibit "B," both pertaining to real property commonly known as 1452 Mendocino Avenue, Santa Rosa, California.

4. Pursuant to the terms and conditions of the Agreement and Addendum, my compensation for providing professional sales services for the above-identified property, following Court approval, will be 5% of the sales price. This compensation structure is reasonable, standard, and in accordance with real estate industry practices.

5. The Addendum sets forth additional terms and conditions regarding my engagement to provide professional sales services to the Debtors within the context of this bankruptcy proceeding.

### Other Professional Relationships

6. To the best of my knowledge, information, and belief, neither Keegan nor I are creditors or insiders of the Debtor. Moreover, neither Keegan nor I hold any prepetition claims against the Debtors.

7. To the best of my knowledge, information, and belief, neither Keegan nor I represent or hold any interest which is adverse to the Debtors or the bankruptcy estate with respect to the matters on which we are to be employed.

8. To the best of my knowledge, information, and belief, except as set forth above, neither Keegan nor I have any connections with the Debtors, creditors, or any other party in interests, their respective attorneys and accountants, or the United States trustee or any employee of the office of the United States trustee.

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

2

DECLARATION OF DANNY JONES IN SUPPORT OF
DEBTORS' APPLICATION TO EMPLOY REAL ESTATE BROKERS
20044/24153

9. Based on my experience and expertise in the real estate industry, I am well qualified to represent the Debtors in connection with the matters set forth herein and as such my retention is in the Debtors' best interests, the best interest of the bankruptcy estate, and the Debtors' creditors.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on October 8, 2009, at Santa Rosa, California.

DANNY JONES

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

DECLARATION OF DANNY JONES IN SUPPORT OF
DEBTORS' APPLICATION TO EMPLOY REAL ESTATE BROKERS
20044/24153

3

# Exhibit A

Case: 09-12986    Doc# 38-4    Filed: 10/09/09    Entered: 10/09/09 17:27:06    Page 4 of 10



# KEEGAN & COPPIN COMPANY, INC.
# ONCOR INTERNATIONAL
# EXCLUSIVE SALES AGREEMENT

THIS AGREEMENT is entered into this <u>September 30, 2009,</u> by and between <u>Clement C. Carinalli,</u> hereinafter called Owner and KEEGAN & COPPIN COMPANY, INC., hereinafter called Broker.
NOTE: THE AMOUNT OR RATE OF REAL ESTATE COMMISSIONS IS NOT FIXED BY LAW. COMMISSIONS ARE SET BY EACH BROKER INDIVIDUALLY AND MAY BE NEGOTIABLE BETWEEN OWNER AND BROKER.

### RECITAL OF FACTS

Owner's office for the conduct of business is at <u>520 Mendocino Ave., Santa Rosa, CA</u>. Broker's principal office is at <u>1355 North Dutton Avenue, Santa Rosa, CA 95401</u>. Owner has title to the real property, commonly known as <u>1452 Mendocino Avenue, Santa Rosa, CA</u>. Owner wishes to grant an Exclusive Listing to Broker to sell the Property.
NOW THEREFORE, incorporating the Recital of Facts as set forth above and for the mutual covenants and conditions set forth hereafter, it is agreed:
Owner hereby grants the exclusive right to negotiate a sale on the Property beginning <u>September 30, 2009</u> and ending on <u>March 31, 2010.</u>

The price and terms of the sale shall be as follows: <u>Price and Terms acceptable to owner.</u>
Broker accepts the Exclusive Sale Listing and agrees to:
a. Use diligence in performing the following mentioned duties of selling the Property.
b. Plan and administer all activities related to the marketing of the Property according to Owner's approval.
c. Initiate a canvassing program in the local, and regional markets via telephone and in person and to follow-up and personally represent the space. Place on Broker's website and professional exchange website.
d. Provide a flyer to be distributed to the local and regional markets.
e. Solicit cooperation with other agents in Keegan & Coppin and other brokers.
f. Advertise in appropriate local and regional media at Broker's expense.
g. Provide written reports on contacts and report results to Owner on at least a monthly basis.
h. Prepare, review and negotiate sale documents and to coordinate the activities of cooperating brokers with Owner's prior approval.
i. Broker is authorized to place property in Loopnet and on our website and to actively market the property through the Internet.
j. Broker is authorized to advertise and market flyers and place signs on property and to have reasonable access for showing for all broker's agents and cooperating agents and their clients.

