MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar #66849
EDIE WALTERS, ESQ., CA Bar #262730
D. CLARKE SUGAR, ESQ., CA Bar #251681
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

Attorneys for Clement C. and Ann Marie Carinalli, Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>CLEMENT C. and ANN MARIE CARINALLI,<br><br>Debtors<br><br>S.S.Ns: XXXX-XX-8623 and<br>XXXX-XX-5690 | Case No. 09-12986<br><br>Under Chapter 11<br><br>Date: October 30, 2009<br>Time: 10:00 a.m.<br>Place: U.S. Bankruptcy Court<br>99 South "E" Street<br>Santa Rosa, California<br>Judge: The Honorable Alan Jaroslovsky |

**DEBTORS' MOTION TO REJECT UNEXPIRED LEASES RELATING
TO REAL PROPERTY LOCATED AT 1133, 1135, 1259, 1261 AND 1265
SOUTH A STREET AND 300 BARHAM AVENUE, SANTA ROSA, CALIFORNIA**

CLEMENT C. CARINALLI and ANN MARIE CARINALLI, the debtors-in-possession herein (the "Debtors"), by and through their undersigned counsel, hereby move (this "Motion") the above-entitled Bankruptcy Court, pursuant to the provisions of Sections 365 *et seq*. of the Bankruptcy Code, for an order (a) approving the rejection of the *Master Lease On Sale & Lease Back* dated December 19, 2008 (the "Master Lease") between the Debtors, as lessee, and Empire Real Estate Holdings, LLC, a California limited liability corporation ("Empire"), as lessor, concerning real property located at 1133, 1135, 1259, 1261 and 1265 South A Street and 300 Barham Avenue, Santa Rosa, California (collectively, the "Property"); and (b) approving the rejection of each of the subleases (the "Subleases") to which the Debtors are parties as sublessors, with tenants who presently occupy portions of the Property, subject to their rights to retain possession under Section 365(h) of

1

DEBTORS' MOTION TO REJECT UNEXPIRED LEASES RELATING TO REAL PROPERTY LOCATED AT 1133, 1135, 1259, 1261 AND 1265 SOUTH A STREET AND 300 BARHAM AVENUE, ET SEQ.
24143.DOC

Case: 09-12986   Doc# 40   Filed: 10/09/09   Entered: 10/09/09 17:45:05   Page 1 of 18

the Bankruptcy Code. The Debtors further request that all such rejections be made effective as of October 2, 2009, the date on which notice of the intended rejections was provided to Empire, the master lessor.

## I. JURISDICTION AND VENUE

This Court has jurisdiction to hear and determine this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Court's consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409. The statutory authority for the Motion is Section 365 of the Bankruptcy Code and Bankruptcy Rule 4001.

## II. STATEMENT OF FACTS

The record of the Bankruptcy Court, together with the declaration of Clement C. Carinalli (the "Carinalli Declaration") filed concurrently herewith, establish the following pertinent facts:

**A.   The Debtors and the Chapter 11 Case**

1.   On September 14, 2009 (the "Petition Date"), three creditors (collectively, the "Petitioners") filed an involuntary petition (the "Petition") against the Mr. Carinalli, seeking commencement of a case under chapter 7 of the Bankruptcy Code.

2.   Upon receipt of the Petition, the Debtors, through counsel, contacted the Petitioners and proposed to stipulate to entry of an order for relief under chapter 11 of the Bankruptcy Code, and accordingly, pursuant to stipulation, on September 29, 2009, the Bankruptcy Court entered an *Order for Relief in Chapter 11* (the "Order for Relief"). The Order for Relief provided that both of the Debtors became joint debtors-in-possession under chapter 11 of the Bankruptcy Code.

3.   The Debtors remain in possession of their estate and continue to operate and manage their business affairs. It is the Debtors' intent to propose a plan of reorganization for the treatment and disposition of all property and obligations within their estate.

4.   The Debtors' estate contains numerous real property assets, interests in operating and real estate entities and other assets with substantial value that the Debtors intend to realize for the benefit of their secured and unsecured creditors, both during the chapter 11 process and through their reorganization plan.

2

DEBTORS' MOTION TO REJECT UNEXPIRED LEASES RELATING TO REAL PROPERTY LOCATED AT 1133, 1135, 1259, 1261 AND 1265 SOUTH A STREET AND 300 BARHAM AVENUE 5760
24143.DOC

**B. The Debtors' Prior Sale of the Property and Entry into Master Lease**

5. Prior to December 31, 2008, the Debtors were the owners of the Property, holding fee simple title. As owners, the Debtors leased portions of the Property at various times, pursuant to the Subleases, to commercial tenants in order to generate revenue.

