MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar #66849
EDIE WALTERS, ESQ., CA Bar #262730
D. CLARKE SUGAR, ESQ., CA Bar #251681
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

Attorneys for Clement C. and Ann Marie Carinalli, Debtors

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SANTA ROSA DIVISION

In re

CLEMENT C. and ANN MARIE
CARINALLI,

                    Debtors

S.S.Ns: XXXX-XX-8623 and
          XXXX-XX-5690

Case No. 09-12986

Under Chapter 11

Date: October 30, 2009
Time: 10:00 a.m.
Place: U.S. Bankruptcy Court
       99 South "E" Street
       Santa Rosa, California
Judge: The Honorable Alan Jaroslovsky

## DEBTORS' MOTION FOR APPROVAL OF SALE OF REAL PROPERTY
### (De La Montanya Winery Partial Interest)

    CLEMENT C. CARINALLI and ANN MARIE CARINALLI, the debtors-in-possession herein (the "Debtors"), by and through their undersigned counsel, hereby move (this "Motion") the above-entitled Bankruptcy Court, pursuant to the provisions of Section 363 of the Bankruptcy Code, for an order approving the sale of the Debtors' partial interest in real property and improvements located at 999 Forman Lane, Healdsburg, California and known as the De La Montanya Winery (the "Winery Property"), to the other partial owners of the property, Dennis and Tina De La Montanya, for the reasons set forth below.

## I.  JURISDICTION AND VENUE

    This Court has jurisdiction to hear and determine this Motion pursuant to 28 U.S.C. §§ 1334 and 157. The Court's consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409. The statutory

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

1

authority for the Motion is Section 363 of the Bankruptcy Code.

## II.   STATEMENT OF FACTS

The record of the Bankruptcy Court, together with the declaration of Clement C. Carinalli (the "Carinalli Declaration") filed concurrently herewith, establish the following pertinent facts:

**A.    The Debtors and the Chapter 11 Case**

1.    On September 14, 2009 (the "Petition Date"), three creditors (collectively, the "Petitioners") filed an involuntary petition (the "Petition") against the Mr. Carinalli, seeking commencement of a case under chapter 7 of the Bankruptcy Code.

2.    Immediately upon receipt of the Petition, the Debtors, through counsel, contacted the Petitioners and proposed to stipulate to entry of an order for relief under chapter 11 of the Bankruptcy Code, and accordingly, pursuant to stipulation, on September 29, 2009, the Bankruptcy Court entered an *Order for Relief in Chapter 11* (the "Order for Relief"). The Order for Relief provided that both of the Debtors became joint debtors in possession under chapter 11 of the Bankruptcy Code.

3.    The Debtors remain in possession of their estate and continue to operate and manage their business affairs. It is the Debtors' intent to propose a plan of reorganization for the treatment and disposition of all property and obligations within their estate.

4.    The Debtors' estate contains numerous real property assets, interests in operating and real estate entities and other assets with substantial value that the Debtors intend to realize for the benefit of their secured and unsecured creditors, both during the chapter 11 process and through their reorganization plan.

**B.    The Winery Property and Estate Interest**

5.    One of the Debtors' real property assets is a 50% undivided interest in the Winery Property, consisting of real property and improvements located at 999 Forman Lane, Healdsburg, California, A.P.N. 110-130-022 in the Sonoma County records. The Winery Property is comprised of approximately 5.5 acres of land, including roughly 3.0 net acres of vineyards, with improvements that include a 3,135-square foot winery facility, a 1,097-square foot guest house, an 833-square foot rental house and a 400-square foot carport. The property is permitted and used as a winery, with up to 10,000-case annual production (of which only 2,500 cases may be crushed on site) and public tastings

LAW OFFICES
**MEYERS LAW GROUP, P.C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA  94104

2

on the weekends only.

6.     The Winery Property was appraised as of April 7, 2009 as having an "as-is" value of $2,440,000, assuming 12 months' marketing at appraised value. Excerpts of that appraisal, prepared by Michael T. Jordan, are attached as **Exhibit "A"** to the Carinalli Declaration.

7.     The Winery Property is co-owned, 50/50, by the Debtors, on the one hand, and Dennis and Tina De La Montanya (the "De La Montanyas"), long-time business partners of the Debtors, on the other hand. The De La Montanyas operate a winery on the premises of the Winery Property, in which the Debtors have no ownership interest.

8.     The Winery Property is encumbered by a deed of trust in favor of American AgCredit, FLCA (the "Lender"), which is owed approximately $990,000 on account of a promissory note (as subsequently modified, the "Lender Note") in the original principal amount of $1,000,000, signed in March 2003. A copy of the Lender Note, with its modification, is attached as **Exhibit "B"** to the Carinalli Declaration. The Lender Note memorialized a loan made by the Lender to the Debtors and the De La Montanyas, the proceeds of which were used to satisfy existing purchase money obligations and to reimburse construction costs.

9.     Whereas earlier principal payments were made, the Lender Note as amended requires only interest payments, in the amount of $6,277.44 per month. All such payments are made by the De La Montanyas, from cashflow of their winery operations, in lieu of payments of rent.

**C.     Proposed Sale of the Winery Property**

10.     In 2008, the Debtors and the De La Montanyas negotiated a buy-out of the Debtors' interest in the Winery Property, for the purchase price of $700,000.00, on an "as-is, where-is" basis. Negotiation of the purchase price was made in good faith and at arms' length, informed by the results of an earlier appraisal that preceded the appraisal attached to the Carinalli Declaration.

11.     In particular, assuming an "as-is" value of $2,440,000, an encumbering lien of approximately $990,000, and presumed selling costs of six percent, or $146,400, the realizable equity in the Winery Property is roughly $1,300,000, and the Debtors' one-half interest is approximately $650,000. "Rounding up," the parties reached the agreed purchase price of $700,000.00.

