DOWNEY BRAND LLP
R. DALE GINTER (Bar No. 100784)
621 Capitol Mall, 18th Floor
Sacramento, CA 95814-4731
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
dginter@downeybrand.com

Attorney for Creditor
Summit State Bank

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA

| | |
|---|---|
| CLEMENT C. CARINALLI, ANN MARIE CARINALLI,<br><br>Debtors. | Case No. 09-12986<br><br>Chapter Number: 11<br><br>**SUMMIT STATE BANK'S RESPONSE TO DEBTORS' MOTION FOR APPROVAL OF (A) SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS, AND (B) PAYMENT OF CLOSING ASSISTANCE FEE (2425 Mendocino Avenue, Santa Rosa)**<br><br>Date: October 30, 2009<br>Time: 10:00 a.m.<br>Place: US Bankruptcy Court<br>       99 South "E" Street<br>       Santa Rosa, CA<br>Judge: The Honorable Alan Jaroslovsky |

Summit State Bank ("Bank") responds to the Debtors' Motion for Approval of (A) Sale of Real Property Free and Clear of Liens and Interests, and (B) Payment of Closing Assistance Fee (the "Sale Motion"). The Bank does not object to the proposed sale of the 2425 Mendocino Avenue property ("Property"), *per se*, but does object to the Sale Motion to the extent that it does not provide for the payment of the Bank's deeds of trust out of escrow at the close of the sale.

As of the Petition Date, September 14, 2009, the Debtors had 6 loans owing to the Bank in

the total amount of $8,920,298.13. Of this amount, $6,920,298.14 is secured by real estate and $1,999,999.99 is unsecured. The Bank is the beneficiary of both the first and second priority deeds of trust on the Property. Although more will be owing to payoff these loans by the time of closing the sale, the amount owing as of the Petition Date on the Bank's first deed of trust ("First Trust Deed") was $1,017, 366.91, and the amount owing on the Bank's second deed of trust ("Second Trust Deed") was $106,931.23. See the Declaration of Cheryl Cruz, Special Assets Collections Officer for the Bank ("Cruz Declaration").

The Sale Motion implies that the Bank's First Trust Deed will be paid from escrow at close, but is not explicit on this point. There is no reason for not paying the Bank's First Trust Deed and, indeed, the Sale Motion does not seek a 363(f) sale free and clear of the Bank's First Trust Deed. Therefore, the proposed sale should only be approved if conditioned upon the payment of the Bank's First Trust Deed from the escrow at the close of the sale.

As to the Bank's Second Trust Deed the Sale Motion alleges that it "…may be avoidable, at least in part." The Sale Motion also alludes to the possibility of the Second Trust Deed being a preferential transfer because the loan draws from the Second Trust Deed we used to make loan payments to the Bank on its other loans.

The Second Deed of Trust is a relatively new loan entered into on June 24, 2009. The Second Trust Deed was recorded timely and contemporaneously with entering into this new loan. New money was advanced for this loan. See Cruz Decl. As such the recordation of the Second Trust Deed was not a transfer in satisfaction of an antecedent debt – an absolute prerequisite to being a preferential transfer under Bankruptcy Code § 547. The Second Trust Deed is not even arguably preferential.

The Bank acknowledges that the loan draws of $106,931.23 were used to make payments to the Bank on its other loans to the Debtors. Of this amount, only $ $11,375.00 was paid on the Debtors' unsecured loans to the Bank. The remaining $ $95,556.23 was paid on the Debtors' other secured loans owing to the Bank. See Cruz Decl.

Only $ $11,375.00 is arguably preferential. The remaining $ $95,556.23 reduced other secured loans that would ultimately have to be paid in any event.

Ultimately, the Debtors can bring whatever preference actions they think warranted. But the Debtors' request to hold the Bank's money is tantamount to obtaining a writ of attachment or injunction against the Bank without filing any lawsuit or making any evidentiary showing.

Furthermore, not paying the Bank will result in a continuing accrual of interest that will ultimately be detrimental to the estate. The Court should require the Bank's Second Trust Deed to be paid from escrow at the close of the sale. If the Debtors wish to bring an avoidance action they can do so.

Alternatively the Court should at least require the Debtors to pay the $ $95,556.23 under the Second Trust Deed that was used to pay debt service on the Debtors' other secured obligations to the Bank. In this event the Debtors should be required hold $50,000.00 from the sale proceeds of the Property in escrow to pay the Bank in the event the Debtors' allegations prove meritless. This amount may seem too much but it must be remembered that the Bank will be entitled to its attorneys fees as part of its secured claim under Bankruptcy Code § 506(b).

