MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar #66849
EDIE WALTERS, ESQ., CA Bar #262730
D. CLARKE SUGAR, ESQ., CA Bar #251681
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

Attorneys for Clement C. and Ann Marie Carinalli, Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

In re

CLEMENT C. and ANN MARIE CARINALLI,

   Debtors

S.S.Ns: XXXX-XX-8623 and
        XXXX-XX-5690

Case No. 09-12986

Under Chapter 11

**INTERIM ORDER GRANTING DEBTORS'
MOTION FOR APPROVAL OF USE OF CASH COLLATERAL**

On October 30, 2009, CLEMENT C. CARINALLI and ANN MARIE CARINALLI, the debtors-in-possession herein (the "Debtors"), filed the *Debtors' Motion For Approval Of Use Of Cash Collateral On An Interim And Final Basis* (the "Motion"), seeking an order, pursuant to the provisions of Section 363 of the Bankruptcy Code, authorizing the Debtors' use of Cash Collateral (All capitalized terms left undefined herein shall be given the meaning ascribed to them in the Motion) (a) to pay expenses necessary to preserve and maintain collateral specific to the Cash Collateral; (b) to pay current debt service to property-specific lenders, and (c) to the extent of any excess Cash Collateral after the foregoing payments, to pay other expenses of the estate herein in the ordinary course of business. The Court, having reviewed the Motion, and the spreadsheet detailing the Rental Properties attached to the supporting Carinalli Declaration as Exhibit "A;" and finding good cause for the relief requested therein;

NOW, THEREFORE, for the reasons set forth in the Motion, and for good cause shown, IT IS

HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The Motion is hereby GRANTED as set forth below on an interim basis.

2. Subject to the provisions of each of the other paragraphs of this Order, the Debtors are hereby authorized to use the Cash Collateral to make the Property Specific Payments, as set forth below, related to the particular Rental Property from which the Cash Collateral arises:

   i. First, payment necessary to preserve and maintain the Rental Property, including without limitation utilities, management fees, building upkeep, brokers' commissions, insurance, repairs, renovation and the like;

   ii. Second, reserves calculated on an annualized basis to pay all real property taxes accruing with respect to the Rental Property; and

   iii. Third, payment of current interest accruing on debt secured by the Rental Property, at contractual, non-default rates.

3. The foregoing limitations with respect to use of Cash Collateral pertain only to revenues encumbered by legally perfected, valid and enforceable security interests, including by valid and recorded assignments of rents or other forms of perfection. To the extent that Cash Collateral is not so perfected, the provisions of Section 363(c) of the Bankruptcy Code and this order shall not apply.

4. Subject to the provisions of paragraph no. 5 below, the Debtors are hereby authorized to use any Cash Collateral arising from a Rental Property that remains after all Property Specific Payments related to that Rental Property have been made, for other purposes consistent with the requirements of the Bankruptcy Code.

5. Notwithstanding the foregoing, the following limitations shall apply:

   i. Payments made to Exchange Bank pursuant to paragraph no. 2(iii) above shall include contractually required amortizing payments of principal;

   ii. Absent subsequent written agreement between the Debtors and North Coast Bank, no Property Specific Payments shall be made from cash collateral in which North Coast Bank has an interest other than with respect to those expenses within paragraph no. 2(i) that are essential prior to the final hearing of the Motion, and no use of such cash collateral shall be made pursuant to paragraphs nos. 2(ii), 2(iii) or 4, pending a final order regarding the Motion; and

    iii. Absent subsequent written agreement between the Debtors and Napa Community Bank, no Property Specific Payments shall be made from cash collateral in which Napa Community Bank has an interest other than with respect to those expenses within paragraph no. 2(i) that are essential prior to the final hearing of the Motion, and no use of such cash collateral shall be made pursuant to paragraphs nos. 2(ii), 2(iii) or 4, pending a final order regarding the Motion

  6. Prepetition Lenders are hereby granted a replacement lien against all rents generated by the Rental Property against which that lender holds a lien, such replacement lien to secure any diminution of value resulting from the Debtors' use of that lender's cash collateral.

  7. A final hearing (the "Final Hearing") of the Motion shall be conducted on November 23, 2009, at 10:00 a.m. or as soon thereafter as counsel may be heard. Use of cash collateral authorized hereunder shall terminate at the conclusion of the Final Hearing unless ordered, orally or in writing, by the Court to continue at that time.

  8. Prior to the Final Hearing, the Debtors shall provide to the Prepetition Lenders an accounting of receipt and use of cash collateral in which such lenders have an interest.

Dated: November 12, 2009

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

APPROVED AS TO FORM:

DATED: November 10, 2009    ABBEY, WEITZENBERG, WARREN & EMERY, P.C.

                By: /s/ Rachel Stevenson
                  Rachel Stevenson, Esq.
                  Attorneys for Exchange Bank

DATED: November 10, 2009    MORRISON & FOERSTER, LLP

                By: /s/ Vince Novak
                  Vince Novak, Esq.
                  Attorneys for Sterling Savings Bank

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | DATED: November 10, 2009 | LAW OFFICES OF JAMES A. TIEMSTRA |
| 4 | | |
| 5 | | By: /s/ Lisa Lenherr |
| | | Lisa Lenherr, Esq. |
| 6 | | Attorneys for North Coast Bank |
| 7 | DATED: November 10, 2009 | FRENCH & LYON, P.C. |
| 8 | | |
| 9 | | By: /s/ Patricia Lyon |
| | | Patricia Lyon, Esq. |
| 10 | | Attorneys for Napa Community Bank |