MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar #66849
EDIE WALTERS, ESQ., CA Bar #262730
D. CLARKE SUGAR, ESQ., CA Bar #251681
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

Attorneys for Clement C. and Ann Marie Carinalli, Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

In re

CLEMENT C. and ANN MARIE CARINALLI,

              Debtors

S.S.Ns: XXXX-XX-8623 and
         XXXX-XX-5690

Case No. 09-12986

Under Chapter 11

# FINAL ORDER GRANTING DEBTORS' MOTION FOR APPROVAL OF USE OF CASH COLLATERAL

On October 30, 2009, CLEMENT C. CARINALLI and ANN MARIE CARINALLI, the debtors-in-possession herein (the "Debtors"), filed the *Debtors' Motion For Approval Of Use Of Cash Collateral On An Interim And Final Basis* (the "Motion"), seeking an order, pursuant to the provisions of Section 363 of the Bankruptcy Code, authorizing the Debtors' use of Cash Collateral (all capitalized terms, unless otherwise defined, shall have the meanings ascribed to them in the Motion) (a) to pay expenses necessary to preserve and maintain collateral specific to the Cash Collateral; (b) to pay current debt service to property-specific lenders, and (c) to the extent of any excess Cash Collateral after the foregoing payments, to pay other expenses of the estate herein in the ordinary course of business.

On November 6, 2009, an interim hearing of the Motion was conducted, wherein the Court granted

the Motion on an interim basis, with certain limitations pertaining to the Cash Collateral interests of Exchange Bank, North Coast Bank and Napa Community Bank, as set forth in the *Interim Order Granting Debtors' Motion For Approval Of Use Of Cash Collateral* entered on November 12, 2009 (the "Interim Order," docket no. 116); and the Court scheduled a final hearing of the Motion for November 23, 2009. On November 20, 2009, the Debtors filed the *Interim Accounting Of Debtors' Use Of Cash Collateral* (the "Accounting," docket no. 131), in compliance with paragraph no. 8 of the Interim Order.

The Court, having reviewed the Motion, the Accounting and all statements and memoranda filed by Prepetition Lenders or other parties in interest, and finding good cause for the relief requested therein on a final basis;

NOW, THEREFORE, for the reasons set forth in the Motion and stated by the Court during the interim and final hearings of the Motion, and for good cause shown, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The Motion is hereby GRANTED as set forth below on a final basis.

2. Subject to the provisions of each of the other paragraphs of this Order, the Debtors are hereby authorized to use the Cash Collateral to make the Property Specific Payments, as set forth below, related to the particular Rental Property from which the Cash Collateral arises:

   i. First, payment necessary to preserve and maintain the Rental Property, including without limitation utilities, reasonable and customary management fees, building upkeep, reasonable and customary brokers' commissions, insurance, repairs, renovation and the like;

   ii. Second, reserves calculated on an annualized basis to pay all real property taxes accruing with respect to the Rental Property; and

   iii. Third, payment of current interest accruing on debt secured by the Rental Property, at contractual, non-default rates.

3. The foregoing limitations with respect to use of Cash Collateral pertain only to revenues encumbered by legally perfected, valid and enforceable security interests, including by valid and recorded assignments of rents or other forms of perfection. To the extent that Cash Collateral is not so perfected, the provisions of Section 363(c) of the Bankruptcy Code and this order shall not apply.

4. Subject to the provisions of paragraph no. 5 below, the Debtors are hereby authorized to use

any Cash Collateral arising from a Rental Property that remains after all Property Specific Payments related to that Rental Property have been made, for other purposes consistent with the requirements of the Bankruptcy Code.

5. Notwithstanding the foregoing, the following limitations shall apply:

    i. Payments made to Exchange Bank, Westamerica Bank and Sterling Savings Bank pursuant to paragraph no. 2(iii) above shall include contractually required amortizing payments of principal;

    ii. Absent subsequent written agreement between the Debtors and North Coast Bank, no Property Specific Payments shall be made from cash collateral in which North Coast Bank has an interest other than with respect to those expenses within paragraph no. 2(i) that are essential prior to the final hearing of the Motion, and no use of such cash collateral shall be made pursuant to paragraphs nos. 2(ii), 2(iii) or 4, pending a final order regarding the Motion;

    iii. Absent subsequent written agreement between the Debtors and Napa Community Bank, no Property Specific Payments shall be made from cash collateral in which Napa Community Bank has an interest other than with respect to those expenses within paragraph no. 2(i) that are essential prior to the final hearing of the Motion, and no use of such cash collateral shall be made pursuant to paragraphs nos. 2(ii), 2(iii) or 4, pending a final order regarding the Motion; and

    iv. This order shall be considered a further interim order solely with respect to cash collateral in which North Coast Bank or Napa Community Bank has an interest, and solely as to those Prepetition Lenders, a further hearing of the Motion shall be conducted on December 11, 2009, at 10:00 a.m. or as soon thereafter as counsel may be heard.

6. Prepetition Lenders are hereby granted a replacement lien against all rents generated by the Rental Property against which that lender holds a lien, such replacement lien to secure any diminution of value resulting from the Debtors' use of that lender's cash collateral.

7. The Debtors shall provide accountings of receipts and uses of cash collateral to the Prepetition Lenders and to the Official Committee of Unsecured Creditors on a quarterly basis, substantially in the form of the Accounting.

///

8. The Interim Order is superseded by the terms of this Order.

Dated: December 3, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge

APPROVED AS TO FORM:

DATED: November 24, 2009                    ABBEY, WEITZENBERG, WARREN & EMERY, P.C.


By:    /s/ Rachel Stevenson
    Rachel Stevenson, Esq.
    Attorneys for Exchange Bank

DATED: November 25, 2009                    MORRISON & FOERSTER, LLP


By:    /s/ Vince Novak
    Vince Novak, Esq.
    Attorneys for Sterling Savings Bank


DATED: November 30, 2009                    LAW OFFICES OF JAMES A. TIEMSTRA


By:    /s/ James Tiemstra
    James A. Tiemstra, Esq.
    Attorneys for North Coast Bank

DATED: November 30, 2009                    FRENCH & LYON, P.C.


By:    /s/ Patricia Lyon
    Patricia Lyon, Esq.
    Attorneys for Napa Community Bank