MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar #66849
EDIE WALTERS, ESQ., CA Bar #262730
D. CLARKE SUGAR, ESQ., CA Bar #251681
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

Attorneys for Clement C. and Ann Marie Carinalli, Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>CLEMENT C. and ANN MARIE CARINALLI,<br><br>    Debtors<br><br>S.S.Ns: XXXX-XX-8623 and<br>              XXXX-XX-5690 | Case No. 09-12986<br><br>Under Chapter 11<br><br>Date:    February 26, 2010<br>Time:   10:00 a.m.<br>Place:   U.S. Bankruptcy Court<br>           99 South "E" Street<br>           Santa Rosa, California<br>Judge:  Honorable Alan Jaroslovsky |

## DEBTORS' MOTION FOR ORDER EXTENDING EXCLUSIVITY PERIODS FOR FILING A PLAN OF REORGANIZATION AND OBTAINING ACCEPTANCES

CLEMENT C. CARINALLI and ANN MARIE CARINALLI, the debtors-in-possession herein (the "Debtors"), by and through their undersigned counsel, hereby move (this "Motion") the above-entitled Bankruptcy Court, pursuant to the provisions of Section 1121 of the Bankruptcy Code for an order extending the exclusive periods to file a plan of reorganization and obtain acceptances by approximately 60 days each, as more fully set forth below.

### I.    JURISDICTION AND VENUE

This Court has jurisdiction to hear and determine this Motion pursuant to 28 U.S.C. §§ 1334 and 157. The Court's consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409. The statutory authority for the Motion is Sections 105 and 1121 of the Bankruptcy Code.

1

DEBTORS' MOTION FOR ORDER EXTENDING EXCLUSIVITY PERIODS
FOR FILING A PLAN OF REORGANIZATION AND OBTAINING ACCEPTANCES
20044/24513

Case: 09-12986   Doc# 215   Filed: 01/22/10   Entered: 01/22/10 15:07:01   Page 1 of 9

## II. STATEMENT OF FACTS

The record of the Bankruptcy Court, together with the declaration of Clement C. Carinalli (the "Carinalli Declaration") filed concurrently herewith, establishes the following pertinent facts:

### A. The Debtors and the Chapter 11 Case

1. On September 14, 2009 (the "Petition Date"), three creditors (collectively, the "Petitioners") filed an involuntary petition (the "Petition") against Mr. Carinalli, seeking commencement of a case under chapter 7 of the Bankruptcy Code.

2. Pursuant to stipulation between the Debtors and the Petitioners, on September 29, 2009, the Bankruptcy Court entered an *Order for Relief in Chapter 11* (the "Order for Relief," Docket No. 9). The Order for Relief provided that both of the Debtors became joint debtors in possession under chapter 11 of the Bankruptcy Code.

3. The Debtors remain in possession of their estate and continue to operate and manage their business affairs. It is the Debtors' intent to propose a plan of reorganization for the treatment and disposition of all property and obligations within their estate.

4. The Debtors' estate contains numerous real property assets, interests in operating and real estate entities and other assets with substantial value that the Debtors intend to realize for the benefit of their secured and unsecured creditors, both during the chapter 11 process and through their reorganization plan.

5. The Debtors have retained bankruptcy counsel and a financial advisor, as well as nonbankruptcy counsel and accountants, pursuant to the provisions of Section 327 of the Bankruptcy Code.

6. On October 20, 2009, an official committee of unsecured creditors (the "Committee") was appointed by the United States Trustee. The Committee has since retained bankruptcy counsel and financial advisors, pursuant to the provisions of Section 327 of the Bankruptcy Code.

7. In the last 90 days or more, the Debtors and their professionals have focused on (a) completing extensive schedules of assets and liabilities, (b) negotiating and completing sales of certain real properties, with Court approval, resulting in net proceeds of several millions of dollars, (c) negotiating cash collateral orders with respect to dozens of secured creditors and income-

2

DEBTORS' MOTION FOR ORDER EXTENDING EXCLUSIVITY PERIODS
FOR FILING A PLAN OF REORGANIZATION AND OBTAINING ACCEPTANCES
20044/24513

Case: 09-12986   Doc# 215   Filed: 01/22/10   Entered: 01/22/10 15:07:01   Page 2 of 9

producing properties, (d) negotiating relief from stay stipulations with creditors holding liens encumbering properties of no value to the estate; and (e) investigating the values, encumbrances and immediate legal issues surrounding more than 200 real property parcels. All of these activities have been conducted in close coordination and consultation with the Committee.

