MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar #66849
EDIE WALTERS, ESQ., CA Bar #262730
D. CLARKE SUGAR, ESQ., CA Bar #251681
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

Attorneys for Clement C. and Ann Marie Carinalli, Debtors

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

In re

CLEMENT C. and ANN MARIE CARINALLI,

Debtors

S.S.Ns: XXXX-XX-8623 and XXXX-XX-5690

Case No. 09-12986

Under Chapter 11

Date: April 30, 2010
Time: 10:30 a.m.
Place: U.S. Bankruptcy Court
99 South "E" Street
Santa Rosa, California
Judge: The Honorable Alan Jaroslovsky

**FIRST APPLICATION OF MEYERS LAW GROUP, P.C.
FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES
AS GENERAL BANKRUPTCY COUNSEL FOR DEBTORS IN POSSESSION
(September 29, 2009 to February 28, 2010)**

The law firm of MEYERS LAW GROUP, P.C. ("Applicant") hereby submits this *First Application of Meyers Law Group, P.C. for Interim Compensation and Reimbursement of Expenses as General Bankruptcy Counsel for Debtors in Possession (September 29, 2009 to February 28, 2010)* (this "Interim Application"), together with an accompanying declaration of Merle C. Meyers (the "Meyers Declaration"). In support of this Interim Application, Applicant respectfully represents as follows:

## I. APPROVAL OF EMPLOYMENT

Applicant is counsel for Clement and Ann Marie Carinalli, the debtors-in-possession herein (the "Debtors"). The Debtors' bankruptcy case was commenced by the filing of an involuntary petition on September 14, 2009 (the "Petition Date"), and on September 29, 2009 (the "Relief Date"),

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 1 of 28

the Court entered an order for relief in chapter 11 (the "Order for Relief") by stipulation between the Debtors and the petitioning creditors.

On October 9, 2009, the Debtors applied to the Bankruptcy Court for approval of their engagement of Applicant as their general bankruptcy counsel, and on November 9, 2009, the Bankruptcy Court entered its order (the "Employment Order") granting the application and approving Applicant's engagement.

This is Applicant's first application for interim compensation and reimbursement of expenses. As of the Relief Date, Applicant held retainer funds provided by the Debtors in the amount of $58,066.53 (the "Retainer Balance"), net of all fees and costs earned prior to the Relief Date and applied against the retainer balance.

## II. SHORT HISTORY AND STATUS OF CHAPTER 11 CASE

On the Petition Date, three creditors (collectively, the "Petitioners") filed an involuntary petition (the "Petition") against the Mr. Carinalli, seeking commencement of a case under chapter 7 of the Bankruptcy Code.

Immediately upon receipt of the Petition, the Debtors, through counsel, contacted the Petitioners and proposed to stipulate to entry of an order for relief under chapter 11 of the Bankruptcy Code, and accordingly, pursuant to stipulation, on September 29, 2009, the Bankruptcy Court entered the Order for Relief. The Order for Relief provided that both of the Debtors became joint debtors in possession under chapter 11 of the Bankruptcy Code.

The Debtors remain in possession of their estate and continue to operate and manage their business affairs. It is the Debtors' intent to propose a plan of reorganization for the treatment and disposition of all property and obligations within their estate. The Debtors are presently engaged in advanced discussions with the Official Committee of Unsecured Creditors appointed herein (the "Committee") with respect to the possible filing of a jointly proposed plan of reorganization.

The Debtors' estate contains numerous real property assets, interests in operating and real estate entities and other assets with substantial value that the Debtors intend to realize for the benefit of their secured and unsecured creditors, both during the chapter 11 process and through their reorganization plan.

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

2

FIRST APPLICATION OF MEYERS LAW GROUP, P.C. FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES AS GENERAL BANKRUPTCY COUNSEL FOR DEBTORS IN POSSESSION (September 29, 2009 to February 28, 2010)
24905.DOC

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 2 of 28

## III. NARRATIVE DESCRIPTION OF SERVICES PROVIDED

The following is a narrative description of the services provided by Applicant in this chapter 11 case, by project categories during the period from the Petition Date to February 28, 2010 (the "Application Period"):

| | |
|---|---|
| 1. | Commencement of Case |
| 2. | Organizational Meeting, MOC and IDI |
| 3. | Schedules and Reporting |
| 4. | Cash Collateral Matters |
| 5. | Retention of Professionals |
| 6. | Asset Sales |
| 7. | Kalia Case |
| 8. | Avoidable Transfers |
| 9. | JPMorgan Chase Transfers |
| 10. | SSUAF |
| 11. | Napa Community Bank |
| 12. | SMIC |
| 13. | Tax Analysis |
| 14. | Plan and Disclosure Statement |
| 15. | Case Administration |
| 16. | Relief from Stay Matters |
| 17. | Claims Analysis and Objections |
| 18. | Assumption/Rejection of Executory Contracts |
| 19. | Creditors Committee |
| 20. | Fee Application |

Each of these projects is discussed in more detail below.

### 1. Commencement of Case

At the outset of the Debtors' case, Applicant provided all continuing legal services required to commence the chapter 11 case. To ensure proper administration of the chapter 11 process, Applicant conducted extensive discussions with the Debtors in order to familiarize them with the proper methods of cash management and administration within a chapter 11 case. This included advice regarding filing and certification requirements for individual debtors, the necessity and form of monthly operating reports, and other similar services. Applicant also compiled documents requested by the Office of the United States Trustee and information requested by the Committee, filed

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 3 of 28

necessary preliminary motions and applications such as Applicant's applications requesting extensions of certain deadlines and hearing dates, and otherwise guided the Debtors through the beginning of the bankruptcy process.

Typically in a chapter 11 case, much of this guidance and discussion might have occurred prior to commencement of the case. However, in this case, given its initiation by an involuntary petition, Applicant and the Debtors did not have an opportunity to address such matters prior to the commencement of the case.

Applicant seeks total compensation of $19,930.00 for this project category, based on the time entries found on pages 1 through 3 of the time sheets attached as Exhibit "A" to the Meyers Declaration, as follows:

| **Timekeeper** | **Hours** | **Rate** | **Amount** |
|---|---|---|---|
| Merle C. Meyers | 5.80 | 275.00 | 1,595.00 |
| Merle C. Meyers | 11.40 | 550.00 | 6,270.00 |
| D. Clarke Sugar | 10.90 | 350.00 | 3,815.00 |
| Edie Walters | 6.80 | 187.50 | 1,275.00 |
| Edie Walters | 18.60 | 375.00 | 6,975.00 |
| | | | |
| **Total** | **53.50** | | **$19,930.00** |

**2. Organizational Meeting, MOC and IDI**

Applicant represented the Debtors at the organizational meeting of creditors, and upon request, provided counsel for the United States Trustee information to facilitate formulation of the Committee. Similarly, Applicant prepared the Debtors for, and represented the Debtors at, the Section 341 meeting of creditors and at the Initial Debtor Interview conducted by the Office of the United States Trustee. In preparation for these meetings, Applicant met with the Debtors, reviewed the requirements of each meeting, and helped the Debtors amass all necessary and requested information.

The meeting of creditors was attended by hundreds of creditors and media, and Applicant prepared for and addressed numerous questions raised before, during and after the meeting. In

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

4

FIRST APPLICATION OF MEYERS LAW GROUP, P.C. FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES AS GENERAL BANKRUPTCY COUNSEL FOR DEBTORS IN POSSESSION (September 29, 2009 to February 28, 2010)
24905.DOC

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 4 of 28

addition, Applicant assisted the Debtors in formulating answers to frequently asked questions during the early stage of the chapter 11 case, so as to ensure that proper and consistent information would be provided to creditors.

