MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar #66849
EDIE WALTERS, ESQ., CA Bar #262730
D. CLARKE SUGAR, ESQ., CA Bar #251681
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

Attorneys for Clement C. and Ann Marie Carinalli, Debtors

LAW OFFICES
**MEYERS LAW GROUP, P.C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

|  |  |
|---|---|
| In re | Case No. 09-12986 |
| CLEMENT C. and ANN MARIE CARINALLI, | Under Chapter 11 |
| Debtors | |
| S.S.N.s: XXXX-XX-8623 and XXXX-XX-5690 | |

**STIPULATION TO: (1) PROVIDE DEED IN LIEU OF FORECLOSURE; (2) ESTABLISH AMOUNT OF DEFICIENCY CLAIM; AND (3) GRANT RELIEF FROM STAY TO IMPLEMENT; ORDER THEREON**
**(12760 Sulphur Bank Drive, Clearlake, California)**

This stipulation (this "Stipulation") is entered into by and among CLEMENT C. CARINALLI and ANN MARIE CARINALLI, the debtors and debtors-in-possession in the above-captioned chapter 11 case (collectively, the "Debtors"), on the one hand, and the following parties, on the other hand, as of the 17th day of September 2010:

- Joseph S. Wand, M.D., a married man, as his sole and separate property ("Mr. Wand");

- Robert I. Barbieri, Trustee for the Barbieri Family Trust (the "Barbieri Trust");

- Robert I. Barbieri, Trustee for the Barbieri Appointment Tax Deferral Trust dated August 29, 1990 (the "Barbieri Tax Trust");

- Michael K. Feeney, Trustee of the Michael K. Feeney Living Trust dated March 21,

1

Case: 09-12986    Doc# 685    Filed: 10/04/10    Entered: 10/04/10 15:20:51    Page 1 of 8

1997 (the "Feeney Trust");

- Corrick L. and Norma Brown, Trustees FBO: Corrick L. and Norma R. Brown Trust Agreement dated December 13, 1990 (the "Brown Trust");

- James H. Noonan Drywall, Inc., Profit Sharing Plan (the "Noonan Plan");

- Keven Frederick Brown and Jeri Yamashiro Brown, husband and wife (the "Browns");

- Ryan C. Brown and L. Christine Healey, husband and wife, as Joint Tenants (the "Healeys"); and

- Naomi W. Reddert, Trustee of the Naomi Winifred Reddert Revocable Trust (the "Reddert Trust").

### RECITALS

A. On September 14, 2009 (the "Petition Date"), three creditors (collectively, the "Petitioners") filed an involuntary petition (the "Petition") against Mr. Carinalli, seeking commencement of a case under chapter 7 of the Bankruptcy Code.

B. Pursuant to stipulation between the Debtors and the Petitioners, on September 29, 2009, the Bankruptcy Court entered an *Order for Relief in Chapter 11* (the "Order for Relief"). The Order for Relief provided that both of the Debtors became joint debtors-in-possession under chapter 11 of the Bankruptcy Code.

C. The Debtors' estate contains numerous real property assets, interests in operating and real estate entities and other assets. Among those assets are real property and improvements commonly known as 12760 Sulphur Bank Drive, Clearlake, California, recorded in the office of the County Recorder of Lake as Assessor Parcel Nos. 010-019-130-000, 010-002-611-000, 010-002-621-000, 010-004-270-000, 010-004-280-000, 010-004-290-000 and 010-004-300-000 (the "Subject Property").

D. On or about August 17, 2007, Ripp It, Inc., a California corporation ("Ripp-It"), as obligor, executed an installment note (the "Note") in the original principal balance of $2,250,000 in favor of the Debtors. Concurrently therewith, Ripp-It executed a deed of trust (the "Deed of Trust") in favor of the Debtors securing its obligations under the Note and encumbering the Subject Property.

