McDonough Holland & Allen PC
500 Capitol Mall, 18th Floor
Sacramento, CA 95814
(Tel) 916-444-3900
(Fax) 916-444-8334
Email: dosen@mhalaw.com

Special Tax Counsel for the Official Committee of
Unsecured Creditors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Case No.: 09-12986 |
| **CLEMENT C. CARINALLI AND ANN MARIE CARINALLI,** | Chapter 11 |
| Debtors. | **FIRST AND FINAL APPLICATION OF MCDONOUGH HOLLAND & ALLEN PC AS SPECIAL TAX COUNSEL TO THE COMMITTEE FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 11, 2010 THROUGH SEPTEMBER 16, 2010** |
| | Date: November 12, 2010<br>Time: 10:30 a.m.<br>Place: 99 South E. Street<br>       Santa Rosa, CA 95404<br>Judge: Honorable Alan Jaroslovsky |

McDonough Holland & Allen PC ("McDonough Holland") hereby submits its *First and Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period June 11, 2010 through September 16, 2010* (the "Application"), in connection with its services rendered as special tax counsel to the Official Committee of Unsecured Creditors (the "Committee") for the above-captioned debtors (the "Debtors").

McDonough Holland seeks interim approval of compensation totaling $24,705.72 which sum represents compensation for services rendered in the amount of $23,755.50 and reimbursement for expenses incurred in the amount of $950.22 for the period commencing on November 12, 2009, and ending on February 28, 2010 (the "Application Period"). **Exhibit A** provides copies of the time entries and expenses incurred during the Application Period

McDonough Holland submits this Application pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* ("Northern District Guidelines "), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* ("UST Guidelines"), and the Local Bankruptcy Rules for the Northern District of California.

The Application is based upon the Application and the exhibits, including the declaration of Karen Wilhelmi filed concurrently herewith, the pleadings, papers, and records on file in this case, and any evidence or argument that the Court may entertain at the time of the hearing on the Application.

## I.
## INTRODUCTION

### A. Background of the Debtor

On September 14, 2009, petitioners Corrick and Norma Brown, L. Christine Healey, Naomi W. Reddert, Ryan C. Brown, and Walter Middletown O'Brien (collectively, the "Petitioners") filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code against Mr. Carinalli, individually. On the same date, the Court issued a summons.

On September 29, 2009, Mr. Carinalli, through counsel, accepted service of the petition and summons. In addition, the Debtors, through counsel, stipulated with the Petitioners to convert the case to a case under chapter 11 of the Bankruptcy Code, with Mrs. Carinalli joining as a chapter 11 debtor. On the same date, the Court entered an order for relief under chapter 11 of the Bankruptcy Code.

On October 20, 2009, the United States Trustee appointed the Committee in the case pursuant to section 1102(a)(1) of the Bankruptcy Code. The Committee is presently comprised of the following seven members: (1) Robert W. Sinai and Rachel Sinai, (2) Five Star Bank, Attn: Eric Woodstrom, (3) Jon Ledyard, (4) Charles V. Cooper and Norma L. Cooper, c/o Michael Thomsen, (5) Robert M. O'Brien, c/o Margo O'Brien, Trustee, (6) George T. DeLong, and (7) Stephen Opperman, c/o Mark Opperman. The co-chairs of the Committee are: (a) Robert W. Sinai and (b) Five Star Bank, by and through Eric Woodstrom. To date, no other committees have been appointed in the Case.

### Employment of McDonough Holland

By letter dated June 11, 2010, the Committee retained McDonough Holland as special tax counsel. The order approving McDonough Holland's employment as financial advisors to the Committee was entered on July 7, 2010, a copy of which is attached hereto as **Exhibit B**. McDonough Holland has not made any prior requests for compensation in this case.

## II.

### PROJECT BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED

During the Application Period, McDonough Holland provided tax analysis services to the Committee surrounding the Plan and arising from the transfer and/or disposition of the Debtors' assets under the Plan, as well as advising the Committee on strategies for minimizing the tax implications associated with the Plan.

**Exhibit C** provides a detailed breakdown of the time entries and expenses incurred during the Application Period.

A. **List of Expenses by Category**

McDonough Holland advanced costs, including certain in-house charges in connection with the performance of the services described in this Application. During the Application Period, McDonough Holland incurred a total of $950.22 in expenses. McDonough Holland made every effort to keep the costs in this case to a minimum. The charges are identified in the detail attached hereto as **Exhibit A**.

### B. Client Review of Billing Statements

Pursuant to the Northern District Guidelines, a cover letter to the Application is being sent to the Committee concurrently with the filing of this Application. The letter invites the Committee to discuss with McDonough Holland and/or the Office of the United States Trustee any objections, concerns, or questions the Committee may have with regard to the requested compensation and reimbursement set forth in the Application. A copy of the transmittal letter is attached hereto as **Exhibit C**.

