**Entered on Docket**
**November 16, 2010**
**GLORIA L. FRANKLIN, CLERK**
**U.S BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar #66849
EDIE WALTERS, ESQ., CA Bar #262730
D. CLARKE SUGAR, ESQ., CA Bar #251681
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

Attorneys for Clement C. and Ann Marie Carinalli, Debtors

PACHULSKI, STANG ZIEHL & JONES LLP
JOHN D. FIERO, ESQ. CA Bar #136557
MAXIM B. LITVAK, ESQ. CA Bar #215852
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone: (415) 263-7000
Facsimile: (415) 263-7010

Attorneys for Official Committee of Unsecured Creditors

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>CLEMENT C. and ANN MARIE CARINALLI,<br><br>Debtors<br><br>S.S.Ns: XXXX-XX-8623 and XXXX-XX-5690 | Case No. 09-12986<br><br>Under Chapter 11 |

**ORDER CONFIRMING DEBTORS' AND COMMITTEE'S**
**SECOND AMENDED JOINT PLAN OF REORGANIZATION**

On August 17, 2010, CLEMENT C. CARINALLI and ANN MARIE CARINALLI, the debtors-in-possession herein (the "Debtors"), and the OFFICIAL COMMITTEE OF UNSECURED CREDITORS appointed herein (the "Committee," and together with the Debtors, the "Plan Proponents"), filed the *Debtors' and Committee's Amended Joint Plan of Reorganization (Dated*



Case: 09-12986 Doc# 807 Filed: 11/16/10 Entered: 11/16/10 16:57:03 Page 1 of 5

*August 17, 2010)* (the "First Amended Plan"), and on November 16, 2010, the Plan Proponents filed the *Debtors' and Committee's Second Amended Joint Plan of Reorganization (Dated November 16, 2010)* (the "Second Amended Plan").

On August 19, 2010, this Court entered its *Order (I) Approving Amended Disclosure Statement With Respect to Debtors' and Committee's Amended Joint Plan of Reorganization; (II) Approving Manner of Solicitation of Acceptances; and (III) Scheduling Confirmation Hearing* (the "Disclosure Statement Order"), pursuant to which the Court approved a disclosure statement (the "Disclosure Statement") with respect to the First Amended Plan, a form of ballot (the "Ballot") and solicitation letters (the "Letters") for dissemination to creditors, as well as approving a schedule for dissemination, voting and objections with respect to the First Amended Plan.

On or before September 1, 2010, the Debtors served the First Amended Plan, together with the Disclosure Statement, the Ballot, the Letters, a notice of confirmation hearing and other materials upon all known creditors and parties in interest, in full compliance with the requirements and directives of the Disclosure Statement Order. Thereafter, on October 5, 2010 and October 15, 2010, respectively, the Debtors filed the *Debtors' Ballot Tabulation and Voting Results for Debtors' and Committee's Amended Joint Plan of Reorganization* and the *Debtors' Updated Ballot Tabulation and Voting Results for Debtors' and Committee's Amended Joint Plan of Reorganization* (collectively, the "Ballot Reports"), providing the results of balloting. On or before the deadline of September 17, 2010, twelve formal objections to confirmation of the First Amended Plan were filed. Most of those objections have since been withdrawn, based upon modifications of terms within the Second Amended Plan.

On October 1, 2010, October 18, 2010 and October 29, 2010, following due and adequate notice, this Court heard the Plan Proponents' request for plan confirmation on an interim basis, setting the matter for an evidentiary hearing, to the extent necessary, on November 12, 2010.

On October 27, 2010, the Plan Proponents filed and served upon interested parties their *Plan Proponents' Statement Of Satisfaction Of Confirmation Requirements Under Section 1129 Of The Bankruptcy Code* (the "1129 Statement"), setting forth the proposed plan's basis for compliance with all applicable provisions of Section 1129 of the Bankruptcy Code. Attached to the 1129 Statement as

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104



Case: 09-12986 Doc# 807 Filed: 11/16/10 Entered: 11/16/10 16:57:03 Page 2 of 5

Exhibit "A" is a draft form of the Second Amended Plan. Also on October 27, 2010, the Debtors filed a reply to the confirmation objection of Wells Fargo Bank, N.A. ("WFB"). On October 29, 2010, the Plan Proponents filed a notice of additional proposed revisions of the draft Second Amended Plan.

On November 12, 2010, following due and adequate notice, the Court heard and considered confirmation of the Second Amended Plan, based upon further revisions described by counsel during the course of said hearing intended in part to resolve remaining disputes with WFB on a consensual basis (the "Confirmation Hearing"). Following the Confirmation Hearing, the Plan Proponents filed the Second Amended Plan on a formal basis, as well as a notice of final revisions, reflecting changes from the draft Second Amended Plan submitted on October 29, 2010..

