UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CLEMENT and ANN MARIE CARINALLI,　　　　　　　　　　　　No. 09-12986

　　　　　　　　　　　　Debtor(s).
_____/

Memorandum on Objection to Claim 188 of North Coast Bank
_____

　　　There is a specific provision of the confirmed plan in this case which permits the court to estimate contingent claims for distribution. The Trustee charged with liquidating and distributing the estate has asked the court to estimate the claim of North Coast Bank at zero because the claim is based on a guarantee. The Trustee asserts that the primary obligor is current on the obligation, the value of the property exceeds the obligation, and there are other solvent guarantors. If all this is true, the court will probably estimate the claim at zero. However, the court believes that an evidentiary hearing is necessary to make proper findings. Relying on *In re Kreisler,* 407 B.R. 321 (Bkrtcy.N.D.Ill. 2009), the Trustee argues that the court should summarily estimate the claim at zero.

　　　The court notes that *Kreisler* is a Chapter 7 case, not a Chapter 11 case with a confirmed plan which specifically deals with contingent claims. The court finds the first part of that decision accordingly not applicable to this case. The court agrees with the second part, that the court has wide discretion as to how a contingent claim is estimated. 407 B.R. at 328-29. The court in this case elects

1

to estimate the claim after an evidentiary hearing.

In support of its position, North Coast Bank has cited a 78-page tome apparently drafted by a court with way too much time on its hands. Moreover, that case appears to have involved an estimation of a claim for voting purposes, not distribution. The court does not find it helpful in deciding whether the court in this case should penalize all the other creditors merely because in some alternative universe there is a remote possibility that the Bank might suffer a loss on the loan at issue.

For the foregoing reasons, the evidentiary hearing set by the court will proceed as scheduled.

Dated: January 11, 2013

                                                                                   _____
                                                                                   Alan Jaroslovsky
                                                                                   U.S. Bankruptcy Judge