2. In consideration of Broker's agreement to diligently procure a buyer(s) for the Property, Owner agrees to grant the exclusive listing and agrees to pay Broker a commission or commissions as set forth below. Commission rates are negotiable.
For a sale of the subject property, the sales commission shall be <u>5%</u> of the sales price.
a. Owner shall pay said commission(s) to Broker if (a) the Property is sold to a buyer by or through Broker, Owner or any other party prior to the expiration of this Agreement or any extensions thereof; or (b) a buyer is procured by or through Broker, Owner or any other party who is ready, willing and able to buy the Property on the terms above stated or other terms reasonably acceptable to Owner prior to the expiration of this Agreement or any extension thereof; or (c) any contract for the sale of the Property is made directly or indirectly by Owner prior to the expiration of this Agreement or any extension thereof; or (d) the Property is withdrawn from sale without the written consent of Broker or made unmarketable by Owner's voluntary act during the term of this Agreement or any extension thereof; or (e) within one hundred eighty (180) days after the expiration of this Authorization or any extension thereof, the Property is sold to any person or entity with whom Broker has negotiated or to whom Broker has submitted the Property prior to such expiration in an effort to effect a transaction and whose name appears on any list of such persons or entities which Broker shall have mailed to Owner at the address above stated within thirty (30) days following such expiration, provided that if Broker has submitted a written offer to purchase, it shall not be necessary to include the offeror's name on such list.

Broker Initials: _____  Owner Initials: _____

Page 1 of 2



# KEEGAN & COPPIN COMPANY, INC.
## ONCOR INTERNATIONAL
## EXCLUSIVE SALES AGREEMENT

b. If during the term of this Agreement or any extension thereof an escrow is opened or negotiations involving the sale, transfer, conveyance or leasing of the Property have commenced and are continuing, then the term of this Agreement shall be extended for a period through the closing of such escrow, the termination of such negotiation, or the consummation of such action provided this Agreement would otherwise have expired during such period.

c. Owner agrees to cooperate with Broker in effecting a sale of the Property and immediately to refer to Broker all inquiries of any party interested in the Property. All negotiations are to be through Broker.

d. The full commission will be paid one hundred percent (100%) at close of escrow.

e. Terms and conditions of a sale shall be approved by Owner.

f. This Agreement is the entire agreement between Broker and Owner and can only be amended in writing, executed by both parties.

g. This Agreement is not transferable by Broker without Owner's written approval.

3. This property is offered without regard to race, creed, color, sex or national origin. The property is offered in compliance with Federal, State, and local anti-discrimination laws and equal housing laws.

4. Agency Relationship: Broker shall act as the agent for the Seller in a resulting transaction where the Buyer, is represented by an outside broker. The Broker is also authorized to act as a dual agent if the agent hereunder or agents within the employ of Broker represent a prospective Buyer. This will be confirmed in a Letter of Intent or Purchase Agreement.

5. If either Owner or Broker commences any litigation to enforce the terms of the Agreement the prevailing party shall be entitled to receive reasonable attorney's fees from the other party hereto.

6. Both parties hereby acknowledge receipt of a copy of this Agreement.

Broker: *Keegan & Coppin Company, Inc.*

Accepted By Agent: _____
Danny Jones

Date: 10/7/09

Broker Initials: _____

Owner: Clement C. Carinalli

Address: _____

Accepted By: _____

Date: 10/7/09

Accepted By: _____

\* Property Type: *(Circle One)*   Office   Retail   Industrial   Land   Apartment   Residential   Bus. Op

# Exhibit B

Bankruptcy Estate of Clement C. and Ann Marie Carinalli (Debtors-in-Possession) – Case No. 09-12986

## ADDENDUM TO EXCLUSIVE SALES AGREEMENT

The undersigned parties (the "Parties"), having entered into the *Exclusive Sales Agreement* (the "Agreement") on or about October 8, 2009, pertaining to the following property:

- 1452 Mendocino Avenue, Santa Rosa, California (the "Property")

hereby stipulate to the following additional provisions:

1. If any provision of this Addendum conflicts with the terms of the Agreement, the terms of this Addendum shall prevail over the Agreement.