6. In or about December, 2008, the Debtors sold the Property, together with other contiguous property, to Empire. As part of the closing of such sale, the Debtors agreed to enter into the Master Lease with Empire, pursuant to which the Debtors would lease back the Property from Empire and manage the Subleases thereunder, for a period of two years. By that arrangement, the Debtors absorbed the risk that rents collected under the Subleases would be less than the rent owing under the Master Lease.

7. A copy of the Master Lease is attached to the Carinalli Declaration as **Exhibit "A."** At the time of the closing, monthly rental payments owing under the Subleases were roughly equivalent to the monthly rent owing under the Master Lease.

8. Over the course of the Master Lease, however, vacancies and defaults under the Subleases occurred, resulting in a decrease in monthly income revenue generated by the Subleases.

9. The Subleases, at present, are as follows:

(a) 1133 South A Street, Santa Rosa, California leased by Michael Peter McDonald for $2,320.00 per month, which lease is attached to the Carinalli Declaration as **Exhibit "B"**;

(b) 1135 South A Street, Santa Rosa, California leased by Rich Pellicciarini and William Occhipinti for $1,000.00, which lease is attached to the Carinalli Declaration as **Exhibit "C"**;

(c) 1259 South A Street, Santa Rosa, California leased by The Hertz Corporation, a Delaware corporation, for $4,057.46, which lease is attached to the Carinalli Declaration as **Exhibit "D"**;

(d) 1261 South A Street, Santa Rosa, California leased by Stanley M. Klaus, d/b/a Crandall Roofing, for $3,675.00 per month, which lease is attached to the Carinalli Declaration as **Exhibit "E"**;

3

DEBTORS' MOTION TO REJECT UNEXPIRED LEASES RELATING TO REAL PROPERTY LOCATED AT 1133, 1135, 1259, 1261 AND 1265 SOUTH A STREET AND 300 BARHAM AVENUE ET60
24143.DOC

Case: 09-12986    Doc# 40    Filed: 10/09/09    Entered: 10/09/09 17:45:05    Page 3 of 18

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

(e) 1265 South A Street, Santa Rosa, California leased by Arnold Birky for $2,400.00 per month, which lease is attached to the Carinalli Declaration as **Exhibit "F"**; and

(f) 300 Barham Avenue, Santa Rosa, California leased by Leroy M. Flach and Asghar Fotouhi for $2,577.15 per month, which lease is attached to the Carinalli Declaration as **Exhibit "G"**.

### C. Debtors' Burden Under Master Lease and Subleases

10. Unfortunately, one or more tenants have defaulted in their rent obligations under the Subleases, even though the Debtors' obligations under the Master Lease have not abated. As a result, there is presently a shortfall that must be covered by the Debtors each month, and the management of the Subleases requires administrative attention and expense that is not compensated to the Debtors' estate.

11. Accordingly, the Debtors' counsel provided notice to Empire, by letter dated October 2, 2009, a copy of which is attached to the Carinalli Declaration as **Exhibit "H,"** stating the Debtors' intention to reject the Master Lease and each of the Subleases as of that date.

## III. RELIEF REQUESTED

By this Motion, the Debtors seek entry of an order granting the following relief:

A. Authorizing the Debtors to reject the Master Lease and each of the Subleases, to the extent executory, as of October 2, 2009;

B. With respect to each Sublease, authorizing the Debtors to pay over to Empire all rent received under such Sublease for the month of October 2009, net of any delinquent rent owing from the sublessee under that Sublease; and

C. Such other and further relief as the Court may deem proper.

## IV. ARGUMENT

Section 365(a) of the Bankruptcy Code permits a trustee, including a debtor-in-possession pursuant to 11 U.S.C. § 1107(a), to reject an executory contract or unexpired lease subject to the bankruptcy court's approval. *See Willamette Waterfront, Ltd. v. Victoria Station, Inc. (In re Victoria Station, Inc.)*, 875 F.2d 1380 (9th Cir. 1989); *Sea Harvest Corp, et al. v. Riviera Land Co., et al.*, 868 F.2d 1077 (9th Cir. 1989), *Robertson v. Pierce (In re Huang)*, 23 B.R. 798, 800 (B.A.P. 9th Cir.

4

DEBTORS' MOTION TO REJECT UNEXPIRED LEASES RELATING TO REAL PROPERTY LOCATED AT 1133, 1135, 1259, 1261 AND 1265 SOUTH A STREET AND 300 BARHAM AVENUE, ET SEQ
24143.DOC

Case: 09-12986    Doc# 40    Filed: 10/09/09    Entered: 10/09/09 17:45:05    Page 4 of 18

1982). Rejection of an executory contract or unexpired lease is particularly critical because it permits the bankruptcy estate to free itself from burdensome post-petition obligations that do not promote a successful reorganization of the debtor. *National Labor Relations Board v. Bildisco & Bildisco*, 465 U.S. 513, 528, 104 S.Ct. 1188, 1997 (1984).