12.     The transaction was delayed until July 2009 in order to avoid a substantial prepayment

3

Case 09-12986   Doc# 44   Filed: 10/09/09   Entered: 10/09/09 18:11:52   Page 3 of 24

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

penalty under the Lender Note. Upon expiration of that penalty, the Debtors and the De La Montanyas entered into a purchase agreement based upon that purchase price (the "Purchase Agreement"), in July 2009. A copy of the Purchase Agreement is attached as **Exhibit "C"** to the Carinalli Declaration.

13. All contingencies for the sale have been waived or removed, and closing documents have been drafted and deposited into escrow.

14. The Debtors believe that the proposed sale of their undivided interest in the Winery Property, upon the terms set forth in the Purchase Agreement, is in the best interests of their estate, for these reasons: First, the sale price is equal to, or slightly greater than, full appraised value, after taking into account the existing lien of the Lender and likely closing costs. Second, the proposed sale will produce much-needed cash for the Debtors' estate, with which the Debtors will be able to make debt service payments, and fund operating costs, essential to the preservation of other estate property with realizable equity value.

15. Third, the Debtors do not believe that their partial interest would be readily saleable to third parties, given the De La Montanyas' remaining interest and use of the Winery Property, and even by the appraiser's estimation, a sale at full appraised value would require 12 months of marketing by a commissioned broker, all of which is avoided in the proposed sale.

### III. <u>RELIEF REQUESTED</u>

By this Motion, the Debtors seek entry of an order, pursuant to Section 363 of the Bankruptcy Code, granting the following relief:

A. Approving the Purchase Agreement and authorizing the Debtors to perform thereunder, pursuant to the provisions of Section 363(b) of the Bankruptcy Code;

B. Finding that the Debtors and the De La Montanyas have acted in good faith in connection with the proposed sale under the Purchase Agreement, pursuant to Section 363(m) of the Bankruptcy Code.

C. Waiving the 10-day stay imposed by the provisions of Rule 6004(h) of the Bankruptcy Rules.

4

# IV. DISCUSSION

Section 363 of the Bankruptcy Code governs the sale of assets outside of the ordinary course of a Debtors' business. For the reasons set forth below, the relief sought in this Motion is warranted by the provisions of that statute.

## A. Sale of the Winery Property Under Section 363(b)

Section 363(b) of the Bankruptcy Code permits a debtor-in-possession to sell property of the estate other than in the ordinary course of business after notice and a hearing. 11 U.S.C. § 363(b). Further, Section 105(a) of the Bankruptcy Code allows a bankruptcy court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). A bankruptcy court's power to authorize a sale under Section 363(b) is to be exercised at the court's discretion. *In re WPRV-TV,* 983 F.2d 336, 340 (1st Cir. 1993), *New Haven Radio, Inc. v. Meister (In re Martin-Trigona),* 750 F.2d 1334, 1346 (2d Cir. 1985), *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063 (2d Cir. 1983).

A number of courts have held that the sale of chapter 11 estate property in a manner outside of the ordinary course of business, and outside of the context of a confirmed plan, is appropriate if the debtor or trustee demonstrates a "sound business purpose" for doing so. *See*, *e.g.*, *In re American Devel. Corp.,* 95 B.R. 735, 739 (Bankr. C.D. Cal. 1989); *In re Walters,* 83 B.R. 14 (9th Cir. BAP 1988); *Stephens Indus., Inc. v. McClung,* 789 F.2d 386 (6th Cir. 1986); *In re Lionel Corp., supra; In re Delaware & Hudson Ry. Co.,* 124 B.R. 169 (D. Del. 1991); *In re Titusville Country Club,* 128 B.R. 396 (W.D. Pa. 1991); *In re Indus. Valley Refrigeration and Air Conditioning Supplies, Inc.,* 77 B.R. 15 (E.D. Pa. 1987).

Courts have considered a number of factors in determining whether to approve a sale of assets under Section 363(b), including (1) whether a sound business reason exists for the proposed transaction; (2) whether fair and reasonable consideration is being provided; (3) whether the transaction has been proposed and negotiated in good faith; and (4) whether adequate and reasonable notice has been provided. *See*, *e.g.*, *In re Ewell,* 958 F.2d 275 (9th Cir. 1992) (declining to set aside or modify a sale pursuant to 11 U.S.C. § 363 because the price was fair and reasonable and the buyer was a good faith purchaser pursuant to Section 363(m) of the Bankruptcy Code); *In re King-Wilson,*

5

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

1998 U.S. Dist. LEXIS 16595 at *11-12 (N.D. Cal. Oct. 13, 1998); *In re Canyon P'ship,* 55 B.R. 520 (Bankr. S.D. Cal. 1985).

Courts within the Ninth Circuit have authorized sales of debtors' assets pursuant to Section 363(b) where there are good business reasons to do so. *See, e.g. In re American Development Corp., supra,* 95 B.R. at 739 (among the factors that determine whether a good business reason exists is whether the sale is in the best interests of the estate's creditors); *In re Photocopy & Supply, Inc.* 1994 WL 553065 at *1 (Bankr. D. Idaho 1994); *see also In re Lionel Corp.*, *supra*, 722 F.2d at 1071 (setting forth the "sound business purpose" test).

In *Lionel*, which involved the sale of substantially all of the assets of the debtor, the Second Circuit Court of Appeals held that the standard for the proper exercise of the debtor's discretion is whether there is a good business reason for that exercise (*Id.* at 1071), and the Court adopted, in part, the following criteria for evaluating whether a good business reason exists for authorizing a sale of assets of a debtor:

A.   the proportionate value of the asset to the estate as a whole;

B.   the amount of elapsed time since the filing of the petition;

C.   the likelihood that a plan will be proposed and confirmed in the near future;

D.   the effect of the proposed disposition on future plans of reorganization; and

E.   most importantly, whether the assets to be sold are decreasing or increasing in value.

*Id.*

In *Delaware & Hudson Ry. Co.*, *supra*, the District Court noted that evidence supporting the proposed purchase price as being fair and reasonable included extensive solicitation of bids by the trustee, negotiations with several prospective purchasers, and the trustee's testimony that the accepted offer was the best offer received for the debtor's assets. *Id.* at 179.