Finally, if the Court does not require the Debtors to pay any of the amounts owing under the Second Trust Deed it should require the Debtors to hold $175,000 from the sale proceeds of the Property in escrow to pay the Bank in the event the Debtors' allegations prove meritless. Again, the Bank will be entitled to its attorney fees as part of its secured claim under Bankruptcy Code § 506(b).

WHEREFORE, Summit State Bank prays the Court to authorize the sale of the Property but require:

1. Payment in full of the Bank's First Trust Deed by the escrow holder from the proceeds of sale at the closing of the sale;

2. Payment in full of the Bank's Second Trust Deed by the escrow holder from the proceeds of sale at the closing of the sale; or, in the alternative;

    A. Payment of $ $95,556.23 in partial payment of the Bank's Second Trust Deed by the escrow holder from the proceeds of sale at the closing of the sale in conjunction with the escrow holder retaining $50,000 in escrow pending the determination of the Debtors' and Bank's rights to the unpaid amount of $ $11,375.00; or,

B. The retention of $175,000 by the escrow holder pending the determination of the Debtors' and Bank's rights under the Second Trust Deed.

DATED: October 16, 2009        DOWNEY BRAND LLP

By: _____
R. DALE GINTER
Attorney for Creditor
Summit State Bank

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Downey Brand LLP, 621 Capitol Mall, 18th Floor, Sacramento, California, 95814-4731. On October 16, 2009, I served the within document(s):

**RESPONSE TO DEBTORS' MOTION FOR APPROVAL OF (A) SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS, AND (B) PAYMENT OF CLOSING ASSISTANCE FEE (2425 Mendocino Avenue, Santa Rosa); DECLARATION OF CHERYL CRUZ IN SUPPORT**

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY HAND:** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ **BY MAIL/EMAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth below.

**By Email to Merle Meyers at Email: mmeyers@mlg-pc.com**

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY PERSONAL DELIVERY:** by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

See Attached Service List

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 16, 2009, at Sacramento, California.

_____
Susan Heaton

1035165.2

*In re: Carinalli;*
*USBC ND, #09-12986*

Clement and Ann Marie Carinalli
520 Mendocino Ave., Suite 250
Santa Rosa, CA   95401
*Debtor*

D. Clarke Sugar/Merle C. Meyers
The Meyers Law Group
44 Montgomery Street
San Francisco, CA   94104
*Attorney for Debtors*

Douglas B. Provencher
Law Offices-Provencher and Flatt
823 Sonoma Ave.
Santa Rosa, CA   95404
*Attorney for Petitioning Creditors*

U.S. Trustee
Office of the U.S. Trustee
235 Pine Street
San Francisco, CA   94104

*Request for Special Notice*

John H. Wunsch
Office of General Counsel
Wells Fargo & Co.
21680 Gateway Center Dr., #280
Diamond Bar, CA  91765-2435

Wells Fargo Bank NA
c/o Robert B. Kaplan, Esq.
Jeffer Mangels Butler Marmaro
Two Embarcadero Cntr, 5th Fl.
San Francisco, CA   94111

Atlas Peak Equipment
c/o W. Michael Celestre
3650 Mt. Diablo Blvd., #180
Lafayette, CA   94549

North Valley Bank
c/o Thomas Willoughby/J. Huh
Felderstein Fitzgerald Willoughby
400 Capitol Mall, #1450
Sacramento, CA   95814

Luther Burbank Savings
c/o E. Friedman/E. Hammond
Friedman Dumas & Springwater
150 Spear St., #1600
San Francisco, CA   94105

Luther Burbank Savings
c/o J. Friedemann/A. Dydell
Friedemann Goldberg
420 Aviation Blvd., #201
Santa Rosa, CA   95403

Ad Hoc Comm-Unsecured Creditors
John H. MacConaghy
MacConaghy & Barnier, PLC
645 First St., West
Sonoma, CA   95476

Beyers Costin
C. Costin/B. Haroche
200 Fourth St., #400
Santa Rosa, CA   95401

WestAmerica Bank
David M. Wiseblood
Seyfarth Shaw LLP
560 Mission Street, Suite 3100
San Francisco, CA 94105