8. In addition, the Debtors and their counsel have devoted a substantial amount of their time and effort in providing information and documents to the Committee's financial advisors, upon their many requests, in order to familiarize those advisors with the many aspects of the estate's assets and liabilities. That process remains ongoing, and the vastness of the estate's properties has made this an extremely time-consuming and extensive effort.

**B.  Plan of Reorganization**

9. The Debtors will propose a plan of reorganization that will provide for the disposition of estate assets in a manner intended to maximize values despite the current environment of a stalled real estate market and an over-concentration of properties in a limited geographic area. The proposed plan will commit the Debtors' time and efforts to close and continued management and sale of estate assets with the supervision an oversight committee of unsecured creditors. The proposed plan will incorporate a deliberate, time-spaced sales program designed to produce the highest time-valued returns possible, and will contain provisions intended to minimize tax impacts that would otherwise reduce creditors' recoveries.

10. By its very nature, with scores of classes of creditors and required individual treatments of many constituencies, the proposed plan will be complex and lengthy. The disclosure statement, too, is likely to require significant effort.

11. To begin the plan process, the Debtors and their professionals have made substantial efforts to categorize assets and debts, to project results from plan implementation and liquidation alternatives, and to prepare a detailed draft term sheet to outline the essential elements of the proposed plan. All of those items have now been provided to the Committee, and discussions with the Committee regarding plan terms and projections have been commenced.

12. Given the complexity of the disposition of over 200 parcels of real property that underlies the Debtors' plan terms and projections, it has not been possible to complete the

3

DEBTORS' MOTION FOR ORDER EXTENDING EXCLUSIVITY PERIODS
FOR FILING A PLAN OF REORGANIZATION AND OBTAINING ACCEPTANCES
20044/24513

Case: 09-12986    Doc# 215    Filed: 01/22/10    Entered: 01/22/10 15:07:01    Page 3 of 9

formulation and documentation of a consensual plan prior to the expiration of the statutory period in which the Debtors have the exclusive right to file a plan. That period ends on approximately January 27, 2010, under the provisions Section 1121(c)(2) of the Bankruptcy Code, unless extended. For the same reason, once plan terms are agreed upon and a plan is filed, there will be insufficient time for the plan to be confirmed within the second statutory period of exclusivity, to obtain acceptances, which will expire in late March 2010, pursuant to Section 1121(c)(3) of the Bankruptcy Code, unless extended.

13. Barring unforeseen circumstances, however, the Debtors believe that they will be able to file their proposed reorganization plan within the exclusive filing period if it is extended by approximately 60 days. Accordingly, by this Motion, the Debtors seek the following extensions of exclusivity periods, subject to further motions to extend or shorten the deadlines for good cause shown:

    A. The exclusivity deadline of Section 1121(c)(2), in which a plan must be filed, would be extended by approximately 60 days, to March 31, 2010; and

    B. The exclusivity deadline of Section 1121(c)(3), in which acceptances of a plan must be obtained, will be extended by approximately 60 days, to May 31, 2010.

14. The Debtors have been advised by the Committee that the Committee supports this Motion and the relief sought herein. That support is based upon terms of continued plan discussions that have been agreed upon.

## III. RELIEF REQUESTED

By this Motion, the Debtors request approximately 60-day extensions of the exclusivity periods of Section 1121 of the Bankruptcy Code, as follows:

    A. The exclusivity deadline of Section 1121(c)(2), in which a plan must be filed, will be extended to March 31, 2010;

    B. The exclusivity deadline of Section 1121(c)(3), in which acceptances of a plan must be obtained, will be extended to May 31, 2010; and

    C. Both extended exclusivity periods will be subject to further extensions, or shortening, upon the motion of any party in interest, including the Committee and the

4

DEBTORS' MOTION FOR ORDER EXTENDING EXCLUSIVITY PERIODS
FOR FILING A PLAN OF REORGANIZATION AND OBTAINING ACCEPTANCES
20044/24513

Case: 09-12986   Doc# 215   Filed: 01/22/10   Entered: 01/22/10 15:07:01   Page 4 of 9

Debtors, for good cause shown.