Applicant seeks total compensation of $16,697.50 for this project category, based on the time entries found on pages 3 through 4 of the time sheets attached as Exhibit "A" to the Meyers Declaration, as follows:

| **Timekeeper** | **Hours** | **Rate** | **Amount** |
|---|---|---|---|
| Merle C. Meyers | 2.00 | 275.00 | 550.00 |
| Merle C. Meyers | 15.20 | 550.00 | 8,360.00 |
| D. Clarke Sugar | 0.50 | 350.00 | 175.00 |
| Edie Walters | 9.40 | 187.50 | 1,762.50 |
| Edie Walters | 15.60 | 375.00 | 5,850.00 |
| | | | |
| **Total** | **42.70** | | **$16,697.50** |

**3. <u>Schedules and Reporting</u>**

Applicant provided assistance and oversight to the Debtors and their financial consultant, Arthur Ito, in preparing the Debtors' Schedules and Statement of Financial Affairs (the "Schedules"). Because of the complexity of the Schedules, this included several meetings with the Debtors and Mr. Ito, and numerous revisions to prepared drafts. The Schedules are voluminous, and include identification of approximately $195 million in assets and $191 million in liabilities. The assets include more than 200 separate properties, limited partnership and limited liability company interests, general intangibles, and many other forms of property, and the Debtors' liabilities include scores of secured claims and many more unsecured claims. The Schedules also identify more than one hundred prepetition transfers of property.

Moreover, many of those assets and liabilities are derivative of assets and liabilities of wholly or partially owned entities, including K4 Corporation, doing business as Sonoma Mortgage Investment Co. ("SMIC"), creating even greater complexities and reporting details than would otherwise be the case. Applicant also prepared several amendments to the Schedules, based on updated information and refinements of information identified in previous versions.

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

5

FIRST APPLICATION OF MEYERS LAW GROUP, P.C. FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES AS GENERAL BANKRUPTCY COUNSEL FOR DEBTORS IN POSSESSION (September 29, 2009 to February 28, 2010)
24905.DOC
Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 5 of 28

Applicant seeks total compensation of $55,428.00 for this project category, based on the time entries found on pages 4 through 8 of the time sheets attached as Exhibit "A" to the Meyers Declaration, as follows:

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| Merle C. Meyers | 9.10 | 275.00 | 2,502.50 |
| Merle C. Meyers | 34.10 | 550.00 | 18,755.00 |
| Merle C. Meyers | 1.60 | 590.00 | 944.00 |
| D. Clarke Sugar | 9.10 | 175.00 | 1,592.50 |
| D. Clarke Sugar | 11.40 | 350.00 | 3,990.00 |
| D. Clarke Sugar | 0.50 | 390.00 | 195.00 |
| Edie Walters | 9.80 | 187.50 | 1,837.50 |
| Edie Walters | 61.30 | 375.00 | 22,987.50 |
| Edie Walters | 6.40 | 410.00 | 2,624.00 |
| | | | |
| **Total** | **143.30** | | **$55,428.00** |

**4. <u>Cash Collateral Matters</u>**

Applicant prepared an extensive motion seeking authority for the Debtors to use cash collateral arising from rents and profits from over 100 encumbered properties. Due to the number of lienholders, the motion required complicated analyses and detailed projections of income and expenses on a property-by-property basis, with respect to dozens of secured lenders.

In order to prepare and prosecute the motion, Applicant met with the Debtors and their financial advisor in order to discuss cash needs, operating expenses, projected sales, lien issues, adequate protection issues and the like. In preparation of the cash collateral motion, Applicant reviewed numerous leases and loan documents in order to determine competing rights to cash collateral, and to confirm cash collateral interests through applicable assignments of rents.

Due to Applicant's extensive preparation of the cash collateral motion and published analyses, out of more than 100 secured properties, only four secured creditors filed objections to the cash collateral motion. With respect to those four objecting lenders, Applicant contacted counsel in order to reach consensus, and then negotiated at length with those lenders' counsel. As a result, although the cash collateral motion has required numerous interim hearings (due to particular secured lenders preferring only interim solutions), those hearings have occurred with a minimum of disputes and each has resulted in a consensual cash collateral order.

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

6

FIRST APPLICATION OF MEYERS LAW GROUP, P.C. FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES AS GENERAL BANKRUPTCY COUNSEL FOR DEBTORS IN POSSESSION (September 29, 2009 to February 28, 2010)
24905.DOC
Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 6 of 28

Applicant attended the initial hearing regarding the cash collateral motions, and then circulated several draft forms of order. Applicant also attended subsequent cash collateral hearings regarding the Debtors' continued use of cash collateral of particular secured lenders, including North Coast Bank and Napa Community Bank, and Applicant prepared, circulated and submitted several additional orders, all of which were approved by lenders' counsel both as to substance and as to form.

Applicant also prepared monthly reports of cash collateral use and collection, as required by each cash collateral order, and Applicant provided input and direction to the Debtors' financial consultant in the calculations, implementation and reporting of such use and collection.

Applicant seeks total compensation of $85,628.75 for this project category, based on the time entries found on pages 8 through 21 of the time sheets attached as Exhibit "A" to the Meyers Declaration, as follows:

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| Merle C. Meyers | 2.40 | 275.00 | 660.00 |
| Merle C. Meyers | 6.70 | 295.00 | 1,976.50 |
| Merle C. Meyers | 64.20 | 550.00 | 35,310.00 |
| Merle C. Meyers | 14.50 | 590.00 | 8,555.00 |
| D. Clarke Sugar | 46.40 | 350.00 | 16,240.00 |
| D. Clarke Sugar | 6.80 | 390.00 | 2,652.00 |
| Michele Thompson | 3.00 | 180.00 | 540.00 |
| Michele Thompson | 4.10 | 360.00 | 1,476.00 |
| Edie Walters | 3.70 | 187.50 | 693.75 |
| Edie Walters | 31.10 | 375.00 | 11,662.50 |
| Edie Walters | 14.30 | 410.00 | 5,863.00 |
| | | | |
| **Total** | **197.20** | | **$85,628.75** |

## 5. Retention of Professionals

Applicant rendered legal services to the Debtors in preparing appropriate applications for Court approval of the employment of Applicant as the Debtors' general bankruptcy counsel, and of various special counsel, real estate brokers and other professionals in the Debtors' case.

Applicant drafted an application to employ Arthur Ito to provide financial restructuring advice, as well as advising as to other financial matters. Applicant also prepared and prosecuted applications seeking to employ numerous real estate brokers, as well as a number of ordinary-course special counsel, including Charles T. Jensen, Clayton Clement, Maria Thomas, Marvin Pederson,

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

7

FIRST APPLICATION OF MEYERS LAW GROUP, P.C. FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES AS GENERAL BANKRUPTCY COUNSEL FOR DEBTORS IN POSSESSION (September 29, 2009 to February 28, 2010)
24905.DOC

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 7 of 28

Spaulding McCullough & Tansil LLP, and Costin & Beyers. Each application required discussions with the prospective professional, assembling background information, drafting declarations, discussing potential conflicts and identifying specific projects or categories of services to be performed by the professional. Applicant further reviewed, and discussed with the Debtors, separate applications, declarations and proposed forms of orders for the employment of Pachulski Stang Ziehl & Jones LLP as counsel to the Committee, and Kibel Green, Inc. as financial advisors to the Committee.