2

The Deed of Trust was recorded in the office of the County Recorder of Lake County on August 24, 2007 as Document No. 2007019671.

E. On or about August 17, 2007, Ripp-It, as obligor, executed a second installment note (the "Second Note") in the original principal balance of $2,250,000 in favor of the Debtors. Concurrently therewith, Ripp-It executed a second deed of trust (the "Second Deed of Trust") in favor of the Debtors securing its obligations under the Second Note and encumbering the Subject Property. The Deed of Trust was recorded in the office of the County Recorder of Lake County on August 24, 2007 as Document No. 2007019672.

F. On or about October 18, 2007, the Debtors endorsed (the "First Endorsement") the Note to the following parties (collectively, the "First Endorsees") for the stated interests:

- Mr. Wand as to an undivided 22.222% interest;

- The Barbieri Trust as to an undivided 21.111% interest; and

- The Barbieri Tax Trust as to an undivided 1.111% interest.

G. Also on or about October 18, 2007, the Debtors assigned (the "First Assignment") the Deed of Trust to the First Endorsees. The First Assignment was recorded in the office of the County Recorder of Lake County on June 29, 2009, as Document No. 20090101514.

H. Also on or about October 18, 2007, the Debtors executed a payment guaranty (the "First Guaranty"), pursuant to which the Debtors agreed to guaranty to the First Endorsees the full payment of Ripp It's obligations under the Note, under certain terms and conditions.

I. On or about February 7, 2008, the Debtors endorsed (the "Second Endorsement") the Note to the Feeney Trust (the "Second Endorsee") as to an undivided 15.556% interest.

J. Also on or about February 7, 2008 the Debtors assigned (the "Second Assignment") the Deed of Trust to the Second Endorsee. The Second Assignment was recorded in the office of the County Recorder of Lake County on February 21, 2008, as Document No. 2008003206.

K. Also on or about February 7, 2008 the Debtors executed a payment guaranty (the "Second Guaranty"), pursuant to which the Debtors agreed to guaranty the Second Endorsee the full payment of Ripp It's Obligations under the Note, under certain terms and conditions.

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

STIPULATION TO: (1) PROVIDE DEED IN LIEU OF FORECLOSURE; (2) ESTABLISH AMOUNT
OF DEFICIENCY CLAIM; AND (3) GRANT RELIEF FROM STAY TO IMPLEMENT; ORDER THEREON

Case: 09-12986    Doc# 685    Filed: 10/04/10    Entered: 10/04/10 15:20:51    Page 3 of 8
20044/25480

L.     On or about February 28, 2008, the Debtors endorsed (the "Third Endorsement") the Note to the following parties (the "Third Endorsees," and together with the First Endorsees and Second Endorsees, the "Lenders") for the stated interests:

- The Brown Trust as to an undivided 20.000% interest;
- The Noonan Plan as to an undivided 11.112% interest;
- The Brown as to an undivided 4.444% interest;
- The Healeys as to an undivided 2.222% interest; and
- The Reddert Trust as to an undivided 2.222% interest.

M.     Also on or about February 28, 2008, the Debtors assigned (the "Third Assignment") the Deed of Trust to the Third Endorsees. The Third Assignment was recorded in the office of the County Recorder of Lake County on March 12, 2008, as Document No. 2008004509.

N.     Also on or about February 28, 2008, the Debtors executed a payment guaranty (the "Third Guaranty"), pursuant to which the Debtors agreed to guaranty the Third Endorsees the full payment of Ripp It's obligations under the Note, under certain terms and conditions.

O.     On or about December 8, 2008, based on a default under the Note by Ripp-It, the Debtors recorded a notice of default and election to sell (the "NOD") under the Second Deed of Trust in the office of the County Recorder of Lake County as Instrument No. 2008020938.