### C. Notice of Application and Hearing

Counsel to the Committee is providing notice of this Application and the hearing thereon to creditors consistent with Bankruptcy Rule 2002.

## III.

## THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED BASED UPON APPLICABLE LAW

The fees and expenses requested by this Application are an appropriate award for McDonough Holland's services in acting as special tax counsel to the Committee.

### A. Evaluation of Requests for Compensation

Pursuant to Bankruptcy Code section 330, the Court may award to a professional person reasonable compensation for actual, necessary services rendered, and reimbursement for actual, necessary expenses incurred. Pursuant to Bankruptcy Code section 331, the Court may award interim compensation and reimbursement to a professional. As set forth above, the fees for which McDonough Holland requests compensation and the costs incurred for which McDonough Holland requests reimbursement are for actual and necessary services rendered and costs incurred.

In determining the amount of allowable fees under Bankruptcy Code section 330(a), courts are to be guided by the same "general principles" as are to be applied in determining awards under the federal fee-shifting statutes, with "some accommodation to the peculiarities of bankruptcy matters." *Burgess v. Klenske* (*In re Manoa Finance Co., Inc.*), 853 F.2d 687, 691 (9th Cir. 1988).

In assessing the propriety of an award of attorneys' fees, twelve factors relevant to determining such fees were identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714,

717-719 (5th Cir. 1974), a Title VII class action case under the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., and *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976): (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the service properly, (4) the preclusion of other employment by the professional due to acceptance of the case, (5) the customary fee, (6) whether fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the professionals, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See American Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp. of America)*, 544 F.2d 1291 (5th Cir. 1977) (*Johnson*) criteria applicable in bankruptcy cases.).

The time for which compensation is sought is detailed in McDonough Holland's professional fee statements contained in the exhibits hereto. McDonough Holland's services and time expenditures are reasonable in light of the labor required in this case. McDonough Holland charges for its professional services are based upon the time, nature, extent, and value of such services and the cost of comparable services in the San Francisco and Sacramento area, other than in a case under the Bankruptcy Code. The compensation McDonough Holland seeks by way of this Application is the customary compensation sought by McDonough Holland and other professionals representing trustees, committees, and debtors in similar circumstances.

B.  **Section 330(a)(3) Factors**

Bankruptcy Code section 330(a)(3) sets forth five (5) factors to be considered by the Court. 11 U.S.C. § 330 (a)(3). Although several of these factors (such as the time involved, the timeliness of McDonough Holland's performance, and the complexity of the case) were addressed above, McDonough Holland believes two of the five factors should be discussed separately again here.

First, Bankruptcy Code section 330 (a)(3)(C) requires that the professional services be necessary to the administration of, or beneficial at the time at which the service was rendered toward completion of, the case. McDonough Holland believes the facts of this case make it evident that McDonough Holland's services were both necessary and beneficial. McDonough Holland's efforts

were essential to the development of the Plan, and, as stated above, McDonough Holland provided advice, counsel and direction to the Committee to assist them with the successful confirmation of the Debtors' plan of reorganization.

Second, Bankruptcy Code section 330(a)(3)(E) requires the compensation to be reasonable based on customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. The requested compensation is reasonable in light of the skills and years of experience of the professionals at McDonough Holland. The fees charged by McDonough Holland are no less favorable than those customarily billed by McDonough Holland in cases in which they are involved

## C. Available Funds

McDonough Holland understands that the Debtors' estate has sufficient funds available for the payment of fees and costs incurred in connection with the Application.

## IV.

## CONCLUSION

The compensation presently sought by McDonough Holland is final. Neither McDonough Holland, nor any partners or members of McDonough Holland, have any agreement or any understanding of any kind or nature to divide, pay over, or share any portion of the fees to be awarded McDonough Holland with any other person or attorney, except among partners and members of McDonough Holland.

McDonough Holland believes that the services rendered for which compensation is sought in this Application have been beneficial to the estate, that the costs incurred have been necessary and proper, and that the sums requested for the services rendered and the costs incurred are fair and reasonable.

WHEREFORE, McDonough Holland respectfully requests that this Court (a) authorize allowance of and direct payment of fees and costs, and (b) award final compensation, as follows:

1. Allow final compensation to McDonough Holland in the amount of $24,705.72 inclusive of all fees and costs for the period from June 11, 2010, through September 16, 2010, consisting of $23,755.50 of fees and $950.22 of expenses;

1.     2.     Authorize McDonough Holland to apply its prepetition retainer in the amount of $10,000.00 against its unpaid fees billed for professional services rendered in this case in the amount of $24,705.72;

3.     Direct the Debtors to pay to McDonough Holland the balance of its unpaid fees, after application of the retainer, in the amount of $14,705.72; and

4.     Grant such other and further relief as may be appropriate under the circumstances.

Dated:    October 20, 2010           MCDONOUGH, HOLLAND & ALLEN PC

By   */s/ Richard Osen*
Richard Osen
Special Tax Counsel to the Official
Committee of Unsecured Creditors