This Court having considered the Second Amended Plan and all supporting documents filed in connection therewith; as well as all remaining objections to confirmation of the First Amended Plan and the Second Amended Plan; and for good cause shown, for the reasons, findings and conclusions stated orally by the Court during the course of the Confirmation Hearing,

NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED as follows:

1. The Second Amended Plan is hereby CONFIRMED.

2. Any objections to confirmation of the First Amended Plan or the Second Amended Plan, to the extent not withdrawn, are hereby OVERRULED.

3. The Court finds and concludes that the modifications contained in the Second Amended Plan, as differentiated from the First Amended Plan, do not require resolicitation or further disclosures pursuant to the provisions of Section 1127 of the Bankruptcy Code.

4. The Court finds and concludes that the Second Amended Plan complies with all confirmation requirements of the Bankruptcy Code, including all of those requirements contained in Section 1129 of the Bankruptcy Code.

5. Pursuant to Section 7.2 of the Second Amended Plan, Andrea Wirum shall be, and is hereby appointed as, the Trustee[1] under the terms of the Second Amended Plan.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Second Amended Plan.

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104



Case: 09-12986 Doc# 807 Filed: 11/16/10 Entered: 11/16/10 16:57:03 Page 3 of 5

6. Pursuant to the provisions of Section 7.23 of the Second Amended Plan, conditioned only upon the Effective Date timely occurring, notwithstanding any other provision of the Second Amended Plan or of the Bankruptcy Code and except as to valid and enforceable liens specifically encumbering the Excluded Assets as of the Effective Date, each of the Reorganized Debtors shall be discharged of (a) all Claims, liens, obligations and charges of any kind existing or arising prior to the Effective Date (other than Allowed Unsecured Claims) as of the Effective Date, and (b) all Allowed Unsecured Claims as of the date when any and all rights, claims or causes of action of the Estate, the Trustee and the Creditors' Trust against or involving an insider (as that term is defined by Section 101 of the Bankruptcy Code, but specifically including for purposes herein, the Debtors' children, Dennis Hunter, James Ratto and any affiliates thereof) are closed, settled or otherwise resolved (whether consensually or otherwise) by the entry of Final Orders or consummation of settlements and in no event later than any period under applicable nonbankruptcy law or this Plan, Sections 108 or 546 of the Bankruptcy Code, or by agreement of the applicable parties, within which the Estate, the Trustee or the Creditors' Trust may commence an action or an objection to Claim against or involving an insider. The Debtors may obtain an order of the Court establishing the passing of that date upon request, upon notice to the Trustee. There shall be no right of any party in interest to seek to delay such discharge beyond the timing contemplated hereby. Without limiting the generality of the foregoing, neither of the Reorganized Debtors shall be liable for any claims or obligations of the Estate or the Creditors' Trust arising after the Effective Date to any extent. Nothing in Section 7.23 of the Second Amended Plan is intended to affect or impair (a) the priority, validity or enforceability of any valid liens encumbering any of the Transfer Assets as of the Effective Date, which liens are addressed by other provisions of the Second Amended Plan; or (b) the outcome of the adversary proceeding entitled *North Coast Bank, etc. v. Clement C. Carinalli*, A.P. No. 10-01053, pending before the Bankruptcy Court.

7. The Plan Proponents shall file and serve a notice of the Effective Date as soon as practicable.

///

///

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104



Case: 09-12986 Doc# 807 Filed: 11/16/10 Entered: 11/16/10 16:57:03 Page 4 of 5

8. This Order shall be effective immediately, and any applicable stay of implementation is hereby waived.

**IT IS SO ORDERED.**

Dated: November 16, 2010

Alan Jaroslovsky
United States Bankruptcy Judge

* * * * * * * * * * * * *

Approved as to form and substance:

MEYERS LAW GROUP, P.C.

By: /s/ Merle C. Meyers
Merle C. Meyers, Esq.
Attorneys for Debtors

PACHULSKI STANG ZIEHL & JONES LLP

By: /s/ Maxim Litvak
Maxim Litvak, Esq.
Attorneys for Committee

FELDERSTEIN FITZGERALD WILLOUGHBY & PASCUZZI LLP

By: /s/ Thomas Willoughby
Thomas Willoughby, Esq.
Attorneys for North Valley Bank

JEFFER MANGELS BUTLER & MITCHELL LLP

By: /s/ Nicholas De Lancie
Nicholas De Lancie, Esq.
Attorneys for Wells Fargo Bank, N.A.

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104



Case: 09-12986 Doc# 807 Filed: 11/16/10 Entered: 11/16/10 16:57:03 Page 5 of 5