2. Danny Jones and Keegan & Coppin Company, Inc. ("Broker"), hereby stipulate that the Agreement is being entered into with the Chapter 11 Bankruptcy Estate (the "Estate") of Clement C. and Ann Marie Carinalli (the "Debtors") (Bankruptcy Case No. 09-12986); and that nothing in the Agreement creates any personal liability with respect to the Debtors, or their successor or assigns.

3. Any provision in the Agreement that refers to the seller shall hereby be deemed to refer to the Estate.

4. The Agreement and any compensation is also subject to the approval of the United States Bankruptcy Court, for the Northern District of California, Santa Rosa Division (the "Bankruptcy Court.").

5. The Bankruptcy Court shall retain jurisdiction over this Agreement and any disputes that may arise.

6. Any sale is subject to Bankruptcy Court approval, and any sale may be subject to overbids and an auction at the hearing on any proposed sale ("Sale Hearing").

ADDENDUM TO EXCLUSIVE SALES AGREEMENT
20044/24154

1

7. If during the course of the listing period, an offer is submitted by Broker which is accepted by the Debtors, or their successor or assigns, but the required noticing and subsequent approval by the Bankruptcy Court occurs after the expiration of the Agreement, the Agreement will be considered in full force with respect to the offer submitted even if court approval occurs after the expiration of the Agreement.

8. If, during the course of a Sale Hearing, whether during the listing period or as described in No. 6 above, an overbid is received by the Debtors, or their successors or assigns, and approved by the Bankruptcy Court, the Agreement with Broker will be considered in full force and Broker will be entitled to the commission set forth in the Agreement. However, if a successful over-bidder is represented by another broker, then the commission may be shared by the buyers' broker and Broker, as will be more fully set forth in the agreed procedures governing the sale (the "Sale Hearing Order") approved by the Bankruptcy Court. The Sale Hearing Order shall further state the procedures for submitting a bid, overbidding and payment, etc.

9. Broker understands and agrees to advise in writing all prospective buyers that:
   a. The Debtors, or their successors or assigns, are selling the Property on behalf of an estate currently in bankruptcy and may or may not have personal knowledge of the condition or history of the Property. In addition, the Debtors are making no representations directly or indirectly with respect to the condition or history of the Property;
   b. The purchase of the Property will be on the basis of a buyer's own investigation of (1) the physical condition of the Property, to include but not limited to subsurface conditions thereof and (2) the operative or proposed governmental laws and regulation affecting or applicable to the Property;

    c. A buyer will acquire the Property in an "AS IS" condition and that any information relied on in purchasing the Property should be as a result of the buyer's own due-diligence.

    d. Through the conclusion of the Sale Hearing, Broker may solicit, negotiate, submit, and recommend for approval, competing offers to purchase.

12. Broker shall advise the seller on values, leasing, liquidation and other issues pertaining to the Property.

13. Notwithstanding the expiration date of the Agreement, the Agreement shall nonetheless continue in full force and effect until terminated by either the Estate or the Broker giving either party at least 30 days written notice of such termination.

DATED: 10/8/09

Danny Jones
Keegan & Coppin Company, Inc.
Real Estate Broker

*[signature]*

DATED: 10-8-09

*[signature]* Managing Broker / *[signature]* Vice President

DATED: 10-9-09

Bankruptcy Estate of
Clement C. and Ann Marie Carinalli

By *[signature]*
Clement C. Carinalli

ADDENDUM TO EXCLUSIVE SALES AGREEMENT
20044/24154

3