It is a well-established rule that a lease may be rejected in bankruptcy if, in the sound exercise of business judgment, the estate would benefit from not having to perform the debtor's contractual obligations. *Richmond Leasing Co. v. Capital Bank, NA*, 762 F.2d 1303 (5th Cir. 1985); *In re Huang, supra,* 23 B.R. at 800. In other words, the question of whether an executory contract or lease should be rejected or on what terms it should be assumed is one of business judgment of the debtor. In the Ninth Circuit, the Bankruptcy Appellant Panel in *Huang* explained that the standard by which to determine whether the debtor-in-possession has exercised its business judgment in rejecting or assuming a contract or under Section 365(a) is whether the rejection would benefit the general unsecured creditors. *See Huang*, 23 B.R. at 800.

In the present case the Debtors believe it is an exercise of sound business judgment, and beneficial to the estate's unsecured creditors, to reject both the Master Lease and the Subleases. If those leases continue without rejection, the Debtors' estate will only continue to accrue additional rent expenses and unrecoverable administrative costs that cannot be justified. Therefore, rejection of the Master Lease and the Subleases (subject to any rights of retained possession that may apply under Section 365(h) of the Bankruptcy Code) is warranted.

Moreover, because the Debtors provided explicit notice to Empire of their intention to reject the Master Lease on October 2, 2009, and advised the lessor that they would seek to have the rejection become effective as of that date, it is appropriate that rejection be made effective as of October 2, 2009.

Finally, with respect to rents owing under the Subleases, the Debtors submit that they should turn over to Empire those rents collected from Sublease tenants for October 2009 only to the extent that such tenants are not delinquent for prior months' rent. To the extent of any such delinquencies, rent received by the Debtors in October 2009 should be accounted as payments of delinquent back rents. Nor should deposits be turned over to Empire, as Empire holds no collateral rights thereto.

5

DEBTORS' MOTION TO REJECT UNEXPIRED LEASES RELATING TO REAL PROPERTY LOCATED AT 1133, 1135, 1259, 1261 AND 1265 SOUTH A STREET AND 300 BARHAM AVENUE ETC.
24143.DOC

Case: 09-12986    Doc# 40    Filed: 10/09/09    Entered: 10/09/09 17:45:05    Page 5 of 18

## V. CONCLUSION

WHEREFORE, based on the foregoing, the Debtors respectfully submit that this Motion should be granted and the relief set forth in Section III above should be ordered.

DATED: October 9, 2009

MEYERS LAW GROUP, P.C.


By    /s/ Merle C. Meyers
     Merle C. Meyers, Esq.
     Attorneys for Debtors
     Clement C. and Ann Marie Carinalli

6

DEBTORS' MOTION TO REJECT UNEXPIRED LEASES RELATING TO REAL PROPERTY LOCATED AT 1133, 1135, 1259, 1261 AND 1265 SOUTH A STREET AND 300 BARHAM AVENUE, ETC.
24143.DOC

Case: 09-12986    Doc# 40    Filed: 10/09/09    Entered: 10/09/09 17:45:05    Page 6 of 18

MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar #66849
EDIE WALTERS, ESQ., CA Bar #262730
D. CLARKE SUGAR, ESQ., CA Bar #251681
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

Attorneys for Clement C. and Ann Marie Carinalli, Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>CLEMENT C. and ANN MARIE CARINALLI,<br><br>Debtors<br><br>S.S.Ns: XXXX-XX-8623 and<br>XXXX-XX-5690 | Case No. 09-12986<br><br>Under Chapter 11<br><br>Date: October 30, 2009<br>Time: 10:00 a.m.<br>Place: U.S. Bankruptcy Court<br>99 South "E" Street<br>Santa Rosa, California<br>Judge: The Honorable Alan Jaroslovsky |

### DEBTORS' MOTION TO REJECT UNEXPIRED LEASES RELATING TO REAL PROPERTY LOCATED AT 1133, 1135, 1259, 1261 AND 1265 SOUTH A STREET AND 300 BARHAM AVENUE, SANTA ROSA, CALIFORNIA

CLEMENT C. CARINALLI and ANN MARIE CARINALLI, the debtors-in-possession herein (the "Debtors"), by and through their undersigned counsel, hereby move (this "Motion") the above-entitled Bankruptcy Court, pursuant to the provisions of Sections 365 *et seq*. of the Bankruptcy Code, for an order (a) approving the rejection of the *Master Lease On Sale & Lease Back* dated December 19, 2008 (the "Master Lease") between the Debtors, as lessee, and Empire Real Estate Holdings, LLC, a California limited liability corporation ("Empire"), as lessor, concerning real property located at 1133, 1135, 1259, 1261 and 1265 South A Street and 300 Barham Avenue, Santa Rosa, California (collectively, the "Property"); and (b) approving the rejection of each of the subleases (the "Subleases") to which the Debtors are parties as sublessors, with tenants who presently occupy portions of the Property, subject to their rights to retain possession under Section 365(h) of