Here, the proposed sale of the Debtors' partial interest in the Winery Property upon the terms of the Purchase Agreement fit squarely within the parameters of the sound business judgment test articulated in all of the above-referenced authorities. First, the Debtors have demonstrated a sound business purpose for the proposed sale, given the circumstances, including limited cash resources and

LAW OFFICES
**MEYERS LAW GROUP, P.C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

6

the need for cash to preserve and maintain other estate property with realizable equity value. Second, as established by appraisal, the proposed purchase price is fair and reasonable, producing full value for the Debtors' interest in the Winery Property in its present condition. Third, in the current economic climate, in which real property sales are few and far between, a sale that can realize the estate's equity value in the Winery Property is clearly in the best interests of the estate. This is particularly true here, where the Debtors' interest in the Winery Property is only partial, and finding a third party willing to purchase an undivided interest of property operated by a co-owner would be problematic and time-consuming at best.

Accordingly, the proposed sale of the Subject Property should be approved.

**B.    Good Faith Determination Under Section 363(m)**

In the event that the Court approves the proposed sale under the terms of the Purchase Agreement, the Debtors wish to ensure the finality and reliability of the sale of the Debtors' interest in the Winery Property, by facilitating the consummation of the transaction even in the event of an appeal. To that end, the Debtors seek a finding of good faith under the provisions of Section 363(m) of the Bankruptcy Code, which provides as follows:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

Although the Bankruptcy Code does not define term "good faith," the Court of Appeals for the Ninth Circuit has held that:

> "For purposes of § 363(m), a 'good faith purchaser' is one who buys 'in good faith' and 'for value.' This court has said that 'lack of good faith' is shown by 'fraud, collusion between the purchaser and the trustee, or an attempt to take grossly unfair advantage of other bidders.'

*In re Serzow*, 1994 U.S. App. LEXIS 16392, at 4-6 (9th Cir. June 1994) (citations omitted). *See also, In re Ewell,* 958 F.2d 276, 281 (9th Cir. 1992).

As set forth hereinabove and in the Carinalli Declaration, the terms of the Purchase Agreement were negotiated at arms' length and in good faith, without collusion or fraud. The

7

LAW OFFICES
**MEYERS LAW GROUP, P.C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

MEYERS LAW GROUP, P.C.

LAW OFFICES
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

Debtors negotiated the terms of the Purchase Agreement with the De La Montanyas in order to obtain a feasible and beneficial sale of their interest in the Winery Property, and the Debtors have no information to suggest any lack of good faith on the part of the De La Montanyas. Whereas the Debtors have a long-time business relationship with the De La Montanyas, they do not believe that that relationship or any other existing connections have influenced the sale terms to any degree. The Debtors do not believe that any collusion has been involved in any of the De La Montanyas' conduct in this matter, all of which conduct appears to the Debtors to have been fair and straightforward.

Under those circumstances, the Debtors submit that a finding of good faith, and a determination that the De La Montanyas are a good faith purchaser, is appropriate in this case.

**C.     Waiver Of Rule 6004(h) Stay**

Lastly, the Debtors request that the Court waive the ten (10) day stay imposed on orders authorizing the use, sale, or lease of property, by Rule 6004(h) of the Bankruptcy Rules. There is no reason to stay the proposed sale of the estate's interest in the Winery Property, and allowing the parties to close the proposed sale in an expeditious manner would benefit the Debtors' estate by ensuring a prompt closing to a sale that has been pending for many months.

## V.     CONCLUSION

WHEREFORE, the Debtors respectfully submit that the best interests of creditors and all parties-in-interest will be served by allowing the Debtors to sell their interest in the Winery Property as set forth above, and by granting such other relief as is set forth in Section III above, and that this Motion should therefore be granted.

DATED:  October 9, 2009

MEYERS LAW GROUP, P.C.


By:     /s/  Merle C. Meyers
        Merle C. Meyers, Esq.
        Attorneys for Clement C. and Ann Marie Carinalli,
        Debtors

8

MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar #66849
EDIE WALTERS, ESQ., CA Bar #262730
D. CLARKE SUGAR, ESQ., CA Bar #251681
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

Attorneys for Clement C. and Ann Marie Carinalli, Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>CLEMENT C. and ANN MARIE CARINALLI,<br><br>                    Debtors<br><br>S.S.Ns: XXXX-XX-8623 and<br>            XXXX-XX-5690 | Case No. 09-12986<br><br>Under Chapter 11<br><br>Date:      October 30, 2009<br>Time:     10:00 a.m.<br>Place:    U.S. Bankruptcy Court<br>           99 South "E" Street<br>           Santa Rosa, California<br>Judge:   The Honorable Alan Jaroslovsky |

## DEBTORS' MOTION FOR APPROVAL OF SALE OF REAL PROPERTY
### (De La Montanya Winery Partial Interest)

    CLEMENT C. CARINALLI and ANN MARIE CARINALLI, the debtors-in-possession herein (the "Debtors"), by and through their undersigned counsel, hereby move (this "Motion") the above-entitled Bankruptcy Court, pursuant to the provisions of Section 363 of the Bankruptcy Code, for an order approving the sale of the Debtors' partial interest in real property and improvements located at 999 Forman Lane, Healdsburg, California and known as the De La Montanya Winery (the "Winery Property"), to the other partial owners of the property, Dennis and Tina De La Montanya, for the reasons set forth below.

### I.   JURISDICTION AND VENUE

    This Court has jurisdiction to hear and determine this Motion pursuant to 28 U.S.C. §§ 1334 and 157. The Court's consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409. The statutory

1

1 | authority for the Motion is Section 363 of the Bankruptcy Code.

2 | ## II.  STATEMENT OF FACTS

3 | The record of the Bankruptcy Court, together with the declaration of Clement C. Carinalli (the

4 | "Carinalli Declaration") filed concurrently herewith, establish the following pertinent facts:

5 | **A.**  **The Debtors and the Chapter 11 Case**

6 | 1.  On September 14, 2009 (the "Petition Date"), three creditors (collectively, the

7 | "Petitioners") filed an involuntary petition (the "Petition") against the Mr. Carinalli, seeking

8 | commencement of a case under chapter 7 of the Bankruptcy Code.