This is the Debtors' first application for extensions of exclusivity. For the reasons set forth below, the Debtors respectfully submit that the requested extensions are reasonable and appropriate, and that they should be approved by the Bankruptcy Court.

## IV. DISCUSSION

Section 1121(d)(1) states that "on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d). As "cause" is not defined in the Bankruptcy Code, a number of factors are considered to determine whether there is cause sufficient to warrant an extension under Section 1121(d), including:

- the size and complexity of the case;
- the necessity of sufficient time to negotiate and prepare adequate information;
- the existence of good faith progress toward reorganization;
- whether the debtor is paying its debts as they come due;
- whether the debtor has demonstrated reasonable prospects for filing a viable plan;
- whether the debtor has made progress negotiating with creditors;
- the length of time the case has been pending;
- whether the debtor is seeking an extension to pressure creditors; and
- whether unresolved contingencies exist.

*Official Comm. of Unsecured Creditors v. Henry Mayo Newhall Memorial Hospital (In re Henry Mayo Newhall Memorial Hospital)*, 282 B.R. 444, 452 (9th Cir. B.A.P. 2002) (citing *In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997)); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

When considering these factors, "cause" is to be viewed flexibly "in order to allow the debtor to reach an agreement." *In re McLean Indus., Inc.*, 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987). The only notable restriction on this flexibility is that "an extension should not be employed as a tactical device to put pressure on the parties to yield to a plan they considered unsatisfactory." *In re Lake in

5

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

*the Woods*, 10 B.R. 338, 345 (E.D. Mich. 1981). Extensions are favored when the debtor has a good faith reason for an extension and is not merely seeking to pressure its creditors. *In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986); *McLean Indus*, 87 B.R. at 834 (emphasizing "[this is not] a case where the debtor has lost sight of the need to deal with its creditors."); *see also In re Perkins*, 71 B.R. 294, 300 (W.D. Tenn. 1987) (extension granted where debtor showed diligence in structuring plan acceptable to bulk of creditor body).

Not all of the aforementioned factors "are relevant in every case. Nor is it simply a question of adding up the number of factors which weigh for and against an extension. It is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each." *Bunch v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.)*, 292 B.R. 639, 644 (8th Cir. 2003). Notably, "unhappiness with a debtor's plan proposals, with or without a formal plan on file," is not a basis for terminating exclusivity. *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006). The "transcendent consideration is whether adjustment of exclusivity will facilitate moving the case forward toward a fair and equitable resolution." *In re Henry Mayo Newhall Memorial Hospital, supra*, at 453 (citing *In re Dow Corning*, 208 B.R. at 670). Here, most or all of the aforementioned factors weigh in favor of the requested extensions, and in their totality, fully support a finding of good cause to extend the Debtors' exclusivity periods for filing and obtaining acceptances of the plan.

The first factor, size and complexity, clearly supports the extensions: The Debtors must consider the disposition of over 200 parcels of real property, with numerous secured creditors. Time is needed to reach formulate treatment of each parcel and secured claim, and to attempt consensus with the Committee with respect to the treatment of unsecured claims. Accomplishing this within the original exclusivity deadlines is not feasible, despite the Debtors' best efforts to move the process along as quickly as possible.

The second factor – the necessity of sufficient time to negotiate a plan of reorganization and prepare adequate information – just as clearly favors the Debtors' retention of exclusivity. It is in fact the very complexity and numerosity of that information, needed by the Debtors and requested by the Committee's advisors, that has necessarily delayed completion of negotiations with the

DEBTORS' MOTION FOR ORDER EXTENDING EXCLUSIVITY PERIODS
FOR FILING A PLAN OF REORGANIZATION AND OBTAINING ACCEPTANCES
20044/24513

Committee. This has effectively caused plan discussions to extend beyond the initial 120-day exclusivity period.

The third factor – the existence of good faith progress towards reorganization – also favors retention of exclusivity. The Debtors have initiated discussions with the Committee as quickly as possible, and have already engaged in lengthy exchanges of information regarding estate assets and liabilities, with the Committee's financial advisors.

The fourth factor is also satisfied, as the Debtors are paying postpetition debts as they become due, and are abiding by cash collateral restrictions proposed by the Debtors and accepted by most or all secured creditors in a series of cash collateral orders.