Applicant also filed applications to employ as real estate brokers Cary Bertolone, Vicki Greenbaum, Paul Schwartz, Mary Ann Veldkamp, Danny Jones, Jason Allen, Bobby Dutcher, Linda Thompson, with respect to particular properties intended for sale. Such representation involved assembling listing agreements, agreeing on terms of employments, and drafting applications to employ as well as addendums thereto. In addition, since the employment of those brokers, Applicant has provided frequent guidance to each broker regarding the bankruptcy sale process and the need for various contractual provisions designed to protect the interests of the estate. Applicant has also researched and discussed with brokers applicable restrictions upon dual representation of the sellers and buyers in the bankruptcy context, as outlined by the Bankruptcy Court.

In addition, with the support of the Committee, Applicant prepared and filed a "Knudsen" motion, seeking approval of procedures for monthly billing and payment of interim fees and expenses of professionals, as well as reimbursable costs of Committee members. The motion sought authority for the Debtors to pay smaller bills of professionals providing services in the ordinary course of the Debtors' real estate business without the necessity of further Court orders, other than final orders at a later time on notice to all parties, and the motion also sought monthly billing and partial payment procedures for other professionals. Ultimately, although the motion was approved in its entirety by the Committee, the Court granted only the requested relief related to ordinary-course professionals and Committee members. Nonetheless, the implementation of the approved "Knudsen" procedures as to ordinary-course professionals has resulted in material savings of expenses for the estate, by obviating the need for repeated formal applications for small amounts of fees earned by the ordinary-course professionals.

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

8

FIRST APPLICATION OF MEYERS LAW GROUP, P.C. FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES AS GENERAL BANKRUPTCY COUNSEL FOR DEBTORS IN POSSESSION (September 29, 2009 to February 28, 2010)
24905.DOC

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 8 of 28

Applicant seeks total compensation of $55,970.00 for this project category, based on the time entries found on pages 21 through 32 of the time sheets attached as Exhibit "A" to the Meyers Declaration, as follows:

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| Merle C. Meyers | 9.90 | 550.00 | 5,445.00 |
| Merle C. Meyers | 9.60 | 590.00 | 5,664.00 |
| D. Clarke Sugar | 0.90 | 0.00 | 0.00 |
| D. Clarke Sugar | 57.70 | 350.00 | 20,195.00 |
| D. Clarke Sugar | 26.90 | 390.00 | 10,491.00 |
| Michele Thompson | 3.00 | 360.00 | 1,080.00 |
| Edie Walters | 30.00 | 375.00 | 11,250.00 |
| Edie Walters | 4.50 | 410.00 | 1,845.00 |
| | | | |
| **Total** | **142.50** | | **$55,970.00** |

**6. Asset Sales**

During the Application Period, the Debtors assisted in the negotiation of sales for many of the Debtors' properties, and Applicant prepared motions and supporting declarations for approval of those sales in which agreements were reached with prospective buyers. Those motions included sale agreements with respect to a building located at 2425 Mendocino Avenue, Santa Rosa, the Debtors' interest in the De La Montanya winery, property located at 444 10th Street, Santa Rosa, a self-storage unit co-owned with others and located in Vallejo, and the parcels of land known as the Anna Ridge lots, among others. Each motion required an extensive analysis of the proposed sale, as well as supporting declarations and exhibits.

Several of the sales were complicated by extenuating circumstances. For example, in the case of the sale of the 2425 Mendocino Avenue property, Applicants prepared a motion to sell free and clear of a partially preferential lien asserted by Summit Bank and brokers' commissions claimed by prepetition brokers with respect to the pending sale. Applicant also assisted in the negotiation of modifications and extensions of the pending sale agreement, and negotiated resolutions of disputes with the Bank and brokers. Similarly, with respect to the sale of the De La Montanya winery, co-owner interests, loan contingencies and lien issues were necessarily confronted and resolved by Applicant.

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 9 of 28

Applicant also assisted in discussions with other prospective purchasers, with respect to transactions that ultimately did not come to fruition, or that were not completed during the Application Period and will be the subject of future applications.

As a result of the numerous asset sales upon which Applicant provided assistance, the Debtors were able to close transactions and produce net proceeds of roughly $4,000,000 for continued operations, payment of administrative costs and ongoing property taxes and other necessary expenses, while accumulating funds for ultimate distribution to unsecured creditors.

Applicant seeks total compensation of $93,136.50 for this project category, based on the time entries found on pages 32 through 45 of the time sheets attached as Exhibit "A" to the Meyers Declaration, as follows:

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| Merle C. Meyers | 6.00 | 275.00 | 1,650.00 |
| Merle C. Meyers | 69.00 | 550.00 | 37,950.00 |
| Merle C. Meyers | 6.50 | 590.00 | 3,835.00 |
| Kathy Quon Bryant | 2.20 | 385.00 | 847.00 |
| D. Clarke Sugar | 0.40 | 0.00 | 0.00 |
| D. Clarke Sugar | 64.10 | 350.00 | 22,435.00 |
| D. Clarke Sugar | 14.60 | 390.00 | 5,694.00 |
| Edie Walters | 36.90 | 375.00 | 13,837.50 |
| Edie Walters | 16.80 | 410.00 | 6,888.00 |
| | | | |
| **Total** | **216.50** | | **$93,136.50** |

**7. <u>Kalia Case</u>**

The Debtors are creditors in a chapter 11 case pending before the above-entitled Court and known as *In re Kalia*, case no. 09-13249. The Debtors are the lenders for three different secured loans to the Kalia estate, junior to several other liens. In addition, the Debtors have guaranteed a senior note and deed of trust, and therefore have reason to ensure maximization of the collateral for payment of senior obligations.

Accordingly, Applicant participated in cash collateral negotiations, reviewed projections, monitored activities and attended hearings in the Kalia case in order to preserve the estate's assets. In addition, Applicant has negotiated with the holders of the senior debt that the Debtors have guaranteed, in an effort to eliminate or contain the guarantee liability through settlement.

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

10

FIRST APPLICATION OF MEYERS LAW GROUP, P.C. FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES AS GENERAL BANKRUPTCY COUNSEL FOR DEBTORS IN POSSESSION (September 29, 2009 to February 28, 2010)
24905.DOC

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 10 of 28

Unfortunately, those efforts have not been successful to date, and it does not appear that there is likely to be equity in the collateral that will benefit the Debtors' estate.

Applicant seeks total compensation of $8,446.25 for this project category, based on the time entries found on pages 45 through 46 of the time sheets attached as Exhibit "A" to the Meyers Declaration, as follows:

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| Merle C. Meyers | 3.90 | 550.00 | 2,145.00 |
| Merle C. Meyers | 1.70 | 590.00 | 1,003.00 |
| D. Clarke Sugar | 0.70 | 350.00 | 245.00 |
| Edie Walters | 3.50 | 187.50 | 656.25 |
| Edie Walters | 4.40 | 375.00 | 1,650.00 |
| Edie Walters | 6.70 | 410.00 | 2,747.00 |
| | | | |
| **Total** | **20.90** | | **$8,446.25** |

**8. <u>Avoidable Transfers</u>**

Due to the numerous transactions conducted by the Debtors during prepetition avoidance period among family members and others considered "insiders," most or all of which may be ordinary course transactions, Applicant reviewed relevant transfers and other information gathered by the Debtors at the request of the Committee, and conducted extensive discussions with the Debtors and the Committee's counsel in order to explain and document those transfers.