P.     On or about April 9, 2009, a public auction was conducted by Redwood Trust Deed Services, Inc. ("Redwood"), whereby a trustee's deed (the "Trustee's Deed") was issued to the Debtors. A copy of the Trustee's Deed was filed in the office of the County Recorder of Lake County on April 17, 2009 as Instrument No. 2009005970, whereby the Debtors now hold title to the Subject Property.

Q.     At present, the amount owing under the Note is in excess of $2,250,000. The parties to this Stipulation believe that the fair market value of the Subject Property is less than that balance owing under the Note.

R.     The obligations owing under the Note are delinquent and in default.

S.     The Debtors do not believe that the Subject Property is necessary to an effective reorganization in the Debtors' chapter 11 case.

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

Case: 09-12986   Doc# 685   Filed: 10/04/10   Entered: 10/04/10 15:20:51   Page 4 of 8

T.    The Debtors do not wish to retain the Subject Property or service the debt owed under the Note.  The Assignees wish to obtain title to the Subject Property as soon as practicable, through the execution and recordation of a deed in lieu of foreclosure, and are willing to stipulate to the amount of an unsecured deficiency claim relating to the aforementioned notes, deeds of trust and guarantee.

## AGREEMENT

NOW, THEREFORE, IT IS HEREBY AGREED AND STIPULATED, FOR GOOD AND ADEQUATE CONSIDERATION RECEIVED AND HEREBY ACKNOWLEDGED, as follows:

1.    The effectiveness of this Stipulation is conditioned upon entry of an order of the Bankruptcy Court approving this Stipulation (the "Approval Order").

2.    As soon as practicable following entry of the Approval Order, the Debtors shall deliver to the Lenders, a quitclaim deed conveying title to the Subject Property to the Lenders or to their nominees, as directed by all of the Lenders in writing, in lieu of foreclosure under the Deed of Trust securing the Note, such deed being made expressly without representation or warranty of any kind, including without limitation any representations or warranties as to title, fitness, clouds or encumbrances against title, or condition of property.

3.    In addition to the Debtors delivering a quitclaim deed conveying title to the Subject Property to the Lenders, the Debtors and Lenders hereby stipulate to an unsecured deficiency claim in favor of the Lenders and against the Debtors in the amount of $250,000 (the "Deficiency Claim"), subject to the provisions of paragraph no. 4 herein.

4.    The Deficiency Claim shall be allowed as an unsecured claim against the Debtors' estate, subject to each of the following:

(a)    Each of the Lenders may assert the Deficiency Claim to the extent of his, her or its aliquot interest in the Note as set forth in this Stipulation, *provided* that the aggregate amount of all such aliquot interests and claims shall not exceed the amount of $250,000.

(b)    Each of the Lender's claims shall be allowed only if such Lender files a proof of claim therefor, or amends an earlier filed proof of claim, in the Debtors' chapter 11 case on or before September 30, 2010.

5

STIPULATION TO: (1) PROVIDE DEED IN LIEU OF FORECLOSURE; (2) ESTABLISH AMOUNT
OF DEFICIENCY CLAIM; AND (3) GRANT RELIEF FROM STAY TO IMPLEMENT; ORDER THEREON
20044/25480

Case: 09-12986    Doc# 685    Filed: 10/04/10    Entered: 10/04/10 15:20:51    Page 5 of 8

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

5.      Except for the above-described Deficiency Claim, effective as of the Approval Date, the Lenders agree and confirm that they shall not assert or hold any of the following claims, rights or obligations (collectively, the "Precluded Claims"):   any claims, damages, rights, obligations, entitlements or causes of action, known or unknown, matured or contingent, liquidated or unliquidated, arising at any time, against either of the Debtors, or against their respective estates, representatives, agents, successors-in-interest, related parties, affiliates, insiders, family members, or family members' affiliates (collectively, the "Released Parties"), to the extent arising from or related to the Note, the Deed of Trust, the Second Note, the Second Deed of Trust, the First Endorsement, the First Assignment, the First Guaranty, the Second Endorsement, the Second Assignment, the Second Guaranty, the Third Endorsement, the Third Assignment, the Their Guaranty, the NOD, the Trustee's Deed and/or the Subject Property.