1

DEBTORS' MOTION TO REJECT UNEXPIRED LEASES RELATING TO REAL PROPERTY LOCATED AT 1133, 1135, 1259, 1261 AND 1265 SOUTH A STREET AND 300 BARHAM AVENUE, ETC.
24143.DOC

Case: 09-12986    Doc# 40    Filed: 10/09/09    Entered: 10/09/09 17:45:05    Page 7 of 18

the Bankruptcy Code. The Debtors further request that all such rejections be made effective as of October 2, 2009, the date on which notice of the intended rejections was provided to Empire, the master lessor.

## I. JURISDICTION AND VENUE

This Court has jurisdiction to hear and determine this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Court's consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409. The statutory authority for the Motion is Section 365 of the Bankruptcy Code and Bankruptcy Rule 4001.

## II. STATEMENT OF FACTS

The record of the Bankruptcy Court, together with the declaration of Clement C. Carinalli (the "Carinalli Declaration") filed concurrently herewith, establish the following pertinent facts:

**A. The Debtors and the Chapter 11 Case**

1. On September 14, 2009 (the "Petition Date"), three creditors (collectively, the "Petitioners") filed an involuntary petition (the "Petition") against the Mr. Carinalli, seeking commencement of a case under chapter 7 of the Bankruptcy Code.

2. Upon receipt of the Petition, the Debtors, through counsel, contacted the Petitioners and proposed to stipulate to entry of an order for relief under chapter 11 of the Bankruptcy Code, and accordingly, pursuant to stipulation, on September 29, 2009, the Bankruptcy Court entered an *Order for Relief in Chapter 11* (the "Order for Relief"). The Order for Relief provided that both of the Debtors became joint debtors-in-possession under chapter 11 of the Bankruptcy Code.

3. The Debtors remain in possession of their estate and continue to operate and manage their business affairs. It is the Debtors' intent to propose a plan of reorganization for the treatment and disposition of all property and obligations within their estate.

4. The Debtors' estate contains numerous real property assets, interests in operating and real estate entities and other assets with substantial value that the Debtors intend to realize for the benefit of their secured and unsecured creditors, both during the chapter 11 process and through their reorganization plan.

2

DEBTORS' MOTION TO REJECT UNEXPIRED LEASES RELATING TO REAL PROPERTY LOCATED AT 1133, 1135, 1259, 1261 AND 1265 SOUTH A STREET AND 300 BARHAM AVENUE, ET.

Case: 09-12986    Doc# 40    Filed: 10/09/09    Entered: 10/09/09 17:45:05    Page 8 of 18

24143.DOC

**B.**     **The Debtors' Prior Sale of the Property and Entry into Master Lease**

5.    Prior to December 31, 2008, the Debtors were the owners of the Property, holding fee simple title. As owners, the Debtors leased portions of the Property at various times, pursuant to the Subleases, to commercial tenants in order to generate revenue.

6.    In or about December, 2008, the Debtors sold the Property, together with other contiguous property, to Empire. As part of the closing of such sale, the Debtors agreed to enter into the Master Lease with Empire, pursuant to which the Debtors would lease back the Property from Empire and manage the Subleases thereunder, for a period of two years. By that arrangement, the Debtors absorbed the risk that rents collected under the Subleases would be less than the rent owing under the Master Lease.

7.    A copy of the Master Lease is attached to the Carinalli Declaration as **Exhibit "A."** At the time of the closing, monthly rental payments owing under the Subleases were roughly equivalent to the monthly rent owing under the Master Lease.

8.    Over the course of the Master Lease, however, vacancies and defaults under the Subleases occurred, resulting in a decrease in monthly income revenue generated by the Subleases.

9.    The Subleases, at present, are as follows:

(a)    1133 South A Street, Santa Rosa, California leased by Michael Peter McDonald for $2,320.00 per month, which lease is attached to the Carinalli Declaration as **Exhibit "B"**;

(b)    1135 South A Street, Santa Rosa, California leased by Rich Pellicciarini and William Occhipinti for $1,000.00, which lease is attached to the Carinalli Declaration as **Exhibit "C"**;

(c)    1259 South A Street, Santa Rosa, California leased by The Hertz Corporation, a Delaware corporation, for $4,057.46, which lease is attached to the Carinalli Declaration as **Exhibit "D"**;

(d)    1261 South A Street, Santa Rosa, California leased by Stanley M. Klaus, d/b/a Crandall Roofing, for $3,675.00 per month, which lease is attached to the Carinalli Declaration as **Exhibit "E"**;