9 | 2.  Immediately upon receipt of the Petition, the Debtors, through counsel, contacted the

10 | Petitioners and proposed to stipulate to entry of an order for relief under chapter 11 of the Bankruptcy

11 | Code, and accordingly, pursuant to stipulation, on September 29, 2009, the Bankruptcy Court entered

12 | an *Order for Relief in Chapter 11* (the "Order for Relief").  The Order for Relief provided that both

13 | of the Debtors became joint debtors in possession under chapter 11 of the Bankruptcy Code.

14 | 3.  The Debtors remain in possession of their estate and continue to operate and manage

15 | their business affairs.  It is the Debtors' intent to propose a plan of reorganization for the treatment

16 | and disposition of all property and obligations within their estate.

17 | 4.  The Debtors' estate contains numerous real property assets, interests in operating and

18 | real estate entities and other assets with substantial value that the Debtors intend to realize for the

19 | benefit of their secured and unsecured creditors, both during the chapter 11 process and through their

20 | reorganization plan.

21 | **B.**  **The Winery Property and Estate Interest**

22 | 5.  One of the Debtors' real property assets is a 50% undivided interest in the Winery

23 | Property, consisting of real property and improvements located at 999 Forman Lane, Healdsburg,

24 | California, A.P.N. 110-130-022 in the Sonoma County records.  The Winery Property is comprised of

25 | approximately 5.5 acres of land, including roughly 3.0 net acres of vineyards, with improvements that

26 | include a 3,135-square foot winery facility, a 1,097-square foot guest house, an 833-square foot rental

27 | house and a 400-square foot carport.  The property is permitted and used as a winery, with up to

28 | 10,000-case annual production (of which only 2,500 cases may be crushed on site) and public tastings

2

on the weekends only.

6.     The Winery Property was appraised as of April 7, 2009 as having an "as-is" value of $2,440,000, assuming 12 months' marketing at appraised value.  Excerpts of that appraisal, prepared by Michael T. Jordan, are attached as **Exhibit "A"** to the Carinalli Declaration.

7.     The Winery Property is co-owned, 50/50, by the Debtors, on the one hand, and Dennis and Tina De La Montanya (the "De La Montanyas"), long-time business partners of the Debtors, on the other hand.  The De La Montanyas operate a winery on the premises of the Winery Property, in which the Debtors have no ownership interest.

8.     The Winery Property is encumbered by a deed of trust in favor of American AgCredit, FLCA (the "Lender"), which is owed approximately $990,000 on account of a promissory note (as subsequently modified, the "Lender Note") in the original principal amount of $1,000,000, signed in March 2003.  A copy of the Lender Note, with its modification, is attached as **Exhibit "B"** to the Carinalli Declaration.  The Lender Note memorialized a loan made by the Lender to the Debtors and the De La Montanyas, the proceeds of which were used to satisfy existing purchase money obligations and to reimburse construction costs.

9.     Whereas earlier principal payments were made, the Lender Note as amended requires only interest payments, in the amount of $6,277.44 per month.  All such payments are made by the De La Montanyas, from cashflow of their winery operations, in lieu of payments of rent.

**C.     Proposed Sale of the Winery Property**

10.     In 2008, the Debtors and the De La Montanyas negotiated a buy-out of the Debtors' interest in the Winery Property, for the purchase price of $700,000.00, on an "as-is, where-is" basis. Negotiation of the purchase price was made in good faith and at arms' length, informed by the results of an earlier appraisal that preceded the appraisal attached to the Carinalli Declaration.

11.     In particular, assuming an "as-is" value of $2,440,000, an encumbering lien of approximately $990,000, and presumed selling costs of six percent, or $146,400, the realizable equity in the Winery Property is roughly $1,300,000, and the Debtors' one-half interest is approximately $650,000.  "Rounding up," the parties reached the agreed purchase price of $700,000.00.

12.     The transaction was delayed until July 2009 in order to avoid a substantial prepayment

3

penalty under the Lender Note. Upon expiration of that penalty, the Debtors and the De La Montanyas entered into a purchase agreement based upon that purchase price (the "Purchase Agreement"), in July 2009. A copy of the Purchase Agreement is attached as **Exhibit "C"** to the Carinalli Declaration.

13. All contingencies for the sale have been waived or removed, and closing documents have been drafted and deposited into escrow.

14. The Debtors believe that the proposed sale of their undivided interest in the Winery Property, upon the terms set forth in the Purchase Agreement, is in the best interests of their estate, for these reasons: First, the sale price is equal to, or slightly greater than, full appraised value, after taking into account the existing lien of the Lender and likely closing costs. Second, the proposed sale will produce much-needed cash for the Debtors' estate, with which the Debtors will be able to make debt service payments, and fund operating costs, essential to the preservation of other estate property with realizable equity value.

15. Third, the Debtors do not believe that their partial interest would be readily saleable to third parties, given the De La Montanyas' remaining interest and use of the Winery Property, and even by the appraiser's estimation, a sale at full appraised value would require 12 months of marketing by a commissioned broker, all of which is avoided in the proposed sale.

### III.  RELIEF REQUESTED

By this Motion, the Debtors seek entry of an order, pursuant to Section 363 of the Bankruptcy Code, granting the following relief:

A.  Approving the Purchase Agreement and authorizing the Debtors to perform thereunder, pursuant to the provisions of Section 363(b) of the Bankruptcy Code;

B.  Finding that the Debtors and the De La Montanyas have acted in good faith in connection with the proposed sale under the Purchase Agreement, pursuant to Section 363(m) of the Bankruptcy Code.

C.  Waiving the 10-day stay imposed by the provisions of Rule 6004(h) of the Bankruptcy Rules.

LAW OFFICES
**MEYERS LAW GROUP, P.C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

4

LAW OFFICES
**MEYERS LAW GROUP, P.C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

# IV. DISCUSSION

Section 363 of the Bankruptcy Code governs the sale of assets outside of the ordinary course of a Debtors' business. For the reasons set forth below, the relief sought in this Motion is warranted by the provisions of that statute.