The fifth factor – whether the Debtors have demonstrated reasonable prospects for filing a viable plan – supports an extension as well, where the Debtors have developed the terms of the plan, and have communicated those terms to the Committee. As such, the Debtors have demonstrated reasonable prospects for filing a viable plan.

The sixth factor, progress in negotiating with creditors, also favors an extension of exclusivity, as the Debtors have been actively negotiating with secured lenders to reduce possible deficiency claims. The seventh factor – the time elapsed in the case – favors retention of exclusivity, where the Debtors' case was commenced only a little more than four months ago, following the filing of an involuntary petition for which the Debtors could not have planned. The Debtors have not previously sought an extension of either exclusivity period. The eighth factor – whether the debtors are seeking the extension to pressure creditors – is supportive as well, given the fact that the Debtors have already begun negotiations with the Committee over their proposed plan term sheet. It can hardly be said that the Debtors are attempting to pressure creditors, where they have disclosed their intentions, and thus, creditors' bargaining positions are not adversely affected. Finally, the ninth factor - whether unresolved contingencies exist – also weighs in favor of extending exclusivity, particularly because the Debtors must still work out the specificities of their plan with a large number of classes of claims and constituencies.

In sum, the foregoing demonstrates that ample cause exists to warrant an extension of the exclusivity period in which the Debtors have to file and gain acceptances of a plan. The Debtors

DEBTORS' MOTION FOR ORDER EXTENDING EXCLUSIVITY PERIODS
FOR FILING A PLAN OF REORGANIZATION AND OBTAINING ACCEPTANCES
20044/24513

Case: 09-12986    Doc# 215    Filed: 01/22/10    Entered: 01/22/10 15:07:01    Page 7 of 9

have been diligent in their attempts to draft and finalize their plan. Enlarging the exclusivity period will facilitate moving the Debtors' case toward a fair and equitable resolution for all creditors, without the complications and uncertainties necessarily attendant with a competing plan.

## V. NEED FOR EXCLUSIVITY

Lastly, the need for extended exclusivity is apparent here. Whereas the Debtors do not believe that the Committee intends to file a plan within the next sixty days, there are other creditors who might attempt to do so within that period. Given the complexity of the case and the numerosity of properties within the estate, any such premature effort at a plan proposal, prior to completion of the Debtors' efforts and negotiations with the Committee, could only result in confusion, disruption and unnecessary expense.

Ending exclusivity would also have a very disruptive impact on the negotiations between the Debtors and the Committee. The free flow of highly confidential information, including valuations and detailed financial projections, from the Debtors to the Committee's professionals and members, would likely end. Instead, the Debtors would be compelled to focus their attention on proposing and promoting their own plan without time for further collaboration with the Committee. This would necessarily obstruct the cooperative process intended in this case.

## VI. NOTICE

Notice of this Motion has been served on the United States Trustee, the Committee and all parties requesting notice pursuant to Bankruptcy Rule 2002. Such notice is compliant with the requirements of the Court's *Order Authorizing Limited Notice of Certain Motion*s, entered on December 11, 2009, and the Debtors respectfully submit that such notice is sufficient for purposes of due process in the context of this Motion.

///

///

///

///

///

///

8

DEBTORS' MOTION FOR ORDER EXTENDING EXCLUSIVITY PERIODS
FOR FILING A PLAN OF REORGANIZATION AND OBTAINING ACCEPTANCES
20044/24513

Case: 09-12986    Doc# 215    Filed: 01/22/10    Entered: 01/22/10 15:07:01    Page 8 of 9

## VII. CONCLUSION

WHEREFORE, the Debtors respectfully submit that the best interests of creditors and all parties-in-interest are served by granting the Debtors the extensions of exclusivity for the filing and acceptance of a plan of reorganization as set forth above, and that the Court enter such other and further relief as this Court deems just and proper.

DATED: January 22, 2010

                            MEYERS LAW GROUP, P.C.

                            By:   /s/ Merle C. Meyers
                                Merle C. Meyers, Esq.
                                Attorneys for Debtors

9

DEBTORS' MOTION FOR ORDER EXTENDING EXCLUSIVITY PERIODS
FOR FILING A PLAN OF REORGANIZATION AND OBTAINING ACCEPTANCES
20044/24513

Case: 09-12986   Doc# 215   Filed: 01/22/10   Entered: 01/22/10 15:07:01   Page 9 of 9