This review, all at the request of the Committee, included an extensive examination of two 2008 sales of assets by the Debtors to two former partners, for an aggregate sale price of $10,000,000, and a 2009 three-party exchange of millions of dollars of property interests among those same parties. The Debtors were also requested by the U.S. Trustee to compile a list of insider transfers within the four years preceding the Petition Date, as opposed to the two-year period normally required by applicable rules and forms, and Applicant assisted the Debtors in providing the requested additional information.

Applicant seeks total compensation of $14,703.00 for this project category, based on the time entries found on pages 46 through 47 of the time sheets attached as Exhibit "A" to the Meyers Declaration, as follows:

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 11 of 28

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| Merle C. Meyers | 8.90 | 550.00 | 4,895.00 |
| Merle C. Meyers | 9.40 | 590.00 | 5,546.00 |
| D. Clarke Sugar | 0.10 | 390.00 | 39.00 |
| Edie Walters | 10.30 | 410.00 | 4,223.00 |
| | | | |
| **Total** | **28.70** | | **$14,703.00** |

**9. <u>JPMorgan Chase Section 362(a) Violations</u>**

Despite the commencement of the within chapter 11 case, the Debtors have been beset by continuing collection efforts by one of their secured lenders, JP Morgan Chase Bank, N.A., as successor to Washington Mutual, N.A. ("Chase"). Those collection efforts have included collection calls, demand letters, interference with tenants, changes of locks on collateral and other illegal actions, all in violation of the automatic stay provisions of Section 362(a) of the Bankruptcy Code.

Those illegal and coercive collection efforts have continued after, and notwithstanding, Applicant's concerted efforts to warn Chase about the illegality of its actions, including a conversation with a representative of Chase, wherein Chase was advised of the pendency of the chapter 11 case and the automatic stay, and repeated written demands that Chase cease and desist, directed both to Chase and to its counsel of record.

Because the Debtors' and Applicant's repeated requests and warnings have been ignored, the Debtors have had no alternative but to seek judicial intervention. Accordingly, Applicant has filed a complaint against Chase, seeking damages and injunctive relief. Chase has recently answered the complaint, denying all material allegations based upon alleged lack of information.

Applicant seeks total compensation of $10,576.00 for this project category, based on the time entries found on pages 47 through 48 of the time sheets attached as Exhibit "A" to the Meyers Declaration, as follows:

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| Merle C. Meyers | 3.30 | 590.00 | 1,947.00 |
| D. Clarke Sugar | 21.60 | 390.00 | 8,424.00 |
| Edie Walters | 0.50 | 410.00 | 205.00 |
| | | | |
| **Total** | **25.40** | | **$10,576.00** |

**10. <u>SSUAF</u>**

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

12

FIRST APPLICATION OF MEYERS LAW GROUP, P.C. FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES AS GENERAL BANKRUPTCY COUNSEL FOR DEBTORS IN POSSESSION (September 29, 2009 to February 28, 2010)
24905.DOC

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 12 of 28

Less than three months prior to the Petition Date, the Debtors made a cash payment to Sonoma State University Academic Foundation ("SSUAF") in the approximate amount of $232,500, as payment in full on account of an unsecured obligation owing from the Debtors to SSUAF. The Debtors' records reflect that the payment was not made in the ordinary course of business, and was made at a time at which the Debtors were insolvent. The debt paid by the payment was formerly secured by real estate, but at the time of the payment, was fully unsecured.

The Committee requested that the Debtors recover the preferential payment as soon as possible. Therefore, Applicant made demand upon SSUAF, through its counsel, for return of the payment. When that demand was not successful, Applicant prepared and filed and served a complaint to recover the payment. The complaint has not yet been answered by SSUAF.

Applicant seeks total compensation of $14,700.50 for this project category, based on the time entries found on pages 48 through 50 of the time sheets attached as Exhibit "A" to the Meyers Declaration, as follows:

| **Timekeeper** | **Hours** | **Rate** | **Amount** |
|---|---:|---:|---:|
| Merle C. Meyers | 1.80 | 550.00 | 990.00 |
| Merle C. Meyers | 6.00 | 590.00 | 3,540.00 |
| Kathy Quon Bryant | 0.40 | 0.00 | 0.00 |
| Kathy Quon Bryant | 16.50 | 420.00 | 6,930.00 |
| D. Clarke Sugar | 0.20 | 350.00 | 70.00 |
| D. Clarke Sugar | 0.30 | 390.00 | 117.00 |
| Edie Walters | 5.30 | 375.00 | 1,987.50 |
| Edie Walters | 2.60 | 410.00 | 1,066.00 |
| | | | |
| **Total** | **33.10** | | **$14,700.50** |

**11. <u>Napa Community Bank</u>**

Napa Community Bank ("NCB") has asserted multimillion dollar claims against the Debtors, SMIC and others, both in a complaint filed in State Court and in a proof of claim filed in this chapter 11 case. The claims have been made under a secured loan made by NCB to the Debtors, and involve allegations of fraud with respect to certain "salamander mitigation credits" previously owned by the Debtors. The Debtors deny all such allegations.

In its complaint, NCB claimed a security interest in other, valuable mitigation credits still owned by the Debtors and their estate, and threatened to proceed to litigate against SMIC, an entity

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 13 of 28

that is wholly owned by the Debtors and that owns property of material value intended to become part of the distribution to the Debtors' creditors. In order to eliminate NCB's claim of security interest in other credits, and to avoid litigation against SMIC, Applicant prepared a complaint to be filed in the Bankruptcy Court against NCB. Before filing the complaint, however, Applicant engaged in extensive negotiations with NCB to resolve all issues, and those negotiations have resulted in a tentative settlement.

Applicant drafted a proposed form of settlement agreement and forwarded the same to NCB's counsel. Presently, Applicant is awaiting NCB's comments with respect to the draft agreement.

Applicant seeks total compensation of $19,770.00 for this project category, based on the time entries found on pages 51 through 52 of the time sheets attached as Exhibit "A" to the Meyers Declaration, as follows:

| **Timekeeper** | **Hours** | **Rate** | **Amount** |
|---|---:|---:|---:|
| Merle C. Meyers | 6.00 | 550.00 | 3,300.00 |
| Merle C. Meyers | 9.10 | 590.00 | 5,369.00 |
| D. Clarke Sugar | 1.30 | 390.00 | 507.00 |
| Michele Thompson | 15.60 | 390.00 | 6,084.00 |
| Edie Walters | 11.00 | 410.00 | 4,510.00 |
| | | | |
| **Total** | **43.00** | | **$19,770.00** |

**12. <u>SMIC</u>**

SMIC is a company wholly owned by the Debtors and has been named as a defendant in a lawsuit by several lenders, including a Mead Clark pension fund and others, for claims alleged to exceed $1,700,000. Because SMIC has assets of value that are intended to be included in distributions to the Debtors' creditors, it is important to protect SMIC from claims made against it.

Therefore, Applicant has conducted negotiations with the Mead Clark plaintiffs in an effort to resolve the pending lawsuit and claims made against the Debtors' estate. At present, Applicant believes that a tentative settlement has been reached, subject to documentation and resolution of various details, and subject to Bankruptcy Court approval.

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

14

FIRST APPLICATION OF MEYERS LAW GROUP, P.C. FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES AS GENERAL BANKRUPTCY COUNSEL FOR DEBTORS IN POSSESSION (September 29, 2009 to February 28, 2010)
24905.DOC

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 14 of 28

In addition, at the Committee's direction, the Debtors have initiated efforts to sell their interest in SMIC or its operating business, and Applicant has assisted the Debtors in that regard, including in negotiations with potential purchasers and review of regulatory issues.