6.      The Lenders shall hold each of the Released Parties harmless, and shall indemnify each of the Released Parties, from any assertion or prosecution of any of the Precluded Claims by any person or party.

7.      In entering into this Stipulation, the Lenders release the Precluded Claims and waive the protections and rights provided by Section 1542 of the California Civil Code, which states:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

8.      The automatic stay provisions of Section 362(a) of the Bankruptcy Code shall be modified solely to the extent necessary to implement the foregoing stipulated terms.

**IT IS SO STIPULATED:**

By:   /s/ Clement C. Carinalli                          By:   /s/ Joseph S. Wand
      Clement C. Carinalli, Debtor                            Joseph  S. Wand, M.D.

By:   /s/ Ann Marie Carinalli
      Ann Marie Carinalli, Debtor

THE BARBIERI FAMILY TRUST                      THE BARBIERI APPOINTMENT TAX
                                               DEFERRAL TRUST DATED AUGUST 29,
By:   /s/ Robert I Barbieri                     1990
      Robert I. Barbieri, Trustee
                                               By:   /s/ Robert I. Barbieri
                                                     Robert I. Barbieri, Trustee

6

Case: 09-12986    Doc# 685    Filed: 10/04/10    Entered: 10/04/10 15:20:51    Page 6 of 8

THE MICHAEL K. FEENEY LIVING TRUST
DATED MARCH 21, 1997

By: ___/s/ Michael K. Feeney_____
      Michael K. Feeney, Trustee

THE CORRICK L. AND NORMA R.
BROWN TRUST AGREEMENT DATED
DECEMBER 13, 1990

By: ___/s/ Corrick L. Brown_____
      Corrick L. Brown, Trustee

By: ___/s/ Norma R. Brown_____
      Norma R. Brown, Trustee

JAMES H. NOONAN DRYWALL, INC., PROFIT
SHARING PLAN

By: ___/s/ James H. Noonan_____
      James H. Noonan

By: ___/s/ Kevin F. Brown_____
      Kevin F. Brown

By: ___/s/ Jeri Y. Brown_____
      Jeri Y. Brown

By: ___/s/ Ryan C. Brown_____
      Ryan C. Brown

NAOMI WINIFRED REDDERT
REVOCABLE TRUST

By: ___/s/ L. Christine Healey_____
      L. Christine Healey

By: ___/s/ Naomi W. Reddert_____
      Naomi W. Reddert, Trustee

**APPROVED AS TO FORM AND CONTENT:**

MEYERS LAW GROUP, P.C.

By: ___/s/ Merle C. Meyers_____
      Merle C. Meyers, Esq.
      Attorneys for Clement C. and Ann Marie
      Carinalli, Debtors

**APPROVED:**

PACHULSKI STANG ZIEHL & JONES LLP

By: ___/s/ Maxim Litvak_____
      Maxim Litvak
      Attorneys for Official Committee of
      Unsecured Creditors

LAW OFFICES
**MEYERS LAW GROUP, P.C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

STIPULATION TO: (1) PROVIDE DEED IN LIEU OF FORECLOSURE; (2) ESTABLISH AMOUNT
OF DEFICIENCY CLAIM; AND (3) GRANT RELIEF FROM STAY TO IMPLEMENT; ORDER THEREON

20044/25480

## ORDER

**IT IS SO ORDERED:**

Dated: October 4, 2010

_____
Alan Jaroslovsky
United States Bankruptcy Judge

LAW OFFICES
**MEYERS LAW GROUP, P.C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

STIPULATION TO: (1) PROVIDE DEED IN LIEU OF FORECLOSURE; (2) ESTABLISH AMOUNT
OF DEFICIENCY CLAIM; AND (3) GRANT RELIEF FROM STAY TO IMPLEMENT; ORDER THEREON
200444/25480