DEBTORS' MOTION TO REJECT UNEXPIRED LEASES RELATING TO REAL PROPERTY LOCATED AT 1133, 1135, 1259, 1261 AND 1265 SOUTH A STREET AND 300 BARHAM AVENUE, ET SEQ.
24143.DOC

Case: 09-12986   Doc# 40   Filed: 10/09/09   Entered: 10/09/09 17:45:05   Page 9 of 18

  (e) 1265 South A Street, Santa Rosa, California leased by Arnold Birky for $2,400.00 per month, which lease is attached to the Carinalli Declaration as **Exhibit "F"**; and

  (f) 300 Barham Avenue, Santa Rosa, California leased by Leroy M. Flach and Asghar Fotouhi for $2,577.15 per month, which lease is attached to the Carinalli Declaration as **Exhibit "G"**.

### C.  Debtors' Burden Under Master Lease and Subleases

 10. Unfortunately, one or more tenants have defaulted in their rent obligations under the Subleases, even though the Debtors' obligations under the Master Lease have not abated. As a result, there is presently a shortfall that must be covered by the Debtors each month, and the management of the Subleases requires administrative attention and expense that is not compensated to the Debtors' estate.

 11. Accordingly, the Debtors' counsel provided notice to Empire, by letter dated October 2, 2009, a copy of which is attached to the Carinalli Declaration as **Exhibit "H,"** stating the Debtors' intention to reject the Master Lease and each of the Subleases as of that date.

### III.  RELIEF REQUESTED

By this Motion, the Debtors seek entry of an order granting the following relief:

 A. Authorizing the Debtors to reject the Master Lease and each of the Subleases, to the extent executory, as of October 2, 2009;

 B. With respect to each Sublease, authorizing the Debtors to pay over to Empire all rent received under such Sublease for the month of October 2009, net of any delinquent rent owing from the sublessee under that Sublease; and

 C. Such other and further relief as the Court may deem proper.

### IV.  ARGUMENT

Section 365(a) of the Bankruptcy Code permits a trustee, including a debtor-in-possession pursuant to 11 U.S.C. § 1107(a), to reject an executory contract or unexpired lease subject to the bankruptcy court's approval. *See Willamette Waterfront, Ltd. v. Victoria Station, Inc. (In re Victoria Station, Inc.)*, 875 F.2d 1380 (9th Cir. 1989); *Sea Harvest Corp, et al. v. Riviera Land Co., et al.*, 868 F.2d 1077 (9th Cir. 1989), *Robertson v. Pierce (In re Huang)*, 23 B.R. 798, 800 (B.A.P. 9th Cir.

4

DEBTORS' MOTION TO REJECT UNEXPIRED LEASES RELATING TO REAL PROPERTY LOCATED AT 1133, 1135, 1259, 1261 AND 1265 SOUTH A STREET AND 300 BARHAM AVENUE, ETC.
24143.DOC

Case: 09-12986 Doc# 40 Filed: 10/09/09 Entered: 10/09/09 17:45:05 Page 10 of 18

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

1982). Rejection of an executory contract or unexpired lease is particularly critical because it permits the bankruptcy estate to free itself from burdensome post-petition obligations that do not promote a successful reorganization of the debtor. *National Labor Relations Board v. Bildisco & Bildisco*, 465 U.S. 513, 528, 104 S.Ct. 1188, 1997 (1984).

It is a well-established rule that a lease may be rejected in bankruptcy if, in the sound exercise of business judgment, the estate would benefit from not having to perform the debtor's contractual obligations. *Richmond Leasing Co. v. Capital Bank, NA*, 762 F.2d 1303 (5th Cir. 1985); *In re Huang, supra,* 23 B.R. at 800. In other words, the question of whether an executory contract or lease should be rejected or on what terms it should be assumed is one of business judgment of the debtor. In the Ninth Circuit, the Bankruptcy Appellant Panel in *Huang* explained that the standard by which to determine whether the debtor-in-possession has exercised its business judgment in rejecting or assuming a contract or under Section 365(a) is whether the rejection would benefit the general unsecured creditors. *See Huang*, 23 B.R. at 800.

In the present case the Debtors believe it is an exercise of sound business judgment, and beneficial to the estate's unsecured creditors, to reject both the Master Lease and the Subleases. If those leases continue without rejection, the Debtors' estate will only continue to accrue additional rent expenses and unrecoverable administrative costs that cannot be justified. Therefore, rejection of the Master Lease and the Subleases (subject to any rights of retained possession that may apply under Section 365(h) of the Bankruptcy Code) is warranted.

Moreover, because the Debtors provided explicit notice to Empire of their intention to reject the Master Lease on October 2, 2009, and advised the lessor that they would seek to have the rejection become effective as of that date, it is appropriate that rejection be made effective as of October 2, 2009.