## A. Sale of the Winery Property Under Section 363(b)

Section 363(b) of the Bankruptcy Code permits a debtor-in-possession to sell property of the estate other than in the ordinary course of business after notice and a hearing. 11 U.S.C. § 363(b). Further, Section 105(a) of the Bankruptcy Code allows a bankruptcy court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). A bankruptcy court's power to authorize a sale under Section 363(b) is to be exercised at the court's discretion. *In re WPRV-TV,* 983 F.2d 336, 340 (1st Cir. 1993), *New Haven Radio, Inc. v. Meister (In re Martin-Trigona),* 750 F.2d 1334, 1346 (2d Cir. 1985), *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063 (2d Cir. 1983).

A number of courts have held that the sale of chapter 11 estate property in a manner outside of the ordinary course of business, and outside of the context of a confirmed plan, is appropriate if the debtor or trustee demonstrates a "sound business purpose" for doing so. *See*, *e.g.*, *In re American Devel. Corp.,* 95 B.R. 735, 739 (Bankr. C.D. Cal. 1989); *In re Walters*, 83 B.R. 14 (9th Cir. BAP 1988); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986); *In re Lionel Corp., supra; In re Delaware & Hudson Ry. Co.*, 124 B.R. 169 (D. Del. 1991); *In re Titusville Country Club*, 128 B.R. 396 (W.D. Pa. 1991); *In re Indus. Valley Refrigeration and Air Conditioning Supplies, Inc.*, 77 B.R. 15 (E.D. Pa. 1987).

Courts have considered a number of factors in determining whether to approve a sale of assets under Section 363(b), including (1) whether a sound business reason exists for the proposed transaction; (2) whether fair and reasonable consideration is being provided; (3) whether the transaction has been proposed and negotiated in good faith; and (4) whether adequate and reasonable notice has been provided. *See*, *e.g.*, *In re Ewell,* 958 F.2d 275 (9th Cir. 1992) (declining to set aside or modify a sale pursuant to 11 U.S.C. § 363 because the price was fair and reasonable and the buyer was a good faith purchaser pursuant to Section 363(m) of the Bankruptcy Code); *In re King-Wilson,*

5

LAW OFFICES
**MEYERS LAW GROUP, P.C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

1998 U.S. Dist. LEXIS 16595 at *11-12 (N.D. Cal. Oct. 13, 1998); *In re Canyon P'ship,* 55 B.R. 520 (Bankr. S.D. Cal. 1985).

Courts within the Ninth Circuit have authorized sales of debtors' assets pursuant to Section 363(b) where there are good business reasons to do so. *See, e.g. In re American Development Corp., supra,* 95 B.R. at 739 (among the factors that determine whether a good business reason exists is whether the sale is in the best interests of the estate's creditors); *In re Photocopy & Supply, Inc.* 1994 WL 553065 at *1 (Bankr. D. Idaho 1994); *see also In re Lionel Corp.*, *supra*, 722 F.2d at 1071 (setting forth the "sound business purpose" test).

In *Lionel*, which involved the sale of substantially all of the assets of the debtor, the Second Circuit Court of Appeals held that the standard for the proper exercise of the debtor's discretion is whether there is a good business reason for that exercise (*Id.* at 1071), and the Court adopted, in part, the following criteria for evaluating whether a good business reason exists for authorizing a sale of assets of a debtor:

A. the proportionate value of the asset to the estate as a whole;

B. the amount of elapsed time since the filing of the petition;

C. the likelihood that a plan will be proposed and confirmed in the near future;

D. the effect of the proposed disposition on future plans of reorganization; and

E. most importantly, whether the assets to be sold are decreasing or increasing in value.

*Id.*

In *Delaware & Hudson Ry. Co.*, *supra*, the District Court noted that evidence supporting the proposed purchase price as being fair and reasonable included extensive solicitation of bids by the trustee, negotiations with several prospective purchasers, and the trustee's testimony that the accepted offer was the best offer received for the debtor's assets. *Id.* at 179.

Here, the proposed sale of the Debtors' partial interest in the Winery Property upon the terms of the Purchase Agreement fit squarely within the parameters of the sound business judgment test articulated in all of the above-referenced authorities. First, the Debtors have demonstrated a sound business purpose for the proposed sale, given the circumstances, including limited cash resources and

6

the need for cash to preserve and maintain other estate property with realizable equity value. Second, as established by appraisal, the proposed purchase price is fair and reasonable, producing full value for the Debtors' interest in the Winery Property in its present condition. Third, in the current economic climate, in which real property sales are few and far between, a sale that can realize the estate's equity value in the Winery Property is clearly in the best interests of the estate. This is particularly true here, where the Debtors' interest in the Winery Property is only partial, and finding a third party willing to purchase an undivided interest of property operated by a co-owner would be problematic and time-consuming at best.

Accordingly, the proposed sale of the Subject Property should be approved.

**B.    Good Faith Determination Under Section 363(m)**

In the event that the Court approves the proposed sale under the terms of the Purchase Agreement, the Debtors wish to ensure the finality and reliability of the sale of the Debtors' interest in the Winery Property, by facilitating the consummation of the transaction even in the event of an appeal. To that end, the Debtors seek a finding of good faith under the provisions of Section 363(m) of the Bankruptcy Code, which provides as follows:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

Although the Bankruptcy Code does not define term "good faith," the Court of Appeals for the Ninth Circuit has held that:

> "For purposes of § 363(m), a 'good faith purchaser' is one who buys 'in good faith' and 'for value.' This court has said that 'lack of good faith' is shown by 'fraud, collusion between the purchaser and the trustee, or an attempt to take grossly unfair advantage of other bidders.'

*In re Serzow*, 1994 U.S. App. LEXIS 16392, at 4-6 (9th Cir. June 1994) (citations omitted). *See also, In re Ewell*, 958 F.2d 276, 281 (9th Cir. 1992).