Applicant seeks total compensation of $3,776.00_ for this project category, based on the time entries found on pages 52 through 53 of the time sheets attached as Exhibit "A" to the Meyers Declaration, as follows:

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| Merle C. Meyers | 1.80 | 550.00 | 990.00 |
| Merle C. Meyers | 3.60 | 590.00 | 2,124.00 |
| D. Clarke Sugar | 0.20 | 250.00 | 70.00 |
| D. Clarke Sugar | 0.10 | 390.00 | 39.00 |
| Edie Walters | 0.60 | 375.00 | 225.00 |
| Edie Walters | 0.80 | 410.00 | 328.00 |
| | | | |
| **Total** | **7.10** | | **$3,776.00** |

**13. Tax Analysis**

The Debtors' estate consists of more than 200 pieces of real property, acquired by the Debtors at different times over a 30-year period. Many of the properties are held by the Debtors with very low cost bases, for tax purposes, and many others have lost value such that secured debt exceeds remaining value, and foreclosure by lienholders may cause additional tax burdens as a result of an imputed cancellation of debt.

As a result, it has been incumbent upon the Debtors to examine means of reducing or managing any resulting tax liabilities, through a properly structured plan of reorganization, in order to maximize distributions to general unsecured creditors. To that end, Applicant has assisted the Debtors in retaining bankruptcy tax experts, Bachecki & Crom, Inc., and has discussed with those experts various alternative means and structures intended to minimize tax consequences and enhance creditors' returns. That process is ongoing, and is likely to impact the structure of the reorganization plan and liquidating trust to be proposed by the Debtors.

Applicant seeks total compensation of $2,463.50 for this project category, based on the time entries found on page 53 of the time sheets attached as Exhibit "A" to the Meyers Declaration, as follows:

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

15

FIRST APPLICATION OF MEYERS LAW GROUP, P.C. FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES AS GENERAL BANKRUPTCY COUNSEL FOR DEBTORS IN POSSESSION (September 29, 2009 to February 28, 2010)
24905.DOC

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 15 of 28

| Timekeeper | Hours | Rate | Amount |
|---|---:|---:|---:|
| Merle C. Meyers | 0.50 | 550.00 | 275.00 |
| Merle C. Meyers | 3.40 | 590.00 | 2,006.00 |
| D. Clarke Sugar | 0.20 | 350.00 | 70.00 |
| Edie Walters | 0.30 | 375.00 | 112.50 |
| | | | |
| **Total** | **4.40** | | **$2,463.50** |

**14. <u>Plan and Disclosure Statement</u>**

Within the Application Period, Applicant prepared and circulated numerous draft term sheets regarding the Debtors' proposed plan of reorganization, both internally and to the Committee's counsel and financial advisors. Due to the complexity of the Debtors' estate, both as to assets and liabilities, the draft term sheets are extensive and provide for the full administration of the Debtors' estate in as efficient and beneficial manner as possible, involving continuing, postconfirmation efforts by the Debtors to maximize the value of assets (including difficult-to-market real estate) and to minimize the extent of liabilities. Necessarily, each of the draft term sheets has been accompanied by financial analyses and *pro forma* projections of revenues, costs, sale outcomes, claims resolutions and ultimate distributions to creditors, all of which have been the work product of discussions among Applicant, the Debtors, Mr. Ito and the Debtors' staff.

Once those drafts had evolved into forms satisfactory to the Debtors and their advisors, Applicant began plan negotiations with the Committee. Negotiations with the Committee have thus far consisted of extensive correspondence and in-person meetings to review and understand financial projections and exchanges of proposed modifications of the initial plan term sheet. Negotiations have advanced considerably over the last 60 days, to the point that Applicant and the Debtors are reasonably optimistic that a consensual reorganization plan supported, or jointly proposed, by the Committee will ultimately be submitted.

In addition, Applicant has filed and prosecuted a motion to extend the period of the Debtors' plan exclusivity. That motion was supported by the Committee and granted by the Court. Recently, based on continuing progress in discussions with the Committee, Applicant has filed a second motion to extend the exclusivity periods further.

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 16 of 28

Applicant seeks total compensation of $36,804.50 for this project category, based on the time entries found on pages 53 through 55 of the time sheets attached as Exhibit "A" to the Meyers Declaration, as follows:

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| Merle C. Meyers | 6.70 | 295.00 | 1,976.50 |
| Merle C. Meyers | 0.80 | 550.00 | 440.00 |
| Merle C. Meyers | 44.40 | 590.00 | 26,196.00 |
| D. Clarke Sugar | 0.50 | 350.00 | 175.00 |
| D. Clarke Sugar | 3.00 | 390.00 | 1,170.00 |
| Edie Walters | 16.70 | 410.00 | 6,847.00 |
| | | | |
| **Total** | **72.10** | | **$36,804.50** |

**15.** **<u>Case Administration</u>**

Applicant rendered legal services needed for the general administration of the Debtors' chapter 11 case, including communicating with the Debtors and the Office of the United States Trustee to facilitate preparation of the Debtors' monthly operating reports, and monitoring other miscellaneous matters related to the case. Those efforts also included preparation of status conference statements and attendance at the status conferences, and frequent communications with counsel for the Committee and other parties regarding the status of the case.

In addition, given the size of the estate, Applicant has undertaken several efforts designed to make the process more efficient, fully effective and less costly. For example, Applicant filed a motion seeking authority to limit notice of motions and other matter brought before the Court, in order to avoid unnecessary costs in serving notice upon hundreds of creditors and other parties in interest that are not interested in receiving ordinary-course minutiae of the case. In addition, Applicant has conducted regular, periodic meetings of the Debtors' professionals in order to review all pending projects and to ensure timely and efficient administration of those projects.

Applicant has also responded to numerous calls and inquiries from creditors wishing to know of the status of the case, or seeking explanations of notices, motions or other documents filed with the Court. Applicant has also provided regular guidance to the Debtors' staff as to how to comply with applicable rules and forms required in the bankruptcy process, and Applicant has maintained regular

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

17

FIRST APPLICATION OF MEYERS LAW GROUP, P.C. FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES AS GENERAL BANKRUPTCY COUNSEL FOR DEBTORS IN POSSESSION (September 29, 2009 to February 28, 2010)
24905.DOC

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 17 of 28

contact with the Bankruptcy Court's staff in order ensure proper administration of the case and prompt compliance with the Court's requests.

Applicant seeks total compensation of $39,951.00 for this project category, based on the time entries found on pages 55 through 64 of the time sheets attached as Exhibit "A" to the Meyers Declaration, as follows:

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| Merle C. Meyers | 8.90 | 550.00 | 4,895.00 |
| Merle C. Meyers | 5.30 | 590.00 | 3,127.00 |
| Kathy Quon Bryant | 0.10 | 420.00 | 42.00 |
| D. Clarke Sugar | 0.10 | 0.00 | 0.00 |
| D. Clarke Sugar | 35.10 | 350.00 | 12,285.00 |
| D. Clarke Sugar | 6.10 | 390.00 | 2,379.00 |
| Edie Walters | 3.40 | 187.50 | 637.50 |
| Edie Walters | 3.10 | 205.00 | 635.50 |
| Edie Walters | 31.60 | 375.00 | 11,850.00 |
| Edie Walters | 10.00 | 410.00 | 4,100.00 |
| | | | |
| **Total** | **103.70** | | **$39,951.00** |

**16. <u>Relief from Stay Matters</u>**

Applicant has negotiated and documented numerous stipulations with individual secured lenders in order to relieve the estate of properties that have no equity after secured debt, and to avoid deficiency claims under related guarantees. Typically, the stipulations have permitted foreclosure by the secured lender, or have provided to the lender a deed in lieu of foreclosure, in exchange for which the lender has released any claims for deficiency amounts, whether under guarantees or otherwise. Because several of those properties were severely "underwater" and were subject to guarantees signed by the Debtors prior to their acquisition of the properties (by way of foreclosure upon junior positions), the potential deficiency claims avoided through such stipulations are substantial. Applicant estimates that well more than $1,000,000 in deficiency claims has been, or will be, avoided through such relief from stay stipulations.