Finally, with respect to rents owing under the Subleases, the Debtors submit that they should turn over to Empire those rents collected from Sublease tenants for October 2009 only to the extent that such tenants are not delinquent for prior months' rent. To the extent of any such delinquencies, rent received by the Debtors in October 2009 should be accounted as payments of delinquent back rents. Nor should deposits be turned over to Empire, as Empire holds no collateral rights thereto.

5

DEBTORS' MOTION TO REJECT UNEXPIRED LEASES RELATING TO REAL PROPERTY LOCATED AT 1133, 1135, 1259, 1261 AND 1265 SOUTH A STREET AND 300 HARLAM AVENUE, ETC.
24143.DOC

Case: 09-12986   Doc# 40   Filed: 10/09/09   Entered: 10/09/09 17:45:05   Page 11 of 18

## V. CONCLUSION

WHEREFORE, based on the foregoing, the Debtors respectfully submit that this Motion should be granted and the relief set forth in Section III above should be ordered.

DATED: October 9, 2009

MEYERS LAW GROUP, P.C.

By /s/ Merle C. Meyers
Merle C. Meyers, Esq.
Attorneys for Debtors
Clement C. and Ann Marie Carinalli

6

DEBTORS' MOTION TO REJECT UNEXPIRED LEASES RELATING TO REAL PROPERTY LOCATED AT 1133, 1135, 1259, 1261 AND 1265 SOUTH A STREET AND 300 HARDAM AVENUE, ETC.
24143.DOC

Case: 09-12986    Doc# 40    Filed: 10/09/09    Entered: 10/09/09 17:45:05    Page 12 of 18

MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar #66849
EDIE WALTERS, ESQ., CA Bar #262730
D. CLARKE SUGAR, ESQ., CA Bar #251681
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

Attorneys for Clement C. and Ann Marie Carinalli, Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

In re

CLEMENT C. and ANN MARIE CARINALLI,

Debtors

S.S.Ns: XXXX-XX-8623 and
XXXX-XX-5690

Case No. 09-12986

Under Chapter 11

| Date: | October 30, 2009 |
|---|---|
| Time: | 10:00 a.m. |
| Place: | U.S. Bankruptcy Court |
| | 99 South "E" Street |
| | Santa Rosa, California |
| Judge: | The Honorable Alan Jaroslovsky |

**DEBTORS' MOTION TO REJECT UNEXPIRED LEASES RELATING
TO REAL PROPERTY LOCATED AT 1133, 1135, 1259, 1261 AND 1265
SOUTH A STREET AND 300 BARHAM AVENUE, SANTA ROSA, CALIFORNIA**

CLEMENT C. CARINALLI and ANN MARIE CARINALLI, the debtors-in-possession herein (the "Debtors"), by and through their undersigned counsel, hereby move (this "Motion") the above-entitled Bankruptcy Court, pursuant to the provisions of Sections 365 *et seq*. of the Bankruptcy Code, for an order (a) approving the rejection of the *Master Lease On Sale & Lease Back* dated December 19, 2008 (the "Master Lease") between the Debtors, as lessee, and Empire Real Estate Holdings, LLC, a California limited liability corporation ("Empire"), as lessor, concerning real property located at 1133, 1135, 1259, 1261 and 1265 South A Street and 300 Barham Avenue, Santa Rosa, California (collectively, the "Property"); and (b) approving the rejection of each of the subleases (the "Subleases") to which the Debtors are parties as sublessors, with tenants who presently occupy portions of the Property, subject to their rights to retain possession under Section 365(h) of

1

DEBTORS' MOTION TO REJECT UNEXPIRED LEASES RELATING TO REAL PROPERTY LOCATED AT 1133, 1135, 1259, 1261 AND 1265 SOUTH A STREET AND 300 BARHAM AVENUE, ETC.
24143.DOC

Case: 09-12986    Doc# 40    Filed: 10/09/09    Entered: 10/09/09 17:45:05    Page 13 of 18

the Bankruptcy Code. The Debtors further request that all such rejections be made effective as of October 2, 2009, the date on which notice of the intended rejections was provided to Empire, the master lessor.

## I. JURISDICTION AND VENUE

This Court has jurisdiction to hear and determine this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Court's consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409. The statutory authority for the Motion is Section 365 of the Bankruptcy Code and Bankruptcy Rule 4001.

## II. STATEMENT OF FACTS

The record of the Bankruptcy Court, together with the declaration of Clement C. Carinalli (the "Carinalli Declaration") filed concurrently herewith, establish the following pertinent facts:

**A. The Debtors and the Chapter 11 Case**

1. On September 14, 2009 (the "Petition Date"), three creditors (collectively, the "Petitioners") filed an involuntary petition (the "Petition") against the Mr. Carinalli, seeking commencement of a case under chapter 7 of the Bankruptcy Code.