As set forth hereinabove and in the Carinalli Declaration, the terms of the Purchase Agreement were negotiated at arms' length and in good faith, without collusion or fraud. The

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

7

LAW OFFICES

**MEYERS LAW GROUP, P.C.**

44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

Debtors negotiated the terms of the Purchase Agreement with the De La Montanyas in order to obtain a feasible and beneficial sale of their interest in the Winery Property, and the Debtors have no information to suggest any lack of good faith on the part of the De La Montanyas. Whereas the Debtors have a long-time business relationship with the De La Montanyas, they do not believe that that relationship or any other existing connections have influenced the sale terms to any degree. The Debtors do not believe that any collusion has been involved in any of the De La Montanyas' conduct in this matter, all of which conduct appears to the Debtors to have been fair and straightforward.

Under those circumstances, the Debtors submit that a finding of good faith, and a determination that the De La Montanyas are a good faith purchaser, is appropriate in this case.

**C.     Waiver Of Rule 6004(h) Stay**

Lastly, the Debtors request that the Court waive the ten (10) day stay imposed on orders authorizing the use, sale, or lease of property, by Rule 6004(h) of the Bankruptcy Rules. There is no reason to stay the proposed sale of the estate's interest in the Winery Property, and allowing the parties to close the proposed sale in an expeditious manner would benefit the Debtors' estate by ensuring a prompt closing to a sale that has been pending for many months.

## V.     CONCLUSION

WHEREFORE, the Debtors respectfully submit that the best interests of creditors and all parties-in-interest will be served by allowing the Debtors to sell their interest in the Winery Property as set forth above, and by granting such other relief as is set forth in Section III above, and that this Motion should therefore be granted.

DATED: October 9, 2009

MEYERS LAW GROUP, P.C.


By:   __/s/  Merle C. Meyers_____
        Merle C. Meyers, Esq.
        Attorneys for Clement C. and Ann Marie Carinalli,
        Debtors

8

MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar #66849
EDIE WALTERS, ESQ., CA Bar #262730
D. CLARKE SUGAR, ESQ., CA Bar #251681
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

Attorneys for Clement C. and Ann Marie Carinalli, Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

In re

CLEMENT C. and ANN MARIE
CARINALLI,

            Debtors

S.S.Ns: XXXX-XX-8623 and
           XXXX-XX-5690

Case No. 09-12986

Under Chapter 11

Date:    October 30, 2009
Time:    10:00 a.m.
Place:   U.S. Bankruptcy Court
          99 South "E" Street
          Santa Rosa, California
Judge:  The Honorable Alan Jaroslovsky

## DEBTORS' MOTION FOR APPROVAL OF SALE OF REAL PROPERTY
### (De La Montanya Winery Partial Interest)

    CLEMENT C. CARINALLI and ANN MARIE CARINALLI, the debtors-in-possession herein (the "Debtors"), by and through their undersigned counsel, hereby move (this "Motion") the above-entitled Bankruptcy Court, pursuant to the provisions of Section 363 of the Bankruptcy Code, for an order approving the sale of the Debtors' partial interest in real property and improvements located at 999 Forman Lane, Healdsburg, California and known as the De La Montanya Winery (the "Winery Property"), to the other partial owners of the property, Dennis and Tina De La Montanya, for the reasons set forth below.

### I.   JURISDICTION AND VENUE

    This Court has jurisdiction to hear and determine this Motion pursuant to 28 U.S.C. §§ 1334 and 157. The Court's consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409. The statutory

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

1

LAW OFFICES

**MEYERS LAW GROUP, P.C.**

44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

1  authority for the Motion is Section 363 of the Bankruptcy Code.

## II.   STATEMENT OF FACTS

The record of the Bankruptcy Court, together with the declaration of Clement C. Carinalli (the "Carinalli Declaration") filed concurrently herewith, establish the following pertinent facts:

### A.   The Debtors and the Chapter 11 Case

1.    On September 14, 2009 (the "Petition Date"), three creditors (collectively, the "Petitioners") filed an involuntary petition (the "Petition") against the Mr. Carinalli, seeking commencement of a case under chapter 7 of the Bankruptcy Code.

2.    Immediately upon receipt of the Petition, the Debtors, through counsel, contacted the Petitioners and proposed to stipulate to entry of an order for relief under chapter 11 of the Bankruptcy Code, and accordingly, pursuant to stipulation, on September 29, 2009, the Bankruptcy Court entered an *Order for Relief in Chapter 11* (the "Order for Relief").  The Order for Relief provided that both of the Debtors became joint debtors in possession under chapter 11 of the Bankruptcy Code.

3.    The Debtors remain in possession of their estate and continue to operate and manage their business affairs.  It is the Debtors' intent to propose a plan of reorganization for the treatment and disposition of all property and obligations within their estate.

4.    The Debtors' estate contains numerous real property assets, interests in operating and real estate entities and other assets with substantial value that the Debtors intend to realize for the benefit of their secured and unsecured creditors, both during the chapter 11 process and through their reorganization plan.

### B.   The Winery Property and Estate Interest

5.    One of the Debtors' real property assets is a 50% undivided interest in the Winery Property, consisting of real property and improvements located at 999 Forman Lane, Healdsburg, California, A.P.N. 110-130-022 in the Sonoma County records.  The Winery Property is comprised of approximately 5.5 acres of land, including roughly 3.0 net acres of vineyards, with improvements that include a 3,135-square foot winery facility, a 1,097-square foot guest house, an 833-square foot rental house and a 400-square foot carport.  The property is permitted and used as a winery, with up to 10,000-case annual production (of which only 2,500 cases may be crushed on site) and public tastings

2

on the weekends only.

6.    The Winery Property was appraised as of April 7, 2009 as having an "as-is" value of $2,440,000, assuming 12 months' marketing at appraised value.  Excerpts of that appraisal, prepared by Michael T. Jordan, are attached as **Exhibit "A"** to the Carinalli Declaration.