In the case of each stipulation, Applicant has reviewed loan and security documentation in order to ensure the validity of asserted security interests and loan balances, and has prepared detailed stipulations and proposed forms of order to effectuate the transfer of the encumbered property and the

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

18

FIRST APPLICATION OF MEYERS LAW GROUP, P.C. FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES AS GENERAL BANKRUPTCY COUNSEL FOR DEBTORS IN POSSESSION (September 29, 2009 to February 28, 2010)
24905.DOC

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 18 of 28

waiver of deficiency claims. Applicant has also discussed valuation of the encumbered properties with the Debtors and with the secured lenders, in order to confirm that the properties have no equity from the estate's perspective. The stipulations are in various stages of completion – some are awaiting execution by secured lenders, others have been filed with the Court awaiting approval orders, and yet others have been approved by orders of the Court and have been implemented.

Applicant also reached agreement with WestAmerica Bank with respect to relief from stay and the disposition of several parcels of property serving as the bank's collateral, which agreement was effectuated through an unopposed relief from stay motion, and has cooperated in permitting relief from stay by senior secured lenders in the Kalia case, described above.

Applicant seeks total compensation of $39,556.50 for this project category, based on the time entries found on pages 64 through 70 of the time sheets attached as Exhibit "A" to the Meyers Declaration, as follows:

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| Merle C. Meyers | 30.30 | 550.00 | 16,665.00 |
| Merle C. Meyers | 8.80 | 590.00 | 5,192.00 |
| D. Clarke Sugar | 1.10 | 350.00 | 385.00 |
| D. Clarke Sugar | 7.30 | 390.00 | 2,847.00 |
| Edie Walters | 10.70 | 375.00 | 4,012.50 |
| Edie Walters | 25.50 | 410.00 | 10,455.00 |
| | | | |
| **Total** | **83.70** | | **$39,556.50** |

**17. Claims Analysis and Objections**

More than two hundred proofs of claim have been filed in the Debtors' case, both before and after the claims bar date established by the Court. During the Application Period, Applicant conducted preliminary reviews of a number of those filed claims as needed, in order to respond to inquiries by the Debtors and their staff and various creditors. Applicant also made significant efforts to categorize and quantify claims for purposes of claims objections and plan calculations.

Additionally, because the Debtors or entities in which they have interests have constructed homes over the last several years, there is a prospect that claims based on alleged home warranty defects may be asserted against the Debtors. However, because the potential claimants, the owners of the homes, may not have formal notice of the Debtors' bankruptcy case, given their remoteness from

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 19 of 28

the Debtors, home warranty claims may be asserted but not filed. Therefore, Applicant has prepared a draft motion that is now under further discussion with the Debtors, intended to establish special noticing and bar date procedures for such warranty claims. Applicant expects that the motion will be filed once the Debtors' staff completes a compilation of those parties, homes and counties that may be known to be involved, so that reasonable efforts can be made to provide direct notice to some persons and publication notice in appropriate geographical areas to other persons.

Applicant seeks total compensation of $29,372.50 for this project category, based on the time entries found on pages 70 through 74 of the time sheets attached as Exhibit "A" to the Meyers Declaration, as follows:

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| Merle C. Meyers | 12.20 | 550.00 | 6,710.00 |
| Merle C. Meyers | 4.90 | 590.00 | 2,891.00 |
| D. Clarke Sugar | 7.40 | 350.00 | 2,590.00 |
| D. Clarke Sugar | 6.30 | 390.00 | 2,457.00 |
| Edie Walters | 9.10 | 375.00 | 3,412.50 |
| Edie Walters | 9.00 | 410.00 | 3,690.00 |
| Doug Gurney | 41.20 | 185.00 | 7,622.00 |
| | | | |
| **Total** | **90.10** | | **$29,372.50** |

**18. Assumption/Rejection of Executory Contracts and Leases**

The Debtors' revenues are generated in the ordinary course primarily from rental properties. Therefore, executory contracts and unexpired leases have been an integral aspect of the Debtors' operations and case. Initially, Applicant, in conjunction with the Debtors' financial advisors, conducted an extensive review of all of the Debtors' pending leases, while exploring the benefits/detriments to assuming/rejecting those leases.

That review revealed one set of leases in particular that should be rejected immediately, given its negative cash impact. This consisted of a master lease from Empire Real Estate of a commercial building, and the Debtors' sublease of space within the building to subtenants. The arrangement had been made as an accommodation to the buyer of the property a few years earlier, but had proven to be disadvantageous due to the vacancy of a portion of the building. Therefore, Applicant prepared a motion to reject the master lease and all of the subleases, and made arrangements with the master

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 20 of 28

lessor to continue the subtenants' possession, at no cost to the estate. The motion was heard and granted by the Court.

Applicant also investigated a lease/option arrangement between the Debtors and third parties involving property known as Ross Ranch. The property produces a positive cash flow of approximately $95,900 per year, based on net income of approximately $170,000 from grape sales, annual rent from subtenants, net of related costs, of $50,400, less the costs of $90,000 in rent owing under the Lease and debt service arising under an American AgCredit loan. The Debtors believe that the estate's equity in the Property is approximately $1,750,000. However, this equity is subject to an option agreement, pursuant to which the Debtors are entitled to purchase the property from the lessor. That option was about to expire, and needed to be assumed and renewed, in order to preserve the Debtors' equity interest. Therefore, Applicant prepared and filed a motion seeking authority to assume and renew the lease and option, which motion was granted following a hearing.

Applicant also prepared a motion seeking authority to enter into leases in the ordinary course without further Court approval, so as to avoid the cost and delay of the approval process each time the Debtors wished to lease space to a new tenant. Applicant negotiated monetary thresholds for such leases with the Committee, and modified the motion in order to incorporate those terms. Following a hearing, the Court approved the motion, with certain additional modifications. As a result, the Debtors are able to continue conducting their business in the ordinary, including entering into leases with tenants and paying standard-rate commissions to procure licensed real estate brokers in connection therewith, without undue delay.