2. Upon receipt of the Petition, the Debtors, through counsel, contacted the Petitioners and proposed to stipulate to entry of an order for relief under chapter 11 of the Bankruptcy Code, and accordingly, pursuant to stipulation, on September 29, 2009, the Bankruptcy Court entered an *Order for Relief in Chapter 11* (the "Order for Relief"). The Order for Relief provided that both of the Debtors became joint debtors-in-possession under chapter 11 of the Bankruptcy Code.

3. The Debtors remain in possession of their estate and continue to operate and manage their business affairs. It is the Debtors' intent to propose a plan of reorganization for the treatment and disposition of all property and obligations within their estate.

4. The Debtors' estate contains numerous real property assets, interests in operating and real estate entities and other assets with substantial value that the Debtors intend to realize for the benefit of their secured and unsecured creditors, both during the chapter 11 process and through their reorganization plan.

2

DEBTORS' MOTION TO REJECT UNEXPIRED LEASES RELATING TO REAL PROPERTY LOCATED AT 1133, 1135, 1259, 1261 AND 1265 SOUTH A STREET AND 300 HARMAM AVENUE, ETC.

Case: 09-12986   Doc# 40   Filed: 10/09/09   Entered: 10/09/09 17:45:05   Page 14 of 18

24143.DOC

**B.  The Debtors' Prior Sale of the Property and Entry into Master Lease**

5. Prior to December 31, 2008, the Debtors were the owners of the Property, holding fee simple title. As owners, the Debtors leased portions of the Property at various times, pursuant to the Subleases, to commercial tenants in order to generate revenue.

6. In or about December, 2008, the Debtors sold the Property, together with other contiguous property, to Empire. As part of the closing of such sale, the Debtors agreed to enter into the Master Lease with Empire, pursuant to which the Debtors would lease back the Property from Empire and manage the Subleases thereunder, for a period of two years. By that arrangement, the Debtors absorbed the risk that rents collected under the Subleases would be less than the rent owing under the Master Lease.

7. A copy of the Master Lease is attached to the Carinalli Declaration as **Exhibit "A."** At the time of the closing, monthly rental payments owing under the Subleases were roughly equivalent to the monthly rent owing under the Master Lease.

8. Over the course of the Master Lease, however, vacancies and defaults under the Subleases occurred, resulting in a decrease in monthly income revenue generated by the Subleases.

9. The Subleases, at present, are as follows:

(a) 1133 South A Street, Santa Rosa, California leased by Michael Peter McDonald for $2,320.00 per month, which lease is attached to the Carinalli Declaration as **Exhibit "B"**;

(b) 1135 South A Street, Santa Rosa, California leased by Rich Pellicciarini and William Occhipinti for $1,000.00, which lease is attached to the Carinalli Declaration as **Exhibit "C"**;

(c) 1259 South A Street, Santa Rosa, California leased by The Hertz Corporation, a Delaware corporation, for $4,057.46, which lease is attached to the Carinalli Declaration as **Exhibit "D"**;

(d) 1261 South A Street, Santa Rosa, California leased by Stanley M. Klaus, d/b/a Crandall Roofing, for $3,675.00 per month, which lease is attached to the Carinalli Declaration as **Exhibit "E"**;

3

DEBTORS' MOTION TO REJECT UNEXPIRED LEASES RELATING TO REAL PROPERTY LOCATED AT 1133, 1135, 1259, 1261 AND 1265 SOUTH A STREET AND 300 HARLAM AVENUE, ETC.
24143.DOC
Case: 09-12986   Doc# 40   Filed: 10/09/09   Entered: 10/09/09 17:45:05   Page 15 of 18

(e) 1265 South A Street, Santa Rosa, California leased by Arnold Birky for $2,400.00 per month, which lease is attached to the Carinalli Declaration as **Exhibit "F"**; and

(f) 300 Barham Avenue, Santa Rosa, California leased by Leroy M. Flach and Asghar Fotouhi for $2,577.15 per month, which lease is attached to the Carinalli Declaration as **Exhibit "G"**.

### C. Debtors' Burden Under Master Lease and Subleases

10. Unfortunately, one or more tenants have defaulted in their rent obligations under the Subleases, even though the Debtors' obligations under the Master Lease have not abated. As a result, there is presently a shortfall that must be covered by the Debtors each month, and the management of the Subleases requires administrative attention and expense that is not compensated to the Debtors' estate.

11. Accordingly, the Debtors' counsel provided notice to Empire, by letter dated October 2, 2009, a copy of which is attached to the Carinalli Declaration as **Exhibit "H,"** stating the Debtors' intention to reject the Master Lease and each of the Subleases as of that date.