7.    The Winery Property is co-owned, 50/50, by the Debtors, on the one hand, and Dennis and Tina De La Montanya (the "De La Montanyas"), long-time business partners of the Debtors, on the other hand.  The De La Montanyas operate a winery on the premises of the Winery Property, in which the Debtors have no ownership interest.

8.    The Winery Property is encumbered by a deed of trust in favor of American AgCredit, FLCA (the "Lender"), which is owed approximately $990,000 on account of a promissory note (as subsequently modified, the "Lender Note") in the original principal amount of $1,000,000, signed in March 2003.  A copy of the Lender Note, with its modification, is attached as **Exhibit "B"** to the Carinalli Declaration.  The Lender Note memorialized a loan made by the Lender to the Debtors and the De La Montanyas, the proceeds of which were used to satisfy existing purchase money obligations and to reimburse construction costs.

9.    Whereas earlier principal payments were made, the Lender Note as amended requires only interest payments, in the amount of $6,277.44 per month.  All such payments are made by the De La Montanyas, from cashflow of their winery operations, in lieu of payments of rent.

## C.    Proposed Sale of the Winery Property

10.    In 2008, the Debtors and the De La Montanyas negotiated a buy-out of the Debtors' interest in the Winery Property, for the purchase price of $700,000.00, on an "as-is, where-is" basis. Negotiation of the purchase price was made in good faith and at arms' length, informed by the results of an earlier appraisal that preceded the appraisal attached to the Carinalli Declaration.

11.    In particular, assuming an "as-is" value of $2,440,000, an encumbering lien of approximately $990,000, and presumed selling costs of six percent, or $146,400, the realizable equity in the Winery Property is roughly $1,300,000, and the Debtors' one-half interest is approximately $650,000.  "Rounding up," the parties reached the agreed purchase price of $700,000.00.

12.    The transaction was delayed until July 2009 in order to avoid a substantial prepayment

3

LAW OFFICES
**MEYERS LAW GROUP, P.C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA  94104

LAW OFFICES

**MEYERS LAW GROUP, P.C.**

44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

penalty under the Lender Note. Upon expiration of that penalty, the Debtors and the De La Montanyas entered into a purchase agreement based upon that purchase price (the "Purchase Agreement"), in July 2009. A copy of the Purchase Agreement is attached as **Exhibit "C"** to the Carinalli Declaration.

13. All contingencies for the sale have been waived or removed, and closing documents have been drafted and deposited into escrow.

14. The Debtors believe that the proposed sale of their undivided interest in the Winery Property, upon the terms set forth in the Purchase Agreement, is in the best interests of their estate, for these reasons: First, the sale price is equal to, or slightly greater than, full appraised value, after taking into account the existing lien of the Lender and likely closing costs. Second, the proposed sale will produce much-needed cash for the Debtors' estate, with which the Debtors will be able to make debt service payments, and fund operating costs, essential to the preservation of other estate property with realizable equity value.

15. Third, the Debtors do not believe that their partial interest would be readily saleable to third parties, given the De La Montanyas' remaining interest and use of the Winery Property, and even by the appraiser's estimation, a sale at full appraised value would require 12 months of marketing by a commissioned broker, all of which is avoided in the proposed sale.

### III.   <u>RELIEF REQUESTED</u>

By this Motion, the Debtors seek entry of an order, pursuant to Section 363 of the Bankruptcy Code, granting the following relief:

A. Approving the Purchase Agreement and authorizing the Debtors to perform thereunder, pursuant to the provisions of Section 363(b) of the Bankruptcy Code;

B. Finding that the Debtors and the De La Montanyas have acted in good faith in connection with the proposed sale under the Purchase Agreement, pursuant to Section 363(m) of the Bankruptcy Code.

C. Waiving the 10-day stay imposed by the provisions of Rule 6004(h) of the Bankruptcy Rules.

4

# IV. DISCUSSION

Section 363 of the Bankruptcy Code governs the sale of assets outside of the ordinary course of a Debtors' business. For the reasons set forth below, the relief sought in this Motion is warranted by the provisions of that statute.

## A. Sale of the Winery Property Under Section 363(b)

Section 363(b) of the Bankruptcy Code permits a debtor-in-possession to sell property of the estate other than in the ordinary course of business after notice and a hearing. 11 U.S.C. § 363(b). Further, Section 105(a) of the Bankruptcy Code allows a bankruptcy court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). A bankruptcy court's power to authorize a sale under Section 363(b) is to be exercised at the court's discretion. *In re WPRV-TV,* 983 F.2d 336, 340 (1st Cir. 1993), *New Haven Radio, Inc. v. Meister (In re Martin-Trigona),* 750 F.2d 1334, 1346 (2d Cir. 1985), *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063 (2d Cir. 1983).

A number of courts have held that the sale of chapter 11 estate property in a manner outside of the ordinary course of business, and outside of the context of a confirmed plan, is appropriate if the debtor or trustee demonstrates a "sound business purpose" for doing so. *See*, *e.g.*, *In re American Devel. Corp.,* 95 B.R. 735, 739 (Bankr. C.D. Cal. 1989); *In re Walters*, 83 B.R. 14 (9th Cir. BAP 1988); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986); *In re Lionel Corp., supra; In re Delaware & Hudson Ry. Co.*, 124 B.R. 169 (D. Del. 1991); *In re Titusville Country Club*, 128 B.R. 396 (W.D. Pa. 1991); *In re Indus. Valley Refrigeration and Air Conditioning Supplies, Inc.*, 77 B.R. 15 (E.D. Pa. 1987).

Courts have considered a number of factors in determining whether to approve a sale of assets under Section 363(b), including (1) whether a sound business reason exists for the proposed transaction; (2) whether fair and reasonable consideration is being provided; (3) whether the transaction has been proposed and negotiated in good faith; and (4) whether adequate and reasonable notice has been provided. *See*, *e.g.*, *In re Ewell,* 958 F.2d 275 (9th Cir. 1992) (declining to set aside or modify a sale pursuant to 11 U.S.C. § 363 because the price was fair and reasonable and the buyer was a good faith purchaser pursuant to Section 363(m) of the Bankruptcy Code); *In re King-Wilson,*

5

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

1998 U.S. Dist. LEXIS 16595 at *11-12 (N.D. Cal. Oct. 13, 1998); *In re Canyon P'ship,* 55 B.R. 520 (Bankr. S.D. Cal. 1985).