Applicant seeks total compensation of $29,430.50 for this project category, based on the time entries found on pages 74 through 77 of the time sheets attached as Exhibit "A" to the Meyers Declaration, as follows:

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| Merle C. Meyers | 3.30 | 275.00 | 907.50 |
| Merle C. Meyers | 13.20 | 550.00 | 7,260.00 |
| Merle C. Meyers | 0.30 | 590.00 | 177.00 |
| D. Clarke Sugar | 20.70 | 350.00 | 7,245.00 |
| D. Clarke Sugar | 1.10 | 390.00 | 429.00 |
| Edie Walters | 35.00 | 375.00 | 13,125.00 |

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

21

FIRST APPLICATION OF MEYERS LAW GROUP, P.C. FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES AS GENERAL BANKRUPTCY COUNSEL FOR DEBTORS IN POSSESSION (September 29, 2009 to February 28, 2010)
24905.DOC

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 21 of 28

| Edie Walters | 0.70 | 410.00 | 287.00 |
|---|---:|---:|---:|
| | | | |
| **Total** | **74.30** | | **$29,430.50** |

**19. Creditors Committee**

Applicant has communicated regularly with the Committee since its inception regarding the direction of the Debtors' reorganization and numerous administrative matters. With Applicant's assistance, the Debtors have produced and provided to the Committee, at the Committee's request, a significant amount of information and documentation, including financial analyses requested by the Committee's financial advisors. In addition, in order to maintain appropriate confidentiality of these many disclosures and analyses, Applicant has negotiated and documented a joint defense and confidentiality agreement with the Committee, now fully executed. Applicant has also met with the Committee and its professionals to review the Debtors' projections and property valuations, and to collaborate as to the administration and resolution of issues arising in the normal course of the chapter 11 case.

Applicant seeks total compensation of $32,108.00 for this project category, based on the time entries found on pages 77 through 81 of the time sheets attached as Exhibit "A" to the Meyers Declaration, as follows:

| Timekeeper | Hours | Rate | Amount |
|---|---:|---:|---:|
| Merle C. Meyers | 5.80 | 275.00 | 1,595.00 |
| Merle C. Meyers | 2.40 | 295.00 | 708.00 |
| Merle C. Meyers | 28.10 | 550.00 | 15,455.00 |
| Merle C. Meyers | 5.70 | 590.00 | 3,363.00 |
| D. Clarke Sugar | 6.30 | 350.00 | 2,205.00 |
| D. Clarke Sugar | 0.60 | 390.00 | 234.00 |
| Edie Walters | 3.20 | 187.50 | 600.00 |
| Edie Walters | 15.40 | 375.00 | 5,775.00 |
| Edie Walters | 5.30 | 410.00 | 2,173.00 |
| | | | |
| **Total** | **72.80** | | **$32,108.00** |

**20. MLG Fee Application**

A portion of the time spent by Applicant in preparing this Interim Application is included in this application, having been rendered during the Application Period. The balance of the time so spent was rendered after the Application Period, in March 2010, and will be included in the next

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

22

FIRST APPLICATION OF MEYERS LAW GROUP, P.C. FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES AS GENERAL BANKRUPTCY COUNSEL FOR DEBTORS IN POSSESSION (September 29, 2009 to February 28, 2010)
24905.DOC

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 22 of 28

application filed by MLG.

Applicant seeks total compensation of $6,339.00 for this project category, based on the time entries found on page 81 of the time sheets attached as Exhibit "A" to the Meyers Declaration, as follows:

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| Merle C. Meyers | 5.20 | 590.00 | 3,068.00 |
| D. Clarke Sugar | 0.20 | 390.00 | 78.00 |
| Edie Walters | 4.90 | 410.00 | 2,009.00 |
| Michelle Sinton | 6.40 | 185.00 | 1,184.00 |
| | | | |
| **Total** | **16.70** | | **$6,339.00** |

## IV. REIMBURSEMENT OF EXPENSES

Applicant requests reimbursement of the following expenses in the total amount of $13,235.98, which expenses the firm actually and necessarily incurred during the Application Period in representing the Debtors in this case. All of Applicant's expenses are listed categorically at actual cost, except for in-house photocopying, which expense is charged at twenty cents ($0.20) per page.

| EXPENSE | AMOUNT |
|---|---|
| Photocopying | $4,640.00 |
| Conference call fees | $645.14 |
| Electronic court records | $559.20 |
| Postage | $1,713.29 |
| Travel | $3,594.12 |
| **Total Costs** | **$13,235.98** |

## V. COMPENSATION GUIDELINES

Applicant represents that its billing practices and this Interim Application comply with all compensation guidelines of this Court and the Guidelines of the Office of the United States Trustee. Neither Applicant nor any members of Applicant has any agreement or understanding of any kind or nature to divide, pay over or share any portion of the fees or expenses to be awarded to Applicant with any other person except as among the members and associates of Applicant.

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

23

FIRST APPLICATION OF MEYERS LAW GROUP, P.C. FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES AS GENERAL BANKRUPTCY COUNSEL FOR DEBTORS IN POSSESSION (September 29, 2009 to February 28, 2010)
24905.DOC

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 23 of 28

## VI. TIME CALCULATIONS

The task-by-task billing and timing of services provided by Applicant during the Application Period, separated by projects as described above, are set forth in detail in attachments to the Meyers Declaration. Services and time spent, sorted by attorney, are as follows:

| Timekeeper | Hours | Rate | Amount |
|---|---:|---:|---:|
| Merle C. Meyers | 34.40 | 275.00 | 9,460.00 |
| Merle C. Meyers | 15.80 | 295.00 | 4,661.00 |
| Merle C. Meyers | 320.20 | 550.00 | 176,110.00 |
| Merle C. Meyers | 143.30 | 590.00 | 84,547.00 |
| Kathy Quon Bryant | 0.40 | 0.00 | 0.00 |
| Kathy Quon Bryant | 2.20 | 385.00 | 847.00 |
| Kathy Quon Bryant | 16.60 | 420.00 | 6,972.00 |
| D. Clarke Sugar | 1.40 | 0.00 | 0.00 |
| D. Clarke Sugar | 9.10 | 175.00 | 1,592.50 |
| D. Clarke Sugar | 263.40 | 350.00 | 92,190.00 |
| D. Clarke Sugar | 96.80 | 390.00 | 37,752.00 |
| Michele Thompson | 3.00 | 180.00 | 540.00 |
| Michele Thompson | 7.10 | 360.00 | 2,556.00 |
| Michele Thompson | 15.60 | 390.00 | 6,084.00 |
| Edie Walters | 39.80 | 187.50 | 7,462.50 |
| Edie Walters | 3.10 | 205.00 | 635.50 |
| Edie Walters | 305.90 | 375.00 | 114,712.50 |
| Edie Walters | 146.00 | 410.00 | 59,860.00 |
| Doug Gurney | 41.20 | 185.00 | 7,622.00 |
| Michelle Sinton | 6.40 | 185.00 | 1,184.00 |
| | | | |
| **TOTAL** | **1,471.70** | | **$614,788.00** |

The hourly rates charged in this Application are the general rates of the firm, as presented to all clients billed on an hourly basis. Applicant's hourly rates are competitive with other attorney rates with similar specialties. Though Applicant is based in San Francisco, which is a city whose average rates may be higher than those found in Santa Rosa, the Debtors were unable to find a firm in Santa Rosa that did not have a conflict of interest and had sufficient experience and resources to handle a case of this magnitude. Accordingly, Applicant should not be penalized for using its San Francisco rates in this case.

Applicant has exercised its customary billing practices and judgment in calculating the time and fees described above, and in many instances, has not charged for services, either by eliminating billing for such services altogether or by entering such billing at a rate of $0.00 per hour. In addition, all travel time has been charged at 50% of normal hourly rates.