## III. RELIEF REQUESTED

By this Motion, the Debtors seek entry of an order granting the following relief:

A. Authorizing the Debtors to reject the Master Lease and each of the Subleases, to the extent executory, as of October 2, 2009;

B. With respect to each Sublease, authorizing the Debtors to pay over to Empire all rent received under such Sublease for the month of October 2009, net of any delinquent rent owing from the sublessee under that Sublease; and

C. Such other and further relief as the Court may deem proper.

## IV. ARGUMENT

Section 365(a) of the Bankruptcy Code permits a trustee, including a debtor-in-possession pursuant to 11 U.S.C. § 1107(a), to reject an executory contract or unexpired lease subject to the bankruptcy court's approval. *See Willamette Waterfront, Ltd. v. Victoria Station, Inc. (In re Victoria Station, Inc.)*, 875 F.2d 1380 (9th Cir. 1989); *Sea Harvest Corp, et al. v. Riviera Land Co., et al.*, 868 F.2d 1077 (9th Cir. 1989), *Robertson v. Pierce (In re Huang)*, 23 B.R. 798, 800 (B.A.P. 9th Cir.

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

4

DEBTORS' MOTION TO REJECT UNEXPIRED LEASES RELATING TO REAL PROPERTY LOCATED AT 1133, 1135, 1259, 1261 AND 1265 SOUTH A STREET AND 300 BARHAM AVENUE, ETC.
24143.DOC

Case: 09-12986    Doc# 40    Filed: 10/09/09    Entered: 10/09/09 17:45:05    Page 16 of 18

1982). Rejection of an executory contract or unexpired lease is particularly critical because it permits the bankruptcy estate to free itself from burdensome post-petition obligations that do not promote a successful reorganization of the debtor. *National Labor Relations Board v. Bildisco & Bildisco*, 465 U.S. 513, 528, 104 S.Ct. 1188, 1997 (1984).

It is a well-established rule that a lease may be rejected in bankruptcy if, in the sound exercise of business judgment, the estate would benefit from not having to perform the debtor's contractual obligations. *Richmond Leasing Co. v. Capital Bank, NA*, 762 F.2d 1303 (5th Cir. 1985); *In re Huang, supra,* 23 B.R. at 800. In other words, the question of whether an executory contract or lease should be rejected or on what terms it should be assumed is one of business judgment of the debtor. In the Ninth Circuit, the Bankruptcy Appellant Panel in *Huang* explained that the standard by which to determine whether the debtor-in-possession has exercised its business judgment in rejecting or assuming a contract or under Section 365(a) is whether the rejection would benefit the general unsecured creditors. *See Huang*, 23 B.R. at 800.

In the present case the Debtors believe it is an exercise of sound business judgment, and beneficial to the estate's unsecured creditors, to reject both the Master Lease and the Subleases. If those leases continue without rejection, the Debtors' estate will only continue to accrue additional rent expenses and unrecoverable administrative costs that cannot be justified. Therefore, rejection of the Master Lease and the Subleases (subject to any rights of retained possession that may apply under Section 365(h) of the Bankruptcy Code) is warranted.

Moreover, because the Debtors provided explicit notice to Empire of their intention to reject the Master Lease on October 2, 2009, and advised the lessor that they would seek to have the rejection become effective as of that date, it is appropriate that rejection be made effective as of October 2, 2009.

Finally, with respect to rents owing under the Subleases, the Debtors submit that they should turn over to Empire those rents collected from Sublease tenants for October 2009 only to the extent that such tenants are not delinquent for prior months' rent. To the extent of any such delinquencies, rent received by the Debtors in October 2009 should be accounted as payments of delinquent back rents. Nor should deposits be turned over to Empire, as Empire holds no collateral rights thereto.

5

DEBTORS' MOTION TO REJECT UNEXPIRED LEASES RELATING TO REAL PROPERTY LOCATED AT 1133, 1135, 1259, 1261 AND 1265 SOUTH A STREET AND 300 HARLAM AVENUE, ETC.

## V. CONCLUSION

WHEREFORE, based on the foregoing, the Debtors respectfully submit that this Motion should be granted and the relief set forth in Section III above should be ordered.

DATED: October 9, 2009

MEYERS LAW GROUP, P.C.

By /s/ Merle C. Meyers
Merle C. Meyers, Esq.
Attorneys for Debtors
Clement C. and Ann Marie Carinalli

6

DEBTORS' MOTION TO REJECT UNEXPIRED LEASES RELATING TO REAL PROPERTY LOCATED AT 1133, 1135, 1259, 1261 AND 1265 SOUTH A STREET AND 300 HARLAM AVENUE, ETC.
24143.DOC

Case: 09-12986    Doc# 40    Filed: 10/09/09    Entered: 10/09/09 17:45:05    Page 18 of 18

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104