Courts within the Ninth Circuit have authorized sales of debtors' assets pursuant to Section 363(b) where there are good business reasons to do so. *See, e.g. In re American Development Corp., supra,* 95 B.R. at 739 (among the factors that determine whether a good business reason exists is whether the sale is in the best interests of the estate's creditors); *In re Photocopy & Supply, Inc.* 1994 WL 553065 at *1 (Bankr. D. Idaho 1994); *see also In re Lionel Corp.*, *supra*, 722 F.2d at 1071 (setting forth the "sound business purpose" test).

In *Lionel*, which involved the sale of substantially all of the assets of the debtor, the Second Circuit Court of Appeals held that the standard for the proper exercise of the debtor's discretion is whether there is a good business reason for that exercise (*Id.* at 1071), and the Court adopted, in part, the following criteria for evaluating whether a good business reason exists for authorizing a sale of assets of a debtor:

A.  the proportionate value of the asset to the estate as a whole;

B.  the amount of elapsed time since the filing of the petition;

C.  the likelihood that a plan will be proposed and confirmed in the near future;

D.  the effect of the proposed disposition on future plans of reorganization; and

E.  most importantly, whether the assets to be sold are decreasing or increasing in value.

*Id.*

In *Delaware & Hudson Ry. Co.*, *supra*, the District Court noted that evidence supporting the proposed purchase price as being fair and reasonable included extensive solicitation of bids by the trustee, negotiations with several prospective purchasers, and the trustee's testimony that the accepted offer was the best offer received for the debtor's assets. *Id.* at 179.

Here, the proposed sale of the Debtors' partial interest in the Winery Property upon the terms of the Purchase Agreement fit squarely within the parameters of the sound business judgment test articulated in all of the above-referenced authorities. First, the Debtors have demonstrated a sound business purpose for the proposed sale, given the circumstances, including limited cash resources and

6

LAW OFFICES
**MEYERS LAW GROUP, P.C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

the need for cash to preserve and maintain other estate property with realizable equity value. Second, as established by appraisal, the proposed purchase price is fair and reasonable, producing full value for the Debtors' interest in the Winery Property in its present condition. Third, in the current economic climate, in which real property sales are few and far between, a sale that can realize the estate's equity value in the Winery Property is clearly in the best interests of the estate. This is particularly true here, where the Debtors' interest in the Winery Property is only partial, and finding a third party willing to purchase an undivided interest of property operated by a co-owner would be problematic and time-consuming at best.

Accordingly, the proposed sale of the Subject Property should be approved.

**B.      Good Faith Determination Under Section 363(m)**

In the event that the Court approves the proposed sale under the terms of the Purchase Agreement, the Debtors wish to ensure the finality and reliability of the sale of the Debtors' interest in the Winery Property, by facilitating the consummation of the transaction even in the event of an appeal. To that end, the Debtors seek a finding of good faith under the provisions of Section 363(m) of the Bankruptcy Code, which provides as follows:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

Although the Bankruptcy Code does not define term "good faith," the Court of Appeals for the Ninth Circuit has held that:

> "For purposes of § 363(m), a 'good faith purchaser' is one who buys 'in good faith' and 'for value.' This court has said that 'lack of good faith' is shown by 'fraud, collusion between the purchaser and the trustee, or an attempt to take grossly unfair advantage of other bidders.'

*In re Serzow*, 1994 U.S. App. LEXIS 16392, at 4-6 (9th Cir. June 1994) (citations omitted). *See also, In re Ewell,* 958 F.2d 276, 281 (9th Cir. 1992).

As set forth hereinabove and in the Carinalli Declaration, the terms of the Purchase Agreement were negotiated at arms' length and in good faith, without collusion or fraud. The

7

MEYERS LAW GROUP, P.C.
LAW OFFICES
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

1  Debtors negotiated the terms of the Purchase Agreement with the De La Montanyas in order to obtain

2  a feasible and beneficial sale of their interest in the Winery Property, and the Debtors have no

3  information to suggest any lack of good faith on the part of the De La Montanyas.  Whereas the

4  Debtors have a long-time business relationship with the De La Montanyas, they do not believe that

5  that relationship or any other existing connections have influenced the sale terms to any degree.  The

6  Debtors do not believe that any collusion has been involved in any of the De La Montanyas' conduct

7  in this matter, all of which conduct appears to the Debtors to have been fair and straightforward.

8       Under those circumstances, the Debtors submit that a finding of good faith, and a

9  determination that the De La Montanyas are a good faith purchaser, is appropriate in this case.

10  **C.    Waiver Of Rule 6004(h) Stay**

11       Lastly, the Debtors request that the Court waive the ten (10) day stay imposed on orders

12  authorizing the use, sale, or lease of property, by Rule 6004(h) of the Bankruptcy Rules.  There is no

13  reason to stay the proposed sale of the estate's interest in the Winery Property, and allowing the

14  parties to close the proposed sale in an expeditious manner would benefit the Debtors' estate by

15  ensuring a prompt closing to a sale that has been pending for many months.

16                   **V.   CONCLUSION**

17       WHEREFORE, the Debtors respectfully submit that the best interests of creditors and all

18  parties-in-interest will be served by allowing the Debtors to sell their interest in the Winery Property

19  as set forth above, and by granting such other relief as is set forth in Section III above, and that this

20  Motion should therefore be granted.

21  DATED:  October 9, 2009

22                  MEYERS LAW GROUP, P.C.

23

24                  By:   /s/  Merle C. Meyers
                    Merle C. Meyers, Esq.

25                      Attorneys for Clement C. and Ann Marie Carinalli,
                    Debtors

26

27

28

DEBTORS' MOTION FOR APPROVAL OF SALE OF REAL PROPERTY (De La Montanya Winery Partial Interest)
24138.DOC