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

24

FIRST APPLICATION OF MEYERS LAW GROUP, P.C. FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES AS GENERAL BANKRUPTCY COUNSEL FOR DEBTORS IN POSSESSION (September 29, 2009 to February 28, 2010)
24905.DOC

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 24 of 28

## VII. ATTORNEYS' BACKGROUNDS

Applicant is a boutique firm of five lawyers specializing in bankruptcy law and other creditor-debtor matters. The following is a brief description of the primary attorneys within Applicant for whom services are included in this Interim Application:

**Merle C. Meyers** is a principal of Meyers Law Group, P.C., and received his J.D. from the University of California at Davis in 1975, where he was Articles Editor of the U.C. Davis Law Review. Since 1978, Mr. Meyers has specialized in the area of bankruptcy law, with an emphasis on chapter 11 debtor representation. He has handled many significant chapter 11 cases filed in the San Francisco Bay Area, as either the Debtors' or equity holders' counsel, including Hexcel Corporation, John Breuner Company, Weibel Vineyards, Ironstone Group, Unicom Computer Corporation, Techmart Limited and StreamLogic Corporation, as well as major cases elsewhere, including the UpRight, Inc. chapter 11 case in Fresno, California, the Michael Hat Farming Company chapter 11 case in Sacramento, California, and the Silver Cinemas and Landmark Theatre chapter 11 cases in Delaware. He is regularly listed in editions of *The Best Lawyers In America*, published by Woodward/White.

**Edie Walters** is an associate of Meyers Law Group, P.C., and has been a member of the bar since 1999. Ms. Walters has had extensive experience in both chapter 11 and chapter 7 proceedings, including representation of debtors, secured creditors, unsecured creditors committees, equity holders, and parties to executory contracts. Ms. Walters received her B.A. in political science from the George Washington University in 1996, her J.D. from the University of Houston in 1999 (where she was a member of the Law Review and received an Honorable Mention in the Joseph Bernfeld Writing Competition of the California Bankruptcy Forum), and her L.L.M. from University College London in 2005. Before joining the firm, she was general counsel to a software development company in London. Prior to that, Ms. Walters was a bankruptcy associate at firms in New York and Washington, D.C.

**Michele Thompson** is an associate of Meyers Law Group, P.C., and a member of the California bar since 2006. Ms. Thompson has handled a wide variety of bankruptcy and restructuring matters, including the representation of chapter 11 corporate debtors and high net worth individuals,

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 25 of 28

chapter 7 trustees, creditors' committees, and a range of creditors and equity holders in various proceedings, as well as related adversary proceedings and out-of-court workouts. Ms. Thompson received her B.A. in Journalism from California State University, San Francisco in 2002, and her J.D. from Golden Gate University in 2005, where she was an editor of the Golden Gate University Law Review and received the Witkin Award for Academic Excellence.

**D. Clarke Sugar** is an associate of Meyers Law Group, P.C., and has been a member of the California State Bar since 2007. Mr. Sugar received his B.A. in political science from University of Wisconsin – Madison in 2002, and his J.D. from Hamline University School of Law in 2006, where he received the CALI Award for Excellence in Bankruptcy. Mr. Sugar was also recognized by the American College of Bankruptcy as the 2006 Distinguished Law Student for the Eighth Circuit. Since joining the firm in 2008, Mr. Sugar has regularly represented both debtors and trustees in chapter 11 and chapter 7 cases in the Bay Area.

## VIII. APPLICABLE LAW

The fees and expenses requested by this Application are an appropriate award for Applicant's services in acting as bankruptcy counsel to the Debtors. Pursuant to Section 330 of the Bankruptcy Code, the Court may award to a professional person, reasonable compensation for actual, necessary services rendered, and reimbursement for actual, necessary expenses incurred. As set forth above, the fees for which Applicant requests compensation and the costs incurred for which Applicant requests reimbursement are for actual and necessary services rendered and costs incurred. The professional services rendered by Applicant required an expenditure of significant time and effort., as well as a commitment of resources that was significantly greater than in typical debtor representations During the Application Period, Applicant's attorneys expended approximately 1,468.70 hours in service to the Debtors at a blended hourly rate of $417.99 for the Application Period, including paraprofessionals.

Time and labor devoted is only one of many pertinent factors in determining an award of fees and costs. Based on the skill of Applicant and the results obtained, Applicant submits that the compensation requested herein is reasonable and appropriate. Section 330(a) of the Bankruptcy Code governs fees paid to professionals, and requires that:

> [T]he court consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 26 of 28

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or additional task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a). Applicant submits that it has satisfied these factors, and that its request for compensation is reasonable in light of the time and effort expended in this case.

In determining the amount of allowable fees under Section 330(a) of the Bankruptcy Code, courts are guided by the general principles that are applied to fee-shifting statutes, but include "some accommodation to the peculiarities of bankruptcy matters." *In re Manoa Finance Co., Inc.*, 853 F.2d 687, 691 (9th Cir. 1988); *see also In re Schaeffer*, 71 B.R. 559, 563 (Bankr. S.D. Ohio 1987). The policy intentions behind Section 330(a)(3) "is to compensate attorneys and other professionals serving in a case under title 11 at the same rate as the attorney or other professional would be compensated for performing comparable services other than in a case under title 11." *Manoa*, 853 F.2d at 690 (referring to Section 330's legislative history).

An applicant must provide evidence in the record of comparable rates in the community. *In re Gianulias*, 98 B.R. 27, 28-29 (Bankr. E.D. Cal. 1989). To that end, Applicant has submitted the declarations of Tobias S. Keller and Brian Y. Lee to show that Applicant's rates are comparable to, and actually lower than, the rates charged by other bankruptcy attorneys in the community. Other firms' rates, including those of the Committee's counsel and those of various firms from whom that counsel obtained declarations, clearly demonstrate that Applicant's rates are below the rates of counterparts at other firms. Applicant has also submitted the declaration of Merle C. Meyers, which states that Applicant charges the same rates for bankruptcy and non-bankruptcy matters.

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

27

FIRST APPLICATION OF MEYERS LAW GROUP, P.C. FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES AS GENERAL BANKRUPTCY COUNSEL FOR DEBTORS IN POSSESSION (September 29, 2009 to February 28, 2010)
24905.DOC

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 27 of 28

The fees and costs sought herein by Applicant satisfy the provisions of Section 330(a)(3), as stated in detail above. Accordingly, Applicant submits that its fees and costs should be approved, on an interim basis pursuant to Section 331 of the Bankruptcy Code.

## IX. CONCLUSION

WHEREFORE, Applicant respectfully requests entry of an order granting the following relief pursuant to the provisions of Section 331 of the Bankruptcy Code:

A. Granting this Interim Application and allowing Applicant interim compensation and reimbursement of expenses in the amount of $628,023.98 (the "Interim Award"), consisting of $614,788.00[1] in fees and $13,235.98 in expenses incurred during the period from the September 29, 2009 to February 28, 2010;

B. Authorizing and directing the Debtors to pay to Applicant the Interim Award, less the amount of the Retainer Balance; and

C. Such other and further relief as this Court deems proper.

DATED: April 2, 2010

MEYERS LAW GROUP, P.C.

By: /s/ Merle C. Meyers
Merle C. Meyers, Esq.
Attorneys for Clement C. and Ann Marie Carinalli, Debtors

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

[1] The Notice of Hearing on the professionals' fee applications erroneously stated the amount of fees as $613,903.00.

28

FIRST APPLICATION OF MEYERS LAW GROUP, P.C. FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES AS GENERAL BANKRUPTCY COUNSEL FOR DEBTORS IN POSSESSION (September 29, 2009 to February 28, 2010)
24905.DOC

Case: 09-12986 Doc# 278 Filed: 04/02/10 Entered: 04/02/10 21:44:53